**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **ASPEN SPECIALTY INSURANCE COMPANY,** § | | |
| *Plaintiff*, § | | |
| § | | |
| v. § | **CIVIL ACTION NO. _____** | |
| § | | |
| § | | |
| **YIN INVESTMENTS USA, LP,** § | | |
| *Defendant.* § | | |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW, Plaintiff, ASPEN SPECIALITY INSURANCE COMPANY (hereinafter "Aspen"). Aspen files this Original Complaint for Declaratory Judgment and would show as follows:

**I.**
**THE PARTIES**

1. Plaintiff ASPEN SPECIALTY INSURANCE COMPANY (hereinafter "Aspen") is a North Dakota corporation which maintains its principal place of business in New York, New York.

2. Defendant YIN INVESTMENTS USA, L.P. is a Texas domestic limited partnership (hereinafter "Yin Investments"). Pursuant to Fed. R. Civ. P. 4(h)(1) Yin Investments may be served via its registered agent, King Ther Yin, 6100 South Broadway, Suite 180, Tyler, Texas 75703. Pursuant to Fed. R. Civ. P. 4(d), Aspen respectfully requests Yin Investments waive service of summons.

## II.
## JURISDICTION & VENUE

3.      This Court has jurisdiction over this dispute under 28 USC 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity among the parties.  Yin Investments USA, L.P. is a Texas limited partnership organized under the laws of the State of Texas, qualified to do business in Texas, and doing business in the State of Texas with a principal place of business located at 6100 South Broadway, Suite 180, Tyler, Texas 75703.  The general partner of Yin Investments USA, L.P. is Yin Investments, Inc., a Texas corporation organized under the laws of the State of Texas, qualified to do business in Texas, and doing business in the State of Texas with a principal place of business located at 6100 South Broadway, Suite 100, Tyler, Texas 75703.  The limited partners of Yin Investments USA, L.P. are Helen Yin, King Ther Yin and John King Fu Yin.  Helen Yin is a citizen of the State of Texas who resides at 1508 Royal Oak Drive, Tyler, Texas 75703.  King Ther Yin is a citizen of the State of Texas who resides at 1470 Frostwood, Tyler, Texas 75703.  John King Fu Yin is a citizen of the State of Texas who resides at 2485 County Road 213, Nacogdoches, Texas 75965.  Aspen Specialty Insurance Company is a North Dakota surplus lines insurance company, organized under the laws of the State of North Dakota with a principal place of business at 590 Madison Avenue, #7, New York, New York 10022.

4.      Venue is proper in the Eastern District of Texas, Tyler Division, as Yin Investments maintains its principal place of business in Tyler, Smith County, Texas.

## III.
## FACTS

5.      Yin Investments USA, LP was the named insured under Aspen Specialty Insurance Company Policy No. PRAAW7U17, effective dates December 12, 2017 to December

12, 2018.  Among the various locations insured under the Policy was a commercial property located at 3205 N. University Dr., Nacogdoches, Texas 75965 (the "Property").  The Property is a commercial retail center consisting of one building with variable roof coverings.

6. On or about July 31, 2019 Yin Investments provided notice of an alleged loss occurring to the Property.  Yin Investments alleged wind and hail damage to the building at the Property, said damage allegedly occurring as a result of a July 11, 2018 hail storm.

7. Aspen Specialty Insurance Company duly acknowledged and investigated the loss.  Aspen Specialty Insurance Company through its counsel issued a written denial of the loss dated December 16, 2019.

8. Yin Investments eventually responded with a "DTPA Notice and Demand Letter" and "Texas Insurance Code Section 542A.003 Notice" letter dated January 29, 2020.  This correspondence was sent to counsel for Aspen on behalf of Yin Investments by attorney Preston Dugas.  These letters made allegations of breach of contract and misrepresentations as well as violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act.  Since that date, the dispute concerning coverage has continued and litigation of this dispute for determination by the Court has become reasonably necessary.

## IV.
## THE POLICY

9. Yin Investments was the named insured under Aspen Specialty Insurance Company Policy No. PRAAW7U17, effective dates December 12, 2017 to December 12, 2018 (the "Policy").  The burden of proof is upon Yin Investments to prove coverage.  Any coverage potentially available under the Policy for the alleged July 11, 2018 wind and hail loss is subject to all terms, conditions, limitations and exclusions contained within said Policy.  Among the language relevant to the alleged July 11, 2018 wind and hail loss are various exclusions

providing the Policy will not pay for loss or damage caused by or resulting from "wear and tear," "rust or other corrosion, decay, deterioration, hidden or latent defect, or any quality in the property that causes it to damage or destroy itself," or "settling, cracking, shirking or expansion." Much, if not all, of the alleged July 11, 2018 wind and hail damage is excluded from coverage by the foregoing quoted exclusions.

10.    Further, to be covered under the Policy, any direct physical loss or damage must occur during the Policy's effective period.  The very minor indications of hail visible at the Property were the cumulative results of years of exposure to the east Texas sky, were old and attenuated, and were not likely to have occurred during the Policy's effective period.  To the extent any of these very minor indications of hail are found to constitute damage which occurred within the Policy's effective period, under the doctrine of concurrent causation the various causes combining to cause said damages cannot be separated.  Such alleged damage is excluded as its causation was concurrent with excluded causes, such as those set forth above, or not covered as its causation was concurrent with damages occurring before the inception of coverage.  The burden of proof is upon the insured to segregate its damages between covered and uncovered loss and it is impossible to segregate the combined and cumulative effects of years of exposure to the east Texas elements and effects caused by other excluded causes from any instances of hail occurring during the coverage period.

## V.
## DECLARATORY RELIEF SOUGHT

11.    This suit is brought under Title 28 U.S.C. §§ 2201-2 and Fed. R. Civ. P. 57 in that Aspen seeks a declaration of the rights and other legal relations of the parties under the Policy. Conflict has arisen between Aspen and Yin Investments as to coverage for the alleged July 11, 2018 wind and hail loss.

12.     Aspen seeks a declaratory judgment of no coverage for the alleged July 11, 2018 wind and hail loss.  Aspen seeks declaratory judgment that all or some of the damages claimed by Yin Investments is excluded from coverage as it was caused by "wear and tear," "rust or other corrosion, decay deterioration, hidden or latent defect, or any quality in the property that causes it to damage or destroy itself," or "settling, cracking, shirking or expansion."

13.     Aspen seeks a declaratory judgment that all or some of the very minor indications of hail observed at the Property occurred prior to the inception of coverage under the Policy and thus is an uncovered loss.

14.     To the extent any of the very minor indications of hail observed at the Property are found to be direct physical loss or damage occurring during the Policy's effective period, Aspen seeks a declaratory judgment that under the doctrine of concurrent causation all or some of the alleged direct physical loss or damage is not covered.  The alleged direct physical loss or damage is the combined and cumulative result of various covered and uncovered causes and the various causes cannot be separated.

15.     This action for declaratory judgment is further brought under Chapter 37 of the Texas Civil Practices & Remedies Code.  Aspen seeks a declaratory judgement of no coverage for some or all the alleged July 11, 2018 hail loss for the same reasons as set forth above.  Aspen further seeks recovery of attorney fees as equitable and just under Tex. Civ. Prac. & Rem. Code § 37.009.

**PRAYER**

Plaintiff ASPEN SPECIALITY INSURANCE COMPANY prays it receives a Declaratory Judgment in its favor on all grounds as set forth herein, that no coverage exists for all or some of the alleged July 11, 2018 hail loss, and that Aspen have and recover its reasonable

and necessary attorney fees and court costs incurred by it in bringing this action.  Aspen further prays for such other and further relief to which it may prove itself entitled under equity or law.

Respectfully submitted,

**ZABEL FREEMAN**

By: */s/ John J. Smither*
Brook F. Minx
State Bar No. 00789905
bminx@zflawfirm.com
John J. Smither
State Bar No. 00789637
jsmither@zflawfirm.com
Thomas A. Zabel
State Bar No. 22235500
tzabel@zflawfirm.com
1135 Heights Blvd.
Houston, Texas 77008
(713) 802-9117
(713) 802-9114 (Fax)

**ATTORNEYS FOR PLAINTIFFS,
ASPEN SPECIALTY INSURANCE COMPANY**