## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **ASPEN SPECIALTY INSURANCE,** | § | |
| **COMPANY** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION** |
| | § | **NO. 6:20-cv-00153** |
| **YIN INVESTMENTS USA, LP,** | § | |
| *Defendant.* | § | |
| | § | |

---

## DEFENDANT YIN INVESTMENTS USA, LP'S THIRD AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

---

Defendant Yin Investments USA, LP files this, its Third Amended Answer, Affirmative Defenses, and Counterclaims to Plaintiff's Second Amended Complaint for Declaratory Judgment. Yin is not adding any or modifying any additional counterclaims and simply includes the same counterclaims as contained in its Second Amended Answer, Affirmative Defenses and Counterclaims [Dkt. 53] and in support thereof would respectfully show unto the Court as follows:

### I.

### THE PARTIES

1.      Plaintiff has alleged it is a North Dakota corporation which maintains its principal place of business in New York, New York. Defendant has no independent knowledge of the accuracy of Plaintiff's allegation. However, Defendant does maintain that Plaintiff uses Aspen Specialty Insurance Company (not licensed to transact insurance business in the State of Texas) as a shell company to shield Aspen American Insurance Company from liability and litigating cases in State Court in Texas.  Aspen American Insurance Company is a Texas domiciled company (based in Dallas, Texas) transacting business in the State of Texas and is the controlling entity over Aspen

Specialty Insurance Company

2.      Defendant admits the statements made in paragraph 2 of Plaintiff's Second Amended Complaint For Declaratory Judgment (herein referred to as "Plaintiff's Complaint").

## II.

## JURISDICTION & VENUE

3.      Paragraph 3 of the Complaint contains conclusions of law to which no response is required. Defendant has no independent knowledge of the accuracy of Plaintiff's allegation regarding the citizenship of its partners. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 3 of the Complaint and, thus, denies such allegations. Defendant would like to add that Plaintiff uses Aspen Specialty Insurance Company (not licensed to transact insurance business in the State of Texas) as a straw company to shield Aspen American Insurance Company from liability and litigating cases in State Court in Texas. Aspen American Insurance Company is a Texas domiciled company (based in Dallas, Texas) transacting business in the State of Texas and is the controlling entity over Aspen Specialty Insurance Company.

4.      Defendant admits that venue is proper with this Court but denies the rest of the paragraph.

## III.

## FACTS

5.      Defendant admits the statements made in paragraph 5 of Plaintiff's Complaint.

6.      Defendant admits the statements made in paragraph 6 of Plaintiff's Complaint.

7.      Defendant admits the statements made in paragraph 7 of Plaintiff's Complaint. However, Defendant denies that it made a claim for wind and hail damage. Defendant made a claim for storm damage in general which includes interior leaks that have occurred due to a storm created opening.

8.      Defendant admits that Plaintiff issued a written denial of the loss on December 16, 2019

but denies the remaining allegations in paragraph 8.

9.      Defendant admits the that it served a notice letter on Plaintiff pursuant to the Texas Deceptive Trade Practices Act and Texas Insurance Code. Defendant further admits that the letter was sent by Preston Dugas. Defendant also admits that the letter made allegations of Plaintiff's breach of contract, DTPA violations, Insurance Code violations and bad faith in handling Defendant's claim. Defendant denies the remaining allegations in paragraph 9, because there is no reasonable dispute regarding liability and damages of which Plaintiff owes.

10.     Defendant admits that Brian Hill's report was submitted on February 12, 2021. Defendant denies that was the first time Plaintiff was informed that a hail storm caused damage to the University Drive Property on a date other than July 11, 2018, as its own experts identified other potential dates.

11.     Defendant admits the statements made in paragraph 11 of Plaintiff's Complaint.

12.     Defendant admits to the statements made in the first sentence of paragraph 12 but denies the remaining allegations. Defendant made a claim for storm damage in general which includes interior leaks that have occurred due to a storm created opening.

13.     Defendant denies the statements made in paragraph 13 of Plaintiff's Complaint.

14.     Defendant admits the that it served a notice letter on Plaintiff pursuant to the Texas Deceptive Trade Practices Act and Texas Insurance Code. Defendant further admits that the letter was sent by Preston Dugas. Defendant also admits that the letter made allegations of Plaintiff's breach of contract, DTPA violations, Insurance Code violations and bad faith in handling Defendant's claim. Defendant denies the remaining allegations in paragraph 14, because there is no reasonable dispute regarding liability and damages of which Plaintiff owes.

## IV.

## THE POLICIES

15.    Paragraph 15 of the Complaint contains conclusions of law to which no response is required.  Defendant admits that it is the named insured under Aspen Specialty Insurance Company 2017 Policy. Defendant denies that any exclusions apply to the covered loss at issue and otherwise denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16.    Defendant admits to the statements made in the first sentence of paragraph 16 of Plaintiff's Complaint. Defendant denies the remaining allegations.

17.    Paragraph 17 of the Complaint contains conclusions of law to which no response is required.  Defendant admits that it is the named insured under Aspen Specialty Insurance Company Policy PR00A4018 with effective dates December 12, 2018 to December 12, 2019. Defendant denies that any exclusions apply to the covered loss at issue and otherwise denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18.    Defendant admits to the statements made in the first sentence of paragraph 18 of Plaintiff's Complaint. Defendant denies the remaining allegations.

## V.

## DECLARATORY RELIEF

19.    Paragraph 19 of Plaintiff's Complaint contains conclusions of law to which no response is required.  Defendant otherwise denies that Plaintiff is entitled to the relief sought in Paragraph 19.

20.    Defendant denies the allegations in paragraph 20.

21.    Defendant denies the allegations in paragraph 21.

22.    Defendant denies the allegations in paragraph 22.

23.    Defendant denies the allegations in paragraph 23.

24.     Defendant denies the allegations in paragraph 24.

25.     Defendant denies the allegations in paragraph 25.

26.     Defendant denies the allegations in paragraph 26.

27.     Defendant denies the allegations in paragraph 27.

28.     Defendant denies the allegations in paragraph 28.

29.     Defendant denies the allegations in paragraph 29.

30.     Defendant denies the allegations in paragraph 30.

31.     Defendant denies the allegations in paragraph 31.

32.     Defendant further denies Plaintiff is entitled to attorney fees as alleged in paragraph 32 of Plaintiff's Complaint.

## VI.

## PRAYER

33.     Defendant denies Plaintiff is entitled to the relief it seeks in the prayer in Plaintiff's Complaint.

## VII.

## AFFIRMATIVE DEFENSES

34.     ***Equitable Estoppel.*** Plaintiff's claims are barred in whole or in part by the doctrine of equitable estoppel.

35.     ***Unjust Enrichment.*** Plaintiff's claims are barred in whole or in part by the doctrine of unjust enrichment, as Plaintiff's retention of the premiums paid by Defendant for insurance coverage would be unjust if Plaintiff refuses to acknowledge its obligations to Defendant under the Policies.

## COUNTERCLAIMS OF YIN INVESTMENTS USA, LP

YIN INVESTMENTS USA, LP Defendant/counterclaimant (herein referred to as "Defendant/Counterclaimant" or "Yin Investments"), and asserts its counterclaims against Plaintiff, ASPEN SPECIALTY INSURANCE COMPANY, (herein referred to as "Plaintiff" or "Insurance Co.") and, which are identical to the Counterclaims already on file in Yin Investments' Second Amended Answer, Affirmative Defenses and Counterclaims.

### VIII.

### PARTIES

35    These counterclaims arise out of the same transaction and occurrence that is the subject matter of Plaintiff's Complaint and does not require adding another party.

### IX.

### JURISDICTION AND VENUE

36.    Plaintiff/counter-defendant alleges that this court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because complete diversity exists among the parties. However, Plaintiff/counter-defendant uses Aspen Specialty Insurance Company (not licensed to transact insurance business in the State of Texas) as a straw company to shield Aspen American Insurance Company from liability and litigating cases in State Court in Texas. Aspen American Insurance Company is a Texas domiciled company (based in Dallas, Texas) transacting business in the State of Texas and is the controlling entity over Aspen Specialty Insurance Company. Based on these facts, Yin Investments does not believe that complete diversity exists because Yin Investments is a Texas company along with Aspen American Insurance Company.

37.    The Eastern District of Texas, Tyler Division, is a proper venue because Yin Investments maintains its principal place of business in Tyler, Smith County, Texas and/or a substantial part of the events giving rise to this dispute occurred in Longview, Gregg County, Texas.

# X.

## FACTUAL BACKGROUND

38.    Yin Investments owns multiple properties (not all of which) are the subject of this lawsuit and are located at the following addresses (collectively referred to as "The Properties"):

        a.      3205 N. University Dr., Nacogdoches, Texas 75965; and

        b.      410-414 W. Loop 281, Longview, Texas 75506.

39.    Yin Investments entered into an agreement with Plaintiff/counter-defendant to pay Plaintiff/counter-defendant premiums in exchange for insurance coverage protecting The Properties, business, personal property and loss of business income (all together referred to as "Damaged Property").

40.    The agreement was drafted by Plaintiff/counter-defendant and assigned Policy Number PRAAW7U17 (the "Policy"). The Policy was then renewed by the parties and given Policy Number PR00A4018 ("Renewal Policy")(both policies are referred to as "Policies" throughout).

41.    The Policy's effective date was from December 12, 2017 to December 12, 2018 (referred to as the "Policy Period"). The Renewal Policy's effective date was December 12, 2018 to December 12, 2019.

42.    The Policies cover damage to the Properties caused by wind, hail, and rain.

43.    In 2018 and 2019 while both the Policies were in effect, a wind, hail, and rainstorm damaged The Properties.

44.    Yin Investments subsequently filed a claim under the Policies for each property.

45.    Plaintiff/counter-defendant did not acknowledge receipt of the claim until after the statutory time period to do so.

46.    Plaintiff/counter-defendant assigned a claim number to each claim made for each

individual property.

**West Loop – (410-414 W. Loop 281, Longview, Texas 75506)**

47.     Plaintiff/counter-defendant assigned C.A. Bertschi ("Bertschi") with York Risk Services Group to adjust the claim ("York").

48.     Defendant hired Insurance Adjusters Group ("IAG") as its public adjuster to represent it regarding the insurance claims. A representative with IAG inspected the property and found wind, hail and rain damage as a result of a storm event that occurred during the effective dates of the Policies.

49.     At the very start of the claims handling process and before even inspecting the property, Plaintiff/counter-defendant served Yin Investments with a reservation of rights letter in which Plaintiff/counter-defendant agreed to continue to investigate the claim but reserved its right to deny based upon what it considered to be late reporting of the claim.

50.     From the start of Mr. Bertschi's involvement with the Claim he was very combative and uncooperative. For example, prior to the first engineer inspection, Ms. Smith with IAG requested that Plaintiff/counter-defendant provide its engineer's curriculum vitae and proof of insurance. Mr. Bertschi's responded by refusing to provide the information.

51.     The property was inspected by a representative of IAG and J.S. Held Engineering Services on or about August 21, 2019 to determine if the exterior and roofing systems sustained any hail related damages. During this inspection, Mr. Bertschi failed to inspect any portion of the property. He merely sat around on his cellular telephone the entire time. As a result, Plaintiff/counter-defendant's own adjuster failed to perform any inspection at all.

52.     On or about September 11, 2019, Mr. Bertschi sent a letter to Yin Investments misrepresenting the Policies and Yin Investments' obligations thereunder. Mr. Bertschi claimed

that the Policy required that Yin Investments make all repairs to the property within 180 days of the date of loss and if that doesn't occur the carrier would only have to pay the actual cash value of the costs to repair. This couldn't be further from the truth. Mr. Bertschi claims in the letter that Plaintiff/counter-defendant only owes the actual cash value of the loss, because the repairs were not made timely. He then cites several other exclusions of the policy that are inapplicable to Yin Investments' claim.

53.     On or around November 6, 2019, JS Held issued a report, which looks very similar to the report issued by JS Held a month later in the Nacogdoches claim. The report was clearly written to deny the claim and benefit the carrier in every way. In the report JS Held admits that hail dents were found in the "thin-gauge" metal flashings on the roof, but blames them on prior storms. JS Held also found "numerous dents in the blue-painted, steel mansard roof panels but found no spatter marks, so it again blames the damage on prior hailstorms. In fact, JS Held finds lots of damage but never admits that its from the March 11, 2018 hail event that even its own weather data puts at the location:

> **HailStrike OneSite Report**
>
> A similar report from HailStrike was obtained and reviewed, which estimated that the property may have experienced hail 0.5-inches in diameter and greater on 24 occasions.  The most recent estimate was of 1.0-inch hail on August 30, 2019 and the largest estimate was of 2.75-inch hail on March 11, 2018.

54.     JS Held's engineer blames all hail impact marks on old hail events that occurred at the Property and all leaks on "roof penetrations" and "flashing details" which it claims are unrelated to hail impacts.

55.     On or around December 16, 2019, Plaintiff denied Defendant's claim for hail loss from the hailstorm in question, finding that the Property showed no evidence of exposure to any hail as a result of the March 11, 2018 hailstorm. Plaintiff/counter-defendant's lack of proper and thorough

investigation led to the denial of Defendant's claim.

**University Drive - 3205 N. University Dr., Nacogdoches, Texas 75965**

56.     Plaintiff/counter-defendant assigned C.A. Bertschi ("Bertschi") with York Risk Services Group to adjust the claim ("York") made for the University Drive.

57.     From the start of Mr. Bertschi's involvement with the claim he was very combative and uncooperative. As shown above for the Longview property, Mr. Bertschi refused to provide the most basic information regarding the engineer he hired to inspect the property. It's unknown why this information was kept secret from Yin Investments.

58.     Plaintiff/counter-defendant's first correspondence with Yin Investments looked similar to that seen for the Longview property. Plaintiff/counter-defendant wrote a reservation of rights letter in which it agreed to continue to investigate the claim but reserved its right to deny based upon what it considered to be late reporting of the claim. Again, Plaintiff/counter-defendant failed to give any explanation as to why it felt the claim was reported late. It merely made the accusation in what appears to be an attempt to persuade Yin Investments to drop the claim.

59.     The Property was inspected by a representative of IAG and J.S. Held Engineering Services on or about August 22, 2019 to determine if the exterior and roofing systems sustained any hail related damages. During this inspection, Mr. Bertschi failed to inspect any portion of the Property. He merely sat around on his cellular telephone the entire time as he did during the inspection of the Longview property. As a result, Plaintiff's own adjuster failed to perform any inspection at all.

60.     Subsequent thereto, Plaintiff requested a second inspection which took place on the night of October 10, 2019 and then on October 11, 2019. Plaintiff had a number of engineers in attendance along with Plaintiff/counter-defendant's attorney. During that inspection, a moisture survey took place along with core samples of the roof being taken. Including core samples of a

roof that was replaced in 2019 and was not leaking.

61.     On or about September 11, 2019, Mr. Bertschi sent a letter to Yin Investments misrepresenting the Policy and Yin Investments obligations thereunder. Mr. Bertschi claimed that the Policy required that Yin Investments make all repairs to the Property within 180 days of the date of loss and if that doesn't occur the carrier would only have to pay the actual cash value of the costs to repair. This couldn't be further from the truth. Mr. Bertschi claims in the letter that Plaintiff/counter-defendant only owes the actual cash value of the loss, because the repairs were not made timely. He then cites several other exclusions of the policy.

62.     On or around December 4, 2019, JS Held issued a report. The report was clearly written to deny the claim and benefit the carrier in every way. The report mentions that no spatter marks were found indicating no recent hail fell at the property. However, it fails to mention why it needed two more days to inspect, take samples and conduct a moisture survey if it found no spatter marks or evidence of hail at the property. JS Held's engineer also blames clear evidence of hail impact marks on foot traffic and maintenance efforts. Ultimately, the engineer found hail damage to collateral items on the Property but refused to admit that hail damaged the roof membrane despite clear evidence to the contrary.

63.     On or around December 16, 2019, Plaintiff denied Defendant's claim for hail loss from the hailstorm in question, finding that the Property showed no evidence of exposure to any hail as a result of said hailstorm. Plaintiff's lack of proper and thorough investigation led to the denial of Defendant's claim.

64.     On or around January 21, 2020, IAG conducted a re-inspection of the property in which IAG found there were covered damages to the roofs, metals, and other items that were not included in the original scope of Insurance Co.'s investigation.

**Page 11**

65.     Since JS Held's inspection of the property, the roof has leaked.

66.     Plaintiff/counter-defendant failed to conduct an adequate and reasonable investigation of the damages sustained by Yin Investments, because it had a "do not pay" mindset from the very beginning of each claim made for all of The Properties.

67.     As a result of Plaintiff/counter-defendant's unreasonable investigation, Yin Investments insurance claims were wrongfully denied.

68.     In addition, Plaintiff/counter-defendant made misrepresentations to Yin Investments regarding the damages its Properties sustained and that it breached the Policy by its failure to give prompt notice of the claim without any explanation.

69.     Plaintiff/counter-defendant knowingly and inappropriately denied Defendant's claim.

## IV.

## CAUSES OF ACTION

### A.     Breach of Contract

70.     Defendant reasserts and realleges the allegations set forth in paragraphs 38 through 69 of this Counterclaim.

71.     Insurance Co. entered into the Policies with Yin Investments.

72.     All of the Yin Investments' Properties mentioned herein sustained damage during the Policies effective dates as a result of wind, hail and rain, which are covered causes of loss.

73.     Insurance Co. breached the terms of the Policies by wrongfully denying the insurance claim asserted for each property.

74.     As a result of Insurance Co.'s breach of the Policies, Yin Investments sustained actual damages and has incurred reasonable and necessary attorney's fees to date.

### B.     Insurance Code Violations

75.     Yin Investments reasserts and realleges the allegations set forth in paragraphs 38 through 74 of this Counterclaim.

   *Prompt Payment of Claims Statute*

76.     As set forth above, Yin Investments was insured under the Policies  from December 12, 2017 to December 12, 2019.

77.     During the Policies effective dates Yin Investments' Properties sustained damage as a result of a wind, hail, and rain, which are covered causes of loss under the Policies.

78.     As a result of the damage, Yin Investments gave proper notice of a claim under the Policies to Plaintiff/counter-defendant.

79.     Plaintiff/counter-defendant is under an obligation to promptly pay Yin Investments' insurance claims and timely acknowledge and begin investigation of the claims.

80.     Plaintiff/counter-defendant failed to timely acknowledge and investigate the claims and delayed payment of Yin Investments' insurance claims for a time exceeding the period specified by statute in Texas Insurance Code § 542.058.

81.     To date, Plaintiff/counter-defendant has not tendered payment for the damages arising out of the insurance claims made for each of The Properties.

82.     Yin Investments, therefore, in addition to Yin Investments' claim for damages is entitled to statutory interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

   *541 Insurance Code Violations*

83.     Plaintiff/counter-defendant is required to comply with Chapter 541 of the Texas Insurance Code.

84.     Yin Investments is a "person" under the Texas Insurance Code § 541.002. Likewise, Plaintiff/counter-defendant is engaged in the business of insurance and is thus a "person" under

§ 541.002.

85.    Plaintiff violated § 541.060:

   (a)    *541.060(a)(1)- misrepresenting to Yin Investments a material fact or policy provision relating to coverage at issue.*

86.    Defendant reasserts and realleges the allegations set forth in paragraphs 37 through 85 of this Counterclaim.

87.    Plaintiff/counter-defendant misrepresented the following:

   i.     There was no damage to Yin Investment's Property sustained during the effective dates of the Policies;

   ii.    Plaintiff/counter-defendant only owes the actual cash value to replace the roof due to Yin Investments alleged failure to repair within 180 days from the date of loss;

   iii.   Yin Investments made its insurance claims in an untimely manner;

   iv.    There was no covered loss as a result of the aforementioned wind, hail, and rain storm which occurred during the effective dates of the Policies; and

   v.     Plaintiff/counter-defendant was not required to send the engineer's curriculum vitae or insurance information and refusing to do so.

88.    Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(1), which proximately caused Yin Investments' damages.

   (b)    *541.060(a)(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear.*

89.    Yin Investments reasserts and realleges the allegations set forth in paragraphs 37 through 88 of this Counterclaim.

90.    Plaintiff failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement by:

   i.     failing to properly investigate the damage;

**Page 14**

ii.     sending a reservation of rights letter and its September 11, 2019 letter to intimidate Defendant into dropping its claim;

iii.    misrepresenting to Yin Investments that the damage was not due to a covered loss;

iv.    misrepresenting to Yin Investments that the Plaintiff/counter-defendant only owed the actual cash value of repair because the repairs were not made within 180 days from the date of loss;

v.     ignoring and/or attempting to discredit findings that show the damage was due to a covered loss;

vi.    hiring JS Held Engineering to investigate the damage in an effort solely to deny Yin Investments' claims despite clear evidence to the contrary;

vii.    relying solely on JS Held and not conducting its own investigation into damages;

viii.   failing to write an estimate that includes all damages found to be sustained in the Incident; and

ix.    Plaintiff/counter-defendant was not required to send the engineer's curriculum vitae or insurance information and refusing to do so.

91.    Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(2), which proximately caused Yin Investments' damages.

(c)     *541.060(a)(3) failing to promptly provide Yin Investments a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim.*

92.    Yin Investments reasserts and realleges the allegations set forth in paragraphs 37 through 91 of this Counterclaim.

93.    Plaintiff/counter-defendant failed to promptly provide Yin Investments a reasonable explanation of the basis for the denial of the claim. The denial letter was based solely on Plaintiff/counter-defendant's outcome-oriented report. Plaintiff/counter-defendant failed to explain how the damage observed was not sustained during the effective dates of the Policies. It

also failed to explain why the hail damage observed did not require repairs or replacement of the roof membrane. Plaintiff/counter-defendant's decision letter was merely a regurgitation of Policies language with no real explanation at all.

94.     Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(3), which proximately caused Yin Investments' damages.

(d)     *541.060(a)(4) by failing within a reasonable time to affirm or deny coverage of the Claim.*

95.     Yin Investments reasserts and realleges the allegations set forth in paragraphs 38 through 94 of this Counterclaim.

96.     Plaintiff/counter-defendant took almost five months to render a decision letter regarding coverage in this case. Plaintiff/counter-defendant failed within a reasonable time to affirm or deny coverage by taking months to render a decision letter. There is no reason why they could not issue a decision letter prior to December 16, 2019.

97.     Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(4), which proximately caused Yin Investments' damages.

(e)     *541.060(a)(7) refusing to pay Yin Investments' Claim without conducting a reasonable investigation with respect to the Claim.*

98.     Yin Investments reasserts and realleges the allegations set forth in paragraphs 38 through 97 of this Counterclaim.

99.     Plaintiff/counter-defendant refused to pay Yin Investments' insurance claims without conducting a reasonable investigation by:

i.      failing to properly investigate the damage;

ii.      sending a reservation of rights letter and its September 11, 2019 letter to intimidate Defendant into dropping its claim;

iii.     misrepresenting to Yin Investments that the damage was not due to a covered loss;

iv.     misrepresenting to Yin Investments that the Plaintiff/counter-defendant only owed the actual cash value of repair because the repairs were not made within 180 days from the date of loss;

v.      ignoring and/or attempting to discredit findings that show the damage was due to a covered loss;

vi.     hiring JS Held Engineering to investigate the damage in an effort solely to deny Yin Investments' claims despite clear evidence to the contrary;

vii.    relying solely on JS Held and not conducting its own investigation into damages;

viii.   failing to write an estimate that includes all damages found to be sustained in the Incident; and

ix.     Plaintiff/counter-defendant was not required to send the engineer's curriculum vitae or insurance information and refusing to do so.

100.   Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(7), which proximately caused Defendant damages.

101.   Defendant violated Texas Insurance Code § 541.061 by:

i.      making an untrue statement of material fact;

ii.      failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

iii.     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; and

v.      failing to disclose a matter required by law to be disclosed.

102.   Each of these acts and omissions, singularly or in conjunction with others, constituted a violation of Texas Insurance Code § 541.060(a)(7), which proximately caused Defendant damages.

### C.     DTPA Violations

103.    Yin Investments reasserts and realleges the allegations set forth in paragraphs 38 through 102 of this Counterclaim.

104.    At all material times hereto, Yin Investments was a consumer who purchased insurance products and services from Insurance Co.

105.    Plaintiff/counter-defendant is a "person" as defined by § 17.45 of the Texas Business and Commerce Code.

106.    Plaintiff/counter-defendant violated the Texas Deceptive Trade Practices Act by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing and engaging in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that this Plaintiff took advantage of Defendant's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

107.    Upon information and belief, Insurance Co. knowingly committed the acts complained of. As such, Yin Investments is entitled to exemplary and/or treble damages and reasonable attorney's fees pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

### D.     Breach of The Duty of Good Faith and Fair Dealing

108.    Yin Investments reasserts and realleges the allegations set forth in paragraphs 38 through 107 of this Counterclaim.

109.    Yin Investments and Plaintiff/counter-defendant entered into a valid and enforceable insurance policy.

110.    Plaintiff/counter-defendant owed Yin Investments the common law duty of good faith and

fair dealing.

111.    Plaintiff/counter-defendant breached the common law duty of good faith and fair dealing

by:

      i.      failing to properly investigate the damage;

      ii.      sending a reservation of rights letter and its September 11, 2019 letter to intimidate Defendant into dropping its claim;

      iii.      misrepresenting to Yin Investments that the damage was not due to a covered loss;

      iv.      misrepresenting to Yin Investments that the Plaintiff/counter-defendant only owed the actual cash value of repair because the repairs were not made within 180 days from the date of loss;

      v.      ignoring and/or attempting to discredit findings that show the damage was due to a covered loss;

      vi.      hiring JS Held Engineering to investigate the damage in an effort solely to deny Yin Investments' claims despite clear evidence to the contrary;

      vii.      relying solely on JS Held and not conducting its own investigation into damages;

      viii.      failing to write an estimate that includes all damages found to be sustained in the Incident; and

      ix.      Plaintiff/counter-defendant was not required to send the engineer's curriculum vitae or insurance information and refusing to do so.

Yin Investments would show that Plaintiff/counter-defendant knew or should have known liability

was reasonably clear when it committed bad faith.

112.    Upon information and belief, Plaintiff-counter-defendant's actions were performed

without due regard or care for the insurance claim process and were done intentionally and/or with

gross negligence.

113.    Plaintiff/counter-defendant was aware at all times that its actions would result in the

underpayment/denial of Yin Investments' insurance claims, delay payment of Yin Investments'

claims and cause extraordinary harm associated with Yin Investments' claims.

114.   As a result of Plaintiff/counter-defendant's acts and/or omissions, Yin Investments sustained actual damages.

## XII.

## ATTORNEYS' FEES

115.   Yin Investments reasserts and realleges the allegations set forth in paragraphs 38 through 114 of this Counterclaim.

116.   Yin Investments engaged the undersigned attorneys to prosecute this lawsuit against Plaintiff/counter-defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

117.   Yin Investments is entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because Yin Investments is represented by an attorney, presented the claim to Plaintiff/counter-defendant, and Plaintiff/counter-defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

118.   Yin Investments further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

119.   Yin Investments further prays that it be awarded all reasonable and necessary attorney's fees incurred in prosecuting Yin Investments' DTPA causes of action above pursuant to § 17.50(d).

## XIII.

## CONDITIONS PRECEDENT

120.   All conditions precedent to Yin Investments' right to recover have been fully performed

or have been waived by Insurance Co.

## XIV.

## **DEMAND FOR JURY**

121.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Yin Investments herein requests a jury trial.

## **DEFENDANT/COUNTERCLAIMANT'S PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant/Counterclaimant herein prays that, upon final hearing of the case, Plaintiff/counter-defendant take nothing and that final judgment be entered in favor of Defendant/Counterclaimant and it recovers actual damages, statutory interest and treble/exemplary damages from and against Plaintiff/counter-defendant that may reasonably be established by a preponderance of the evidence, and that Defendant/Counterclaimant be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Defendant/Counterclaimant may be justly entitled.


Respectfully submitted,

*/s/ Vincent P. Circelli*
Vincent P. Circelli
State Bar No. 24058804
vcircelli@circelliwalterlaw.com
Kelli L. Walter
State Bar No. 24074576
kwalter@circelliwalterlaw.com
**CIRCELLI & WALTER, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
(817) 697-4942 telephone
(817) 697-4944 facsimile

Preston J. Dugas III
State Bar No. 24050189
preston@pjdlawfirm.com
**PRESTON DUGAS LAW FIRM, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone: (817) 945-3061
Facsimile: (682) 219-0761

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Federal Rules of Civil Procedure on August 31, 2021 in manner described below:

Brook F. Minx
John J. Smither
Thomas A. Zabel
**ZABEL FREEMAN**
1135 Heights Blvd.
Houston, Texas 77008

*/s/ Vincent P. Circelli*
Vincent P. Circelli

**Page 22**