# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **ASPEN SPECIALTY INSURANCE** | § | |
| **COMPANY,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:20-cv-00153** |
| | § | |
| | § | |
| **YIN INVESTMENTS USA, LP,** | § | |
| *Defendant.* | § | |

## JOINT FINAL PRETRIAL ORDER

**1.      Counsel for the parties**

Plaintiff(s):

Thomas A. Zabel
Brook F. Minx
John J. Smither
Zabel Freeman
1135 Heights Blvd.
Houston, Texas 77008

Defendant(s):

Preston J. Dugas, III
Preston Dugas Law Firm, PLLC
1701 River Run, Suite 703
Fort Worth, Texas 76107

Vincent P. Circelli, Esq.
Kelli L. Walter, Esq.
Circelli & Walter, PLLC

1701 River Run, Suite 703
Fort Worth, Texas 76107

**2.     Statement of jurisdiction**

This Court has jurisdiction over this dispute under 28 USC 1332(a) because the amount in controversy exceeds $75,000 and there is complete diversity among the parties. No party disputes jurisdiction.

**3.     Nature of the action**

This suit involves a dispute over insurance coverage on two properties owned by Yin and insured by Aspen. Aspen brought its claims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2 and Fed. R. Civ. P. 57 in that Aspen seeks a declaration of the rights and other legal relations of the parties under the Policy for the following matters:

a.     "…no coverage under the 2017 or 2018 Policies for the alleged [March 10, 2018, July 11, 2018 or May 9, 2019] wind and hail losses."

b.     "…all or some of the damages claimed by Yin Investments is excluded from coverage as it was caused by "wear and tear," "rust or other corrosion, decay deterioration, hidden or latent defect, or any quality in the property that causes it to damage or destroy itself," or "settling, cracking, shirking or expansion." "Such exclusions also include damages caused by "neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss."  Further, such exclusions include damages caused by "faulty, inadequate or defective"…"design, specifications, workmanship, repair, construction, renovation, remodeling" or "materials used in repair, construction, renovation or remodeling" or "maintenance."

c.     "The burden of proof is upon the insured to segregate its damages between covered and uncovered loss and …under the doctrine of concurrent causation all or some of the alleged direct physical loss or damage is not covered.

d.     All or some of the very minor indications of hail observed at the properties occurred prior to the inception of coverage under the 2017 Policy and thus are uncovered losses.

      e.      Defendant gave late notice of the hail storms at the University Drive Property and the West Loop 281 Property and the 12-month delay between the date of the hail storms and date of notice of the claim to Aspen, prejudiced Aspen's ability to timely investigate and evaluate the damage to the roof of both properties.  Therefore, Defendant has failed to comply with the 2017 and 2018 Policies "Duties in the Event of Loss or Damage" and give Aspen "prompt notice of the loss or damage," "give a description  of how, when and where the loss or damage occurred," "take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim" and "to quickly report the matter to both your agent/broker and Aspen Specialty Insurance Management Company."

Yin Investments owns properties located at 3205 North University Dr., Nacogdoches, Texas 75965 and 410-414 W. Loop 281, Longview, Texas 75506.  Yin Investments is insured under property insurance policies that Plaintiff drafted. During the policy periods a wind, hail and rain storm swept through Longview, Texas on March 10/11, 2018 and through Nacogdoches, Texas on May 9, 2019 causing damage. As a result, Yin Investments made a claim for damage to its properties. Subsequently, Plaintiff failed to properly inspect the property and refused to pay the reasonable and necessary costs to repair/replace the damaged property. Consequently, Yin Investments contends that Plaintiff wrongfully denied the subject insurance claims and asserts causes of action against Plaintiff for breach of contract, violations of certain provisions of the Texas Insurance Code and Texas Deceptive Trade Practices Act ("DTPA"), breach of the duty of good faith and fair dealing, and for attorney's fees.

**4.**      **Contentions of the parties**

Yin Investments claims that hail storms on March 10/11, 2018 and May 9, 2019 damaged the roofs of the properties in Longview and Nacogdoches.  Aspen contends that the hail storms identified by Yin Investments did not drop hail on either property and consequently, neither property sustained roof damage covered by the Aspen Insurance policy.  Alternatively, Aspen contends that even if hail damaged the roof of either property, that the damage portions of the roof should be repaired and a complete replacement of the roofs is not reasonable.  If a complete replacement of the roofs is necessary, Aspen contends the costs of such replacement roofs are significantly less than those costs sought by Yin Investments.

5.     **Stipulations and uncontested facts**

Yin Investments USA, LP was the named insured under Aspen Specialty Insurance Company Policy No. PRAAW7U17, effective dates December 12, 2017 to December 12, 2018 (the "2017 Policy") and Aspen Specialty Insurance Company Policy No. PR00A4018 with effective dates December 12, 2018 to December 12, 2019 (the "2018 Policy")(collectively the "Policies").   Among the various locations insured under the Policies was a commercial property located at 3205 N. University Dr., Nacogdoches, Texas 75965 (the "University Drive Property") and a commercial property located at 410-414 W. Loop 281, Longview, Texas 75506 (the "West Loop 281 Property")(the "University Drive Property" and "West Loop 281 Property" collectively the "Property").

The University Drive Property is a commercial retail center consisting of one building with variable roof coverings.

On or about July 31, 2019 Yin Investments provided notice of an alleged loss occurring to the University Drive Property.

The West Loop 281 Property is a commercial retail center and restaurant consisting of two buildings.

On or about July 31, 2019, Yin Investments provided notice of an alleged hail loss occurring to the West Loop 281 Property.

To be covered under the Policies, any direct physical loss or damage must occur during the Policy's effective period.

6.     **Contested issues of fact and law**

Contested Issues of fact for the jury:

1.     Whether Yin Investments gave prompt notice of its claims for damages at both Properties caused by the March 10/11, 2018 and May 9, 2019 hail storms.

2.     Whether Aspen failed to comply with the Policies by failing to pay for the damages, if any, to the Properties caused by the March 10/11, 2018 and May 9, 2019 hail storms.

3.     Whether the damages claimed by Yin Investments were properly segregated in accordance with the doctrine of concurrent causation.

Defendant objects to the inclusion of this Contested Issue No. 3 because Aspen failed to specifically plead this as a defense.

4.     Whether any exclusions bar recovery by Yin Investments under the Policies.

Defendant objects to the inclusion of this Contested Issue No. 4 because Aspen failed to specifically plead this as a defense

5.     Whether the functionality of the roofs on the Properties has not been compromised and is performing its intended purpose and, if they have, whether the functionality and useful life of the roofs on the University Drive Property and the West Loop 281 Property were compromised due to faulty workmanship by Yin Investments and/or its subcontractors prior to any hail storms in 2018 and 2019.

[Yin objects to this proposed disputed issue of fact because the Policies do not contain a cosmetic damages exclusion and so this question is irrelevant and improper]

6.     Whether the Properties sustained direct physical damage as a result of wind, hail or rain.

7.     What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Yin Investments for its damages, if any, to the Properties caused by the March 10/11, 2018 and May 9, 2019 hail storms.

7.     Whether Aspen engaged in any unfair or deceptive act or practice that caused damages to Yin Investments.

8.     Whether Aspen knowingly engaged in any unfair or deceptive act or practice that caused damages to Yin Investments.

9.     Whether Aspen failed to comply with its duty of good faith and fair dealing to Yin Investments.

10.    Whether Yin Investments is entitled to attorney fees.

**Contested issues of law remaining for the court:**

1.     Whether Yin Investments promptly notified Aspen of the alleged losses to the Properties caused by the March 10/11, 2018 and May 9, 2019 hail storms.

2.     Whether Yin Investments properly segregated damages in accordance with the doctrine of concurrent causation are issues of law.

3.     Whether Aspen failed to specifically plead failure of condition precedent, and whether Aspen may now claim all conditions precedent were not met.

4.     Whether Aspen's claims handling was in violation of the DTPA, Texas Insurance Code or the duty of good faith and fair dealing.

5.     Whether attorney's fees are recoverable on Aspen's claim for declaratory relief.

**7.**     **Pending motions (in order of filing)**

    **1.**  Aspen's Motion for Summary Judgment as to the West Loop Property;

    **2.**  Aspen's Motion for Summary Judgment as to the University Drive Property;

    **3.**  Yin Investment's Motion for Partial Summary Judgment as to the Attorney Fees Claim; and

    **4.**  Yin Investment's Motion for Partial Judgment on the Pleadings (condition precedent).

**8.**     **Probable length of trial**

The trial is expected to last 40 hours.

**9.**     **Trial management procedures**

(1) Demonstratives must be shared outside the presence of the jury and before the court is in session the morning the party intends to display them to the jury;

(2) Each party must notify the other party by email by 6 p.m. the night before a witness is to be called. The party must disclose at that time the order of witnesses to be called or depositions to be played the following day;

(3) Opening Argument and Exhibits - The parties agree that no party shall show any exhibits to the jury during its case in chief until the exhibit is identified by a witness. However, the parties may display agreed exhibits during opening arguments, subject to a pretrial conference on the use of the exhibit. Parties

using an agreed exhibit during opening argument agree to refer to the exhibit as "demonstrative" only and may not refer to the exhibit as "evidence." Generally, with respect to opening arguments, agreed exhibits should only be used to describe the nature and facts of the case and/or party contentions.

**10.   Witness lists**

See attached witness list.

**11.   Deposition designations**

See attached deposition designations, rebuttal designations and objections attached.

**12.   Exhibit lists**

See attached exhibit lists, agreements and objections attached.

**13.   Certifications**

The undersigned counsel for each of the parties in this action hereby certify and acknowledge the following:

(A)     Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the court's orders;

(B)     Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the court's orders have been complied with;

(C)     Each exhibit in the Exhibit List herein:

(i)     exists;

(ii)    is numbered; and

(iii)   has been disclosed and shown to opposing counsel

(D)     Lead counsel has reviewed the Federal Rules of Evidence in the past six

months.

**14.     Voir Dire Questionnaire and Questions.**

See attached questionnaire and questions for the court. The parties respectfully

request that they each may have 90 minutes to ask additional questions of the venire

panel at the conclusion of the Court's questions.

Respectfully submitted,

**ZABEL FREEMAN**

*/s/ John J. Smither*

_____

Thomas A. Zabel
State Bar No. 22235500
tzabel@zflawfirm.com
Brook F. Minx
State Bar No. 00789905
bminx@zflawfirm.com
John J. Smither
State Bar No. 00789637
jsmither@zflawfirm.com
1135 Heights Blvd.
Houston, Texas 77008
(713) 802-9117
(713) 802-9114 (Fax)

**ATTORNEYS FOR PLAINTIFF,
ASPEN SPECIALTY INSURANCE
COMPANY**

**PRESTON DUGAS LAW FIRM, PLLC**

/s/ *Vincent P. Circelli* *

_____

Preston J. Dugas, III
State Bar No. 24050189
preston@pjdlawfirm.com
1701 River Run, Suite 703
Fort Worth, Texas 76107
(817) 945-3061
(682) 219-0761 (Fax)

**CIRCELLI & WALTER, PLLC**

Vincent P. Circelli
State Bar No. 24058804
vcircelli@circelliwalterlaw.com
Kelli L. Walter
State Bar No. 24074576
kwalter@circelliwalterlaw.com
1701 River Run, Suite 703
Fort Worth, Texas 76107
(817) 697-4942
(817) 697-4944 (Fax)
* with permission

**ATTORNEYS FOR DEFENDANT,
YIN INVESTMENTS USA, LP**

# ASPEN PRETRIAL ORDER ATTACHMENTS

Witness List

Deposition Excerpts and Rebuttal Designations

Exhibit List

Objections to Yin Investment's Deposition Excerpts

Objections to Yin Investments Exhibit List

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **ASPEN SPECIALTY INSURANCE COMPANY,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:20-cv-00153** |
| | § | |
| | § | |
| **YIN INVESTMENTS USA, LP,** | § | |
| *Defendant.* | § | |

### ASPEN SPECIALTY INSURANCE COMPANY'S WITNESS LIST

| Judge J. Campbell Barker | PLAINTIFF'S ATTORNEY:<br>Thomas A. Zabel, Brook F. Minx and John J. Smither | DEFENDANT'S ATTORNEY:<br>Vincent P. Circelli<br>Preston j. Dugas |
|---|---|---|
| TRIAL DATE(S):<br>November 1, 2021 | COURT REPORTER: | COURTROOM DEPUTY: |

| WITNESS NAME<br>EMPLOYER<br>TOPIC OF TESTIMONY | WILL CALL ("W")<br>MAY CALL ("M")<br>UNLIKELY TO CALL ("U") | EXPECTED<br>TESTIMONY<br>DURATION |
|---|---|---|
| Mario Martinez, French Engineering, Mr. Martinez will testify as to the results of his inspections of the properties including charts, diagrams, interviews and photos, his review of the B-HCE reports and all of the opinions contained within his reports including his opinion that a hail storm did not cause damage to either property in 2018 or 2019. | W | 6-8 hours |
| Steve Linscheid, UBS, Mr. Linscheid will testify as to his inspections of the properties including charts, diagrams, interviews and photos, and all of the opinions expressed in his reports, including the proposed cost of repair and the proposed cost of replacement of the roofs of the properties. | W | 4-6 hours |

| | | |
|---|---|---|
| Anthony Anniello, Aspen Insurance, Mr. Anniello will testify about the insurance policies issued by Aspen Specialty Insurance Company to Defendant, the claims made by Defendant under the policies of insurance, the provisions in such policies related to these claims, the basis for such denial Defendant's claims and the investigation and handling of the claims by Aspen, and that the handling of the claim complied with Texas law. | W | 3-4 hours |
| Duane Smith, IAG, Mr. Smith will be questioned about his handling of the claim for Yin Investments. | M | 1-2 hours |
| Thomas A. Zabel, Zabel Freeman, Mr. Zabel may testify as to whether the attorney fees sought by Yin Investments are reasonable and necessary. | M | 2 hours |
| John Yin, Yin Investments, Mr. Yin will be questioned about the purchase of the properties, the maintenance history of the properties and dates, past maintenance and repair practices since the purchase of the properties and extent of damage caused to the properties by hail. | W | 3-4 hours |
| Chris Carlson, Aspen Insurance, Mr. Carlson may testify about Aspen underwriting standards and the underwriting criteria and application and verification of the properties as well as the policies issued to Yin Investments. | M | 1-2 hours |
| Chad Zielinski, JS Held, Mr. Zielinski will testify as to the results of his inspections of the properties including charts, diagrams, interviews and photos, and all of his opinions contained within his reports including that a hail storm did not cause damage to either property during the policy period. | M | 2-3 hours |
| CA Bertschi, York, Mr. Bertschi will testify about will testify as to the handling of the claims, the claim file contents, including reports and communications, and that the handling of the claim complied with Texas law. | M | 1-2 hours |

| | | |
|---|---|---|
| Custodian of Records, Stonewater Roofing, The custodian will authenticate records received from Stonewater Roofing related to the maintenance and repairs performed by Stonewater Roofing at both properties. | W | 5 minutes |
| Custodian of Records, IAG, The custodian will authenticate records received from IAG related to the to the handling of the claim by IAG at both properties. | W | 5 minutes |

Respectfully submitted,

**ZABEL FREEMAN**

By:     _/s/ John J. Smither_
         Brook F. Minx
         State Bar No. 00789905
         bminx@zflawfirm.com
         John J. Smither
         State Bar No. 00789637
         jsmither@zflawfirm.com
         Thomas A. Zabel
         State Bar No. 22235500
         tzabel@zflawfirm.com
         1135 Heights Blvd.
         Houston, Texas 77008
         (713) 802-9117
         (713) 802-9114 (Fax)

**ATTORNEYS FOR PLAINTIFF,
ASPEN SPECIALTY INSURANCE COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the foregoing instrument has been served on the following counsel of record via e-mail on August 23, 2021:

Vincent P. Circelli, Esq.
Kelli L. Walter, Esq.
Circelli & Walter, PLLC
Tindall Square Warehouse
500 E. 4th Street, Suite 250
Fort Worth, Texas 76102

Preston J. Dugas, III
Preston Dugas Law Firm, PLLC
1701 River Run, Suite 703
Fort Worth, Texas 76107

_/s/ John J. Smither_____
John J. Smither

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **ASPEN SPECIALTY INSURANCE** | § | |
| **COMPANY,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:20-cv-00153** |
| | § | |
| | § | |
| **YIN INVESTMENTS USA, LP,** | § | |
| *Defendant.* | § | |

### ASPEN SPECIALTY INSURANCE COMPANY'S DEPOSITION EXCERPTS INCLUDING REBUTTAL DESIGNATIONS

Aspen Specialty Insurance Company hereby designates the following persons whose testimony Aspen expects to present by deposition:

1. Chris Carlson
2. John Yin
3. CA Bertschi
4. Anthony Anniello
5. The Custodian of Records for Stonewater Roofing
6. The Custodian of Records for Insurance Adjusters Group

Aspen reserves the right to amend and/or supplement these deposition excerpts for purposes of optional completeness, clarification of facts and issues raised during the trial of the case and for rebuttal purposes.

Respectfully submitted,

**ZABEL FREEMAN**

By:     */s/ John J. Smither*
         Brook F. Minx
         State Bar No. 00789905
         bminx@zflawfirm.com
         John J. Smither
         State Bar No. 00789637
         jsmither@zflawfirm.com
         Thomas A. Zabel
         State Bar No. 22235500
         tzabel@zflawfirm.com
         1135 Heights Blvd.
         Houston, Texas 77008
         (713) 802-9117
         (713) 802-9114 (Fax)

**ATTORNEYS FOR PLAINTIFF,**
**ASPEN SPECIALTY INSURANCE COMPANY**

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that a true and correct copy of the foregoing instrument has been served on the following counsel of record via e-mail on August 30, 2021:

Vincent P. Circelli, Esq.
Kelli L. Walter, Esq.
Circelli & Walter, PLLC
Tindall Square Warehouse
500 E. 4th Street, Suite 250
Fort Worth, Texas 76102

Preston J. Dugas, III
Preston Dugas Law Firm, PLLC
1701 River Run, Suite 703
Fort Worth, Texas 76107

         */s/ John J. Smither*
         John J. Smither

| DEPOSITION OF CORPORATE REPRESENTATIVE OF ASPEN SPECIALTY INSURANCE COMPANY – CHRIS CARLSON, 04/07/21 | | | |
|---|---|---|---|
| PAGE | LINE(S) | PAGE | LINE(S) |
| 5 | 1 - 19 | 29 | 3 – 10, 15 – 20 |
| 8 | 12 - 18 | 30 | 10 – 12, 14 - 23 |
| 10 | 12 - 25 | 32 | 1 – 11, 13 - 19 |
| 11 | 1 – 15, 18 - 25 | 35 | 14 – 18, 20 - 25 |
| 12 | 1 – 8, 24 - 25 | 36 | 1 – 7, 9 - 13 |
| 13 | 1 – 9, 20 - 25 | 38 | 13 – 22 |
| 15 | 16 – 25 | 39 | 5 – 7, 11 – 19, 23 – 25 |
| 16 | 1 – 17 | 40 | 1 – 3 |
| 17 | 4 – 25 | 42 | 14 – 25 |
| 18 | 1 – 5 | 43 | 1 – 2 |
| 19 | 3 – 25 | 44 | 5 – 25 |
| 21 | 4 – 7, 16 – 25 | 45 | 1 – 6, 9 – 25 |
| 22 | 1 – 11 | 46 | 1, 6 – 19 |
| 23 | 17 – 25 | 47 | 10- 23 |
| 24 | 1 – 5, 7 - 17 | | |

| REBUTTAL DESIGNATIONS | | | |
|---|---|---|---|
| PAGE | LINE(S) | PAGE | LINE(S) |
| 28 | 15-19 | | |
| 33 | 19-25 | | |
| 34 | 1 - 25 | | |
| 35 | 2-4 | | |

| DEPOSITION OF CORPORATE REPRESENTATIVE OF YIN INVESTMENTS USA, LP – JOHN YIN, 03/10/21 | | | |
|---|---|---|---|
| **PAGE** | **LINE(S)** | **PAGE** | **LINE(S)** |
| 5 | 4 – 8, 25 | 56 | 1 – 8, 15 – 25 |
| 6 | 1 – 4 | 57 | 1 – 19 |
| 7 | 2 – 3, 7 – 11 | 58 | 4 – 25 |
| 14 | 17 – 20, 23 – 25 | 59 | 1 – 4 |
| 15 | 1 – 24 | 60 | 7 – 17, 20 – 25 |
| 16 | 17 – 25 | 61 | 22 – 25 |
| 17 | 1, 14 – 25 | 62 | 1 – 6, 10 – 13 |
| 18 | 1 – 2, 21 – 25 | 68 | 10 – 21 |
| 19 | 1 – 4 | 69 | 19 – 25 |
| 20 | 1 – 19 | 70 | 1, 16 – 25 |
| 24 | 19 – 25 | 71 | 1 – 4 |
| 25 | 3 – 12 | 72 | 4 – 7, 17 – 25 |
| 27 | 10 – 16, 22 – 25 | 73 | 1 – 3, 12 – 25 |
| 28 | 1 – 5, 8 – 12, 19 – 25 | 75 | 1 – 8, 10 – 11, 13 – 25 |
| 29 | 1 – 5, 8 – 25 | 76 | 1 – 2, 6 – 25 |
| 30 | 1 – 2, 16 – 24 | 77 | 1 – 14 |
| 31 | 13 – 17, 22 – 25 | 78 | 5 – 23 |
| 32 | 1 – 23 | 79 | 6 – 15 |
| 35 | 3 – 5, 9, 20 – 25 | 80 | 16 – 22 |
| 36 | 1 – 25 | 81 | 9 – 12, 15 – 25 |
| 37 | 1 – 11 | 82 | 1 – 17, 22 – 24 |
| 39 | 2 – 14, 17 - 20 | 83 | 9 – 14, 16 – 20, 22 – 25 |
| 40 | 14 – 25 | 84 | 1 – 25 |
| 41 | 1 – 2, 5 – 8 | 85 | 1 – 9 |
| 42 | 6 – 13, 15 – 21 | 86 | 25 |
| 43 | 18 – 22 | 87 | 1 – 14, 20 – 25 |
| 44 | 3 – 8, 14 – 25 | 88 | 1 – 14, 24 – 25 |
| 45 | 2 – 5, 12 – 25 | 89 | 1 – 25 |
| 46 | 1 – 4, 9 – 25 | 90 | 1 – 25 |
| 47 | 1 – 4, 6 – 21, 23 | 91 | 1 – 25 |
| 48 | 2 – 4, 6 – 10, 14, 23 – 25 | 92 | 1 – 25 |
| 49 | 1 – 7, 17 – 21, 23 | 93 | 1 – 25 |
| 50 | 5 – 6, 9 – 10 | 94 | 1 – 24 |
| 52 | 11 – 20, 24 | 95 | 12 – 25 |
| 55 | 3 – 10, 14 – 25 | 96 | 1 – 10, 24 – 25 |
| | | 97 | 1 - 9 |

| DEPOSITION OF CHARLES BERTSCHI, 05/10/21 | | | |
|---|---|---|---|
| **PAGE** | **LINE(S)** | **PAGE** | **LINE(S)** |
| 5 | 1 – 19 | 43 | 1 – 5 |
| 6 | 2 – 19, 23 – 25 | 44 | 2 – 10 |
| 7 | 1 – 25 | 45 | 5 – 14 |
| 8 | 1 – 20 | 46 | 12 – 19 |
| 9 | 3 – 15 | 49 | 10 – 22 |
| 10 | 14 – 19, 24 – 25 | 50 | 14 – 19 |
| 11 | 1 – 4 | 52 | 16 – 25 |
| 16 | 15 – 24 | 53 | 1 – 3 |
| 20 | 10 – 25 | 55 | 10 – 20, 22 – 25 |
| 21 | 1 – 6, 16 – 25 | 56 | 1 – 2, 4, 6 – 25 |
| 22 | 1 – 25 | 57 | 1 – 6 |
| 23 | 1 – 17 | 58 | 5 – 7, 9 – 10 |
| 24 | 9 – 15, 22 – 25 | 61 | 1 – 6, 8, 15 – 23, 25 |
| 25 | 1 – 8 | 67 | 5 – 14, 17, 18 – 24 |
| 26 | 8 – 20 | 72 | 25 |
| 27 | 21 – 25 | 73 | 1 – 25 |
| 28 | 1 – 15 | 74 | 1, 19 – 25 |
| 29 | 1 – 13 | 75 | 1 – 3, 5, 18 – 25 |
| 30 | 5 – 22 | 76 | 2 |
| 31 | 7 – 25 | 77 | 16 – 25 |
| 32 | 1 – 8 | 78 | 1 – 2, 4 |
| 33 | 4 – 25 | 79 | 8 – 25 |
| 34 | 1 – 21 | 80 | 1 – 25 |
| 35 | 4 – 15, 17 – 25 | 81 | 1 – 9 |
| 36 | 1 – 3, 5 – 21 | 87 | 3 – 11, 16 – 25 |
| 37 | 12 – 24 | 88 | 1 – 10, 12 – 25 |
| 38 | 8 – 19, 21 - 25 | 89 | 1 – 5 |
| 39 | 1 – 5, 19 – 25 | 90 | 12 – 22 |
| 40 | 1 – 7 | 91 | 19 – 22 |
| 41 | 1 – 11, 18 – 25 | 92 | 6 – 25 |
| 42 | 1 – 7, 19 – 25 | 93 | 1 – 12 |
| | | | |

| REBUTTAL DESIGNATIONS | | | |
|---|---|---|---|
| **PAGE** | **LINE(S)** | **PAGE** | **LINE(S)** |
| 42 | 2-4 | | |
| 50 | 23-24 | | |
| 51 | 1, 5-7 | | |
| 83 | 7-11 | | |
| 85 | 1-3, 5-9, 11-16 | | |
| 96 | 4-8, 10-11 | | |

| DEPOSITION OF CORPORATE REPRESENTATIVE (AND INDIVIDUALLY) OF ASPEN SPECIALTY INSURANCE COMPANY – ANTHONY ANNIELLO, 04/07/21 | | | |
|---|---|---|---|
| **PAGE** | **LINE(S)** | **PAGE** | **LINE(S)** |
| 4 | 21 - 25 | 61 | 1 – 25 |
| 5 | 1 – 11, 24 – 25 | 62 | 1 – 25 |
| 6 | 1 – 13 | 63 | 1 – 5, 7 – 25 |
| 8 | 6 – 21 | 64 | 1 – 12 |
| 9 | 9 – 20 | 66 | 14 – 22, 25 |
| 10 | 11 – 25 | 67 | 1 – 7, 13 – 25 |
| 11 | 1 – 11 | 69 | 5 – 20, 22 – 25 |
| 13 | 19 – 25 | 70 | 1 – 7, 20-23 |
| 14 | 1 – 23 | 85 | 21 – 25 |
| 15 | 13 – 25 | 86 | 1 – 25 |
| 16 | 1 – 7, 19 – 25 | 87 | 1 – 21, 23 – 25 |
| 17 | 1, 3 – 6, 8 – 24 | 88 | 1 – 6, 18 – 25 |
| 18 | 5 – 25 | 89 | 1 |
| 19 | 1 – 2, 4 – 8, 10 – 21 | 93 | 13 – 21, 23 – 25 |
| 20 | 4 – 22 | 94 | 1, 5 – 12, 14 – 25 |
| 22 | 10 – 25 | 95 | 1 – 8, 10 – 19, 21 – 25 |
| 23 | 1 – 15 | 96 | 1 – 9, 12 – 25 |
| 24 | 2 – 25 | 97 | 1 – 14 |
| 25 | 1 – 25 | 98 | 5 – 7, 9 – 25 |
| 26 | 1 – 4, 9 – 25 | 99 | 1 – 2, 6 – 21 |
| 27 | 1 – 7, 18 – 25 | 100 | 6 – 8, 10 – 25 |
| 28 | 1 – 25 | 101 | 1 – 7, 21 – 25 |
| 29 | 1 – 11 | 102 | 1 – 24 |
| 31 | 15 – 25 | 106 | 1 – 6, 8 – 18 |
| 32 | 1 – 17 | 111 | 1 – 13 |
| 33 | 16 – 25 | 112 | 20 – 25 |
| 34 | 1 – 25 | 113 | 1 – 22 |
| 35 | 1 – 11, 13 – 16, 18 – 25 | 114 | 1 – 16 |
| 36 | 1 – 22, 24 – 25 | 118 | 14 – 25 |
| 37 | 1 – 3 | 119 | 1 – 5 |
| 40 | 1 – 16, 18 – 25 | 121 | 7 – 15 |
| 41 | 1 – 13, 15 – 25 | 122 | 14 – 20 |
| 42 | 1 – 6, 9 – 25 | 123 | 1 – 25 |
| 43 | 1 – 11, 13 – 25 | 124 | 1 – 19 |
| 44 | 1 – 19 | 125 | 4 – 21 |
| 45 | 18 – 25 | 127 | 7 – 25 |
| 46 | 2 – 24 | 128 | 1 – 9 |
| 47 | 15 – 18, 20 – 25 | 133 | 22 – 25 |
| 48 | 1 – 15, 18 – 20 | 136 | 8 – 16 |
| 49 | 22 – 25 | 138 | 14 – 17, 19 – 25 |

| DEPOSITION OF CORPORATE REPRESENTATIVE (AND INDIVIDUALLY) OF ASPEN SPECIALTY INSURANCE COMPANY – ANTHONY ANNIELLO, 04/07/21 | | | |
|---|---|---|---|
| **PAGE** | **LINE(S)** | **PAGE** | **LINE(S)** |
| 50 | 1 – 25 | 139 | 1 – 5 |
| 51 | 1 – 25 | 142 | 8 – 25 |
| 52 | 1 – 12, 22 – 25 | 143 | 1 – 4 |
| 53 | 1 – 15 | 144 | 16 – 25 |
| 54 | 12 – 22 | 145 | 2 – 25 |
| 55 | 1 – 16 | 146 | 1 – 3, 5 – 25 |
| 56 | 1 – 23 | 147 | 1 – 2 |
| 57 | 1 – 4 | 149 | 24 – 25 |
| 59 | 17 – 25 | 150 | 1, 3 – 9, 11 – 25 |
| 60 | 1 – 3, 8 – 21, 23 – 25 | | |

| REBUTTAL DESIGNATIONS | | | |
|---|---|---|---|
| **PAGE** | **LINE(S)** | **PAGE** | **LINE(S)** |
| 37 | 21-24 | | |
| 38 | 14-25 | | |
| 39 | 17-19, 21-25 | | |
| 47 | 7-12, 14 | | |
| 70 | 17-25 | | |
| 71 | 1-2, 4-9 | | |
| 75 | 1-19, 21-25 | | |
| 76 | 1-13, 15-21, 23-25 | | |
| 77 | 1-16, 21-25 | | |
| 78 | 1-7 | | |
| 103 | 6-9, 11-23 | | |
| 105 | 17-25 | | |
| 135 | 21-24 | | |

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **ASPEN SPECIALTY INSURANCE COMPANY,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:20-cv-00153** |
| | § | |
| | § | |
| **YIN INVESTMENTS USA, LP,** | § | |
| *Defendant.* | § | |

### ASPEN SPECIALTY INSURANCE COMPANY'S EXHIBIT LIST

| Judge J. Campbell Barker | PLAINTIFF'S ATTORNEY: Thomas A. Zabel, Brook M. Minx and John J. Smither | DEFENDANT'S ATTORNEY: Vincent P. Circelli Preston j. Dugas |
|---|---|---|
| TRIAL DATE(S): November 1, 2021 | COURT REPORTER: | COURTROOM DEPUTY: |

| Exhibit No. | Agreed(A); Withdrawn(W/D); Objection | Date Offered | Admitted | Description |
|---|---|---|---|---|
| 1 | A | | | Aspen Insurance Policy - 12/12/2017 ASPEN 000001-000062 (153) |
| 2 | A | | | Aspen Insurance Policy - 12/12/2018 ASPEN 000345-000414 (153) |
| 3 | A | | | Aspen Claims Guidelines ASPEN 000296-000344 (153) |
| 4 | A | | | Property Loss Notice - Nacogdoches ASPEN 000064-000066 (153) |

| | | | | |
|---|---|---|---|---|
| 5 | A | | | Acknowledgement of Claim - Nacogdoches<br>ASPEN 000071-000075 (153) |
| 6 | A | | | IAG Representation Authorization<br>ASPEN 000076-000077 (153) |
| 7 | FRE 802 – Hearsay; statement asserts a date of loss for the claim and is offered to prove the date of loss asserted is true.<br>FRE 901 – Lacks Authentication | | | Confirmation of Date of Loss<br>ASPEN 000081 (153) |
| 8 | FRE 402 – Relevance; Document does not make fact of consequence more or less likely than it would without.<br>FRE 403 – Evidence confuses the issue and misleads the jury.<br>FRE 901 – Lacks Authentication | | | Dugas Letter of Representation<br>ASPEN 000167 (153) |
| 9 | A | | | Denial of Claim - Nacogdoches<br>ASPEN 000170-000172 (153) |
| 10 | A | | | DTPA Notice and Demand Letter - Nacogdoches<br>ASPEN 000292-000293 (153) |
| 11 | A | | | Texas Insurance Code Notice - Nacogdoches<br>ASPEN 000294-000295 (153) |

| 12 | A | | | Acknowledgement of Claim  - Longview ASPEN 000065-000069 (154) |
|----|---|---|---|---|
| 13 | FRE 402 – Relevance. FRE 403 – Evidence confuses the issue and misleads the jury. FRE 901 – Lacks Authentication | | | Dugas Letter of Representation ASPEN 000280 (154) |
| 14 | A | | | Denial of Claim - Longview ASPEN 000139-000140 (154) |
| 15 | A | | | DTPA Notice and Demand Letter - Longview ASPEN 000274-000275 (154) |
| 16 | A | | | Texas Insurance Code Notice - Longview ASPEN 000272-000273 (154) |
| 17 | FRE 802 – Hearsay; document contains out of court statements for the truth of the matter asserted regarding hail damage, roof condition, and other facts at issue in the trial. FRE 901 – Lacks Authentication | | | Sedgwick Report No. 4  10/09/2019 ASPEN 000417-000481 (154) |

| | | | | |
|---|---|---|---|---|
| 18 | FRE 802 – Hearsay; document contains out of court statements for the truth of the matter asserted regarding hail damage, roof condition, and other facts at issue in the trial. FRE 901 – Lacks Authentication | | | Sedgwick Report No. 5  11/11/2019 ASPEN 000484-000491 (154) |
| 19 | FRE 802 – Hearsay; document contains out of court statements for the truth of the matter asserted regarding hail damage, roof condition, and other facts at issue in the trial. FRE 901 – Lacks Authentication | | | Sedgwick Report No. 6 01/06/2020 ASPEN 000493-000498 (154) |
| 20 | A | | | Aspen Underwriting File ASPEN 000502-000683 (154) |
| 21 | W/D | | | JS Held Report - Nacogdoches JSHELD 003351-003407 |
| 22 | A | | | JS Held Aerial of Property- Nacogdoches JSHELD 001126 |

| 23 | A, subject to redactions | | | JS Held Interior Inspections - Nacogdoches JSHELD 003363-003364 |
| 24 | A, subject to redactions | | | JS Held Leak Map and Interior Inspection JSHELD 001391-001407 |
| 25 | A | | | Hail Events Database - Nacogdoches JSHELD 001343-001344 |
| 26 | A, subject to redactions | | | Photos of Roof JSHELD 001348-001368 |
| 27 | W/D | | | French Engineering Report - Nacogdoches FRENCH 007837-007894 |
| 28 | A | | | Aerial of Location of Storm - Nacogdoches FRENCH 007788 |
| 29 | A, subject to redactions | | | Aerial History of Roofs - Nacogdoches FRENCH 007884-007887 |
| 30 | A, subject to redactions | | | Photographs - Nacogdoches FRENCH 007838-007882 |
| 31 | A | | | Hail Events Database - Nacogdoches FRENCH 007888-007891 |
| 32 | A | | | Hypothetical Replacement Scope and Cost Evaluation - Nacogdoches. UBS 07995-07997 |
| 33 | A | | | Projected Potential Scope and Cost Valuation - Nacogdoches UBS 07993-07994 |
| 34 | A | | | Roof Diagram - Nacogdoches UBS 07992 |
| 35 | A, subject to redactions | | | Photographs UBS 07984-07991 |
| 36 | W/D | | | JS Held Report - Longview JSHELD 000769-000837 |
| 37 | A, subject to redactions | | | JS Held Aerial of Property- Longview JSHELD 000085 |

| | | | | |
|---|---|---|---|---|
| 38 | A, subject to redactions | | | JS Held Location of Storm - Longview JSHELD 000223 |
| 39 | A | | | Hail Events Database - Longview JSHELD 000243-000246 |
| 40 | A, subject to redactions | | | Photos of Roof JSHELD 000820-000837 |
| 41 | W/D | | | French Engineering Report - Longview FRENCH 003514-003588 |
| 42 | A, subject to redactions | | | Aerial of Location of Storm - Longview FRENCH 003403 |
| 43 | FRE 402 – Relevance; the aerial photo does not make a fact of consequence more or less likely than without the photo. FRE 901 – Authentication (appears to be unauthenticated internet photos) | | | Aerial History of Roofs - Longview FRENCH 003562-003567 |
| 44 | A, subject to redactions | | | Photographs - Longview FRENCH 003515-003560 |
| 45 | A | | | Hail Events Database - Longview FRENCH 003572-003575 |
| 46 | A | | | Hypothetical Replacement Scope and Cost Evaluation - Longview UBS 05931-05933 |
| 47 | A | | | Projected Potential Scope and Cost Valuation - Nacogdoches UBS 05929-05930 |

| 48 | A | | | Roof Diagram - Longview<br>UBS 05922-05928 |
| 49 | A | | | Photographs<br>UBS 05910-05921 |
| 50 | A | | | Stonewater Roofing Company Records |
| 51 | A | | | Insurance Adjusters Group Records |
| 52 | FRE 802 – Hearsay; hearsay within hearsay. FRE 901 – Lacks Authentication. | | | Sedgwick Claim File |
| 53 | W/D | | | French Engineering Report - Nacogdoches, July 21, 2021 Inspection Report |
| 54 | A | | | Storm Events Database - Nacogdoches Appendix A to FE July 21, 2021 Inspection Report |
| 55 | A | | | Aerial of Location of Storm - Nacogdoches Appendix B to FE July 21, 2021 Inspection Report |
| 56 | A | | | NWS - Climate Data - Nacogdoches Appendix C to FE July 21, 2021 Inspection Report |
| 57 | A, subject to redactions | | | Photographic and Infrared Aerial of Roofs  - Nacogdoches Appendix D to FE July 21, 2021 Inspection Report |
| 58 | A, subject to redactions | | | B-HCE Photographs  - Nacogdoches Appendix E to FE July 21, 2021 Inspection Report |
| 59 | A, subject to redactions | | | Aerial History of Roof  - Nacogdoches Appendix F to FE July 21, 2021 Inspection |

| | | | | |
|---|---|---|---|---|
| 60 | FRE 802 – Hearsay; assertions that certain repairs for water leaks were made to the roof on June 10, 2017, and is being asserted to show the repairs to the roof were made for water leaks prior to asserted DOL.<br>FRE 901 – Lacks Authentication. | | | Job Work Orders  - Nacogdoches Appendix G to FE July 21, 2021 Inspection Report  YIN 000098-YIN000103 |
| 61 | A | | | NRCA Roofing and Waterproofing Manual 5th Ed.<br>Appendix H to FE July 21, 2021 Inspection Report |
| 62 | A | | | Firestone Building Products Appendix H to FE July 21, 2021 Inspection Report |
| 63 | A | | | Dibiten Specification and Application Manual<br>Appendix H to FE July 21, 2021 Inspection Report |
| 64 | A, subject to redactions | | | Roof Leak Locations Appendix I to FE July 21, 2021 Inspection Report |
| 65 | A, subject to redactions | | | Photographs of Roof Appendix J to FE July 21, 2021 Inspection Report |

| | | | | |
|---|---|---|---|---|
| 66 | FRE 802 – Hearsay; hearsay within hearsay statements from non- parties. FRE 901 – Lack of Authentication | | | Spreadsheet of Reported Tenant Roof Leaks by JSH and B-HCE Appendix K to FE July 21, 2021 Inspection Report |
| 67 | FRE 802 – Hearsay FRE 901 – Lack of Authentication | | | Tenant Information from July 21, 2021 Inspection UBS Expert File |
| 68 | A, subject to redactions | | | Interior Roof Leak Locations UBS Expert |
| 69 | A, subject to redactions | | | UBS Interior Photographs from July 21, 2021 Inspection UBS 08055-08214 |
| 70 | A, subject to redactions | | | UBS Refrigerant Lines Photographs from July 21, 2021 Inspection UBS 07998-08003 |
| 71 | A, subject to redactions | | | UBS Corrosion Damage Photographs from July 21, 2021 Inspection UBS 08004-08020 |
| 72 | A, subject to redactions | | | UBS Corrosion at Roof Photographs from July 21, 2021 Inspection UBS 08021-08031 |
| 73 | A, subject to redactions | | | UBS Water Stains Photographs from July 21, 2021 Inspection UBS 08032-08050 |
| 74 | A, subject to redactions | | | UBS CEI Roof Markings Photographs from July 21, 2021 Inspection UBS 07998-08003 |

As to exhibit shown on this list, the parties agree to the admissibility of the exhibit as denoted by (A), the exhibit is withdrawn as denoted by (W/D) or the admissibility of the exhibit is objected to and the nature and legal basis of the objection by Yin Investments is so stated.

Respectfully submitted,

**ZABEL FREEMAN**

By:     */s/ John J. Smither*
Brook F. Minx
State Bar No. 00789905
bminx@zflawfirm.com
John J. Smither
State Bar No. 00789637
jsmither@zflawfirm.com
Thomas A. Zabel
State Bar No. 22235500
tzabel@zflawfirm.com
1135 Heights Blvd.
Houston, Texas 77008
(713) 802-9117
(713) 802-9114 (Fax)

**ATTORNEYS FOR PLAINTIFF,
ASPEN SPECIALTY INSURANCE
COMPANY**

**CERTIFICATE OF CONFERENCE AND CONFORMITY**
**WITH THE COURT'S AMENDED SCHEDULING ORDER**


This Certifies that the parties met and conferred regarding the admissibility of each exhibit listed above.  This further certifies that counsel for Defendant has agreed to the admissibility of the exhibits above where noted.  For those exhibits not agreed to, the objections listed above constitute the nature and legal basis of any objection to admissibility.


*/s/ Vinny P. Circelli*
Vinny P. Circelli
Counsel for Yin Investments

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the foregoing instrument has been served on the following counsel of record via e-mail on September 20, 2021:

Vincent P. Circelli, Esq.
Kelli L. Walter, Esq.
Circelli & Walter, PLLC
Tindall Square Warehouse
500 E. 4th Street, Suite 250
Fort Worth, Texas 76102

Preston J. Dugas, III
Preston Dugas Law Firm, PLLC
1701 River Run, Suite 703
Fort Worth, Texas 76107


*/s/ John J. Smither*
John J. Smither

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| ASPEN SPECIALTY INSURANCE COMPANY, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:20-cv-00153 |
| | § | |
| | § | |
| YIN INVESTMENTS USA, LP, | § | |
| *Defendant.* | § | |

## ASPEN SPECIALTY INSURANCE COMPANY'S OBJECTIONS TO DEFENDANT'S DEPOSITION EXCERPTS

| | | |
|---|---|---|
| Judge J. Campbell Barker | PLAINTIFF'S ATTORNEY: Thomas A. Zabel, Brook M. Minx and John J. Smither | DEFENDANT'S ATTORNEY: Vincent P. Circelli Preston j. Dugas |
| TRIAL DATE(S): November 1, 2021 | COURT REPORTER: | COURTROOM DEPUTY: |

| Deposition | Withdrawn(W/D) | Page/Line | Objection |
|---|---|---|---|
| Carlson | | 26/17-23 | Hearsay |
| | | 40/23-1/6 | Hearsay; Relevance; Lack of Foundation |
| | | | |
| Anniello | | 48/23-49/4 | Calls for speculation; Lack of Foundation |
| | W/D | 70/9-14 | |
| | | 72/10-24 | Hearsay; Relevance; Lack of Foundation |
| | | 74/7-15 | Hearsay; Lack of Foundation |

| | | 80/16-25 | Hearsay; Lack of Foundation |
|---|---|---|---|
| | | 85/12-16 | Relevance |
| | | 91/13-92/18 | Calls for a Legal Conclusion; Lack of Foundation |
| | W/D | 99/22-100/3 | |
| | W/D | 135/19-21 | |
| | W/D | 136/3-7 | |
| | | | |
| Bertschi | | 45/17-46/7 | Relevance |
| | W/D | 50/20-22 | |
| | W/D | 74/14-15 | |
| | W/D | 76/19-24 | |
| | W/D | 76/25-77/4 | |
| | W/D | 79/1-2 | |
| | | 83/12-84/17 | Calls for Speculation; Lack of Foundation; Hearsay |
| | | 86/7-12 | Calls for Speculation; Lack of Foundation; Hearsay |
| | W/D | 93/24-94/3 | |

Respectfully submitted,

**ZABEL FREEMAN**

By:     */s/ John J. Smither*
        Brook F. Minx
        State Bar No. 00789905
        bminx@zflawfirm.com
        John J. Smither
        State Bar No. 00789637
        jsmither@zflawfirm.com
        Thomas A. Zabel
        State Bar No. 22235500
        tzabel@zflawfirm.com
        1135 Heights Blvd.
        Houston, Texas 77008
        (713) 802-9117
        (713) 802-9114 (Fax)

**ATTORNEYS FOR PLAINTIFF,
ASPEN SPECIALTY INSURANCE COMPANY**

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that a true and correct copy of the foregoing instrument has been served on the following counsel of record via e-mail on September 20, 2021:

Vincent P. Circelli, Esq.
Kelli L. Walter, Esq.
Circelli & Walter, PLLC
Tindall Square Warehouse
500 E. 4th Street, Suite 250
Fort Worth, Texas 76102

Preston J. Dugas, III
Preston Dugas Law Firm, PLLC
1701 River Run, Suite 703
Fort Worth, Texas 76107

        */s/ John J. Smither*
        John J. Smither

# YIN INVESTMENTS PRETRIAL ORDER ATTACHMENTS

Witness List

Deposition Excerpts

Exhibit List

Objections to Aspen's Exhibit List

Objections to Pretrial Order

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ASPEN SPECIALTY INSURANCE, COMPANY<br>        *Plaintiff,* | §<br>§<br>§<br>§ | |
| v. | §<br>§<br>§ | CIVIL ACTION NO. 6:20-cv-00153 |
| YIN INVESTMENTS USA, LP,<br>        *Defendant.* | §<br>§<br>§<br>§ | |

## DEFENDANT'S WITNESS LIST

| | | |
|---|---|---|
| Judge J. Campbell Barker | PLAINTIFF'S ATTORNEY:<br>Preston J. Dugas, III<br>Vincent P. Circelli<br>Kelli L. Walter | DEFENDANT'S ATTORNEY:<br>Brook Minx<br>John Smither<br>Thomas A. Zabel |
| TRIAL DATE(S):<br>November 1, 2021 | COURT REPORTER: | COURTROOM DEPUTY: |

| No. [1] | Witness<br><br>Employer<br><br>Topic of Testimony | Will Call ("W")<br><br>May Call ("M")<br><br>Unlikely to Call ("U") | Expected testimony duration |
|---|---|---|---|
| 1. | **John Yin**<br>Yin Investments USA, LP<br><br>Yin is expected to testify regarding the claims, the Properties, the condition of the Properties before and after the storms, the maintenance of the Properties and as a representative of Defendant. | W | 2 hours |

---

[1] This is not the order these witnesses will likely be called at trial, as Defendant is still considering trial order.  Defendant will comply with the parties' agreements regarding the disclosure of the order of trial witnesses.

| No. [1] | Witness<br><br>Employer<br><br>Topic of Testimony | Will Call ("W")<br><br>May Call ("M")<br><br>Unlikely to Call ("U") | Expected testimony duration |
|---|---|---|---|
| 2. | **Preston Dugas**<br>PRESTON DUGAS LAW FIRM, PLLC<br><br>Mr. Dugas is designated as a testifying expert on the reasonableness and necessity of Defendant's attorney's fees. | W | 2 hours |
| 3. | **Duane Smith**<br>Insurance Adjusters Group<br><br>Mr. Smith is expected to testify regarding the damage sustained by the Properties and the amount it will cost to repair and/or replace the damaged property and was hired by Defendant. Smith is also expected to testify about his observations of the inspection by Plaintiff when he was present. | W | 1/2 hour |
| 4. | **Steve Shannon**<br>Disaster Response Group LLC<br>663 North 132nd Street, Suite 164<br>Omaha, NE 68154<br>844.736.3374<br>Mr. Shannon is expected to testify as to the reasonable costs to repair and/or replace the properties and is a designated, retained testifying expert. | W | 2 hours |
| 5. | **Bryan C. Hill, P.E.**<br>B-Hill Consulting Engineers<br><br>Mr. Hill is expected to testify as to the damage sustained to the Properties, the cause of the damage, and the repairs necessary to repair and/or replace the damaged property and is a designated, retained testifying expert. | W | 2 hours |

| No. [1] | Witness<br><br>Employer<br><br>Topic of Testimony | Will Call ("W")<br><br>May Call ("M")<br><br>Unlikely to Call ("U") | Expected testimony duration |
|---|---|---|---|
| | | | |
| 6. | **Corporate Representative of Plaintiff/Counter-Defendant Aspen**<br><br>Plaintiff may be called to testify regarding its claim handling process and its claims and defenses in this case. | M | 1/2 hour |
| 7. | **Roland Browne**<br>Stone Water Roofing, Ltd. Co.<br>924 W. Houston<br>Tyler, Texas 75702<br>(903) 266-1205<br><br>Mr. Browne is a roofer who may be called to testify about his personal observations regarding the damage to the roofs and costs of repair and replacement. | M | 1/2 hour |

Defendant may also call certain witnesses by deposition that are listed in Defendant's Deposition Designations being filed herewith, and such time will not exceed two additional hours.

Respectfully submitted,

*/s/ Vincent P. Circelli*
Vincent P. Circelli
State Bar No. 24058804
vcircelli@circelliwalterlaw.com
Kelli L. Walter
State Bar No. 24074576
kwalter@circelliwalterlaw.com
**CIRCELLI & WALTER, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
(817) 697-4942 telephone
(817) 697-4944 facsimile

Preston J. Dugas III
State Bar No. 24050189
preston@pjdlawfirm.com
**PRESTON DUGAS LAW FIRM, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone: (817) 945-3061
Facsimile: (682) 219-0761

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Federal Rules of Civil Procedure on September 20, 2021 in manner described below:

Brook F. Minx
John J. Smither
Thomas A. Zabel
**ZABEL FREEMAN**
1135 Heights Blvd.
Houston, Texas 77008

*/s/ Vincent P. Circelli*
Vincent P. Circelli

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ASPEN SPECIALTY INSURANCE, COMPANY<br>        *Plaintiff*, | § § § § |
| v. | § § |
| YIN INVESTMENTS USA, LP,<br>        *Defendant*. | § § § § |

CIVIL ACTION NO. 6:20-cv-00153

---

## DEFENDANT'S DEPOSITION DESIGNATIONS

---

TO THE HONORABLE JUDGE BARKER:

COMES NOW, YIN INVESTMENTS USA, LP, Defendant in the above-entitled and numbered cause, and files these its trial deposition designations, together with Plaintiff's counter-designations and objections:

| No. | Witness | Defendant's Designations | Plaintiff's Counter Designations | Plaintiff's Objections |
|---|---|---|---|---|
| 1. | **Anthony Anniello**<br>c/o Brook F. Minx<br>ZABEL FREEMAN<br>1135 Heights Blvd.<br>Houston, Texas 77008<br>Tel: (713) 802-9117<br>Fax: (713) 802-9114 | 4:5-5:11<br>6:5-6:13<br>6:14<br>8:17-21<br>9:17-20<br>10:20-24<br>14:6-9 (end with "Sedgwick.")<br>16:4-7<br>16:9-17:1<br>17:3-6<br>17:8-16<br>18:24-19:2<br>19:4<br>19:18-21<br>19:23<br>22:23-25 | | |

| No. | Witness | Defendant's Designations | Plaintiff's Counter Designations | Plaintiff's Objections |
|-----|---------|--------------------------|----------------------------------|------------------------|
| | | 23:4-15 | | |
| | | 36:13-18 | | |
| | | 37:4-8 | 37:21-24 | |
| | | 39:1-3 | 38:14-25 | |
| | | 39:9 (beginning with "You haven't…")-12 | | |
| | | 39:14-16 | 39:17-19, 21-25 | |
| | | 41:18-42:1 | | |
| | | 42:3-4 | | |
| | | 45:1-8 | | |
| | | 45:11-17 | | |
| | | 47:1 (beginning with "Does Aspen…")-4 | | |
| | | 47:6 | 47:7-12, 14 | |
| | | 48:23-49:2 | | |
| | | 49:4 | | |
| | | 66:14-18 | | |
| | | 70:9 (beginning with "If you saw…")-14 | 70:17-25 | 70:9-14 Calls for speculation; Vague |
| | | 71:10-19 | 71:1-2, 4-9 | |
| | | 72:10 (beginning with …"so the…")-24 | | |
| | | 74:7-13 | | |
| | | 74:15-20 | 75:1-19, 21-25 | |
| | | 74:22 | 76:1-13, 15-21, 23-25 | |
| | | 80:16-25 | 77:1-16, 21-25 | |
| | | 85:12-14 | 78:1-7 | |
| | | 85:16 | | |
| | | 86:4-6 | | |
| | | 87:13-21 | | |
| | | 87:23 | | |
| | | 88:8-17 | | |
| | | 89:23-90:1 | | |
| | | 90:16-18 | | |
| | | 90:22-91:6 | | |
| | | 91:13-15 | | |
| | | 91:17-19 | | |
| | | 91:21-24 | | |
| | | 92:1-5 | | |
| | | 92:7-11 | | |
| | | 92:13-18 | | |
| | | 99:22-25 | | 99:22-100:3 Calls for |
| | | 100:2-3 | | |

| No. | Witness | Defendant's Designations | Plaintiff's Counter Designations | Plaintiff's Objections |
|---|---|---|---|---|
| | | 102:25-103:5<br>104:15-20<br>104:24-105:8<br>105:10-15<br>107:24-108:3<br>111:1-13<br>111:17-22<br>112:2-7<br>134:18-23<br>135:19-21<br>(Ending with "No.")<br>136:3-7 | 103:6-9, 11-23<br><br><br>105:17-25<br><br><br><br><br><br>135:21-24 | Speculation<br><br><br><br><br><br><br><br><br>135:19-21<br>Relevance<br>136:3-7<br>Relevance |
| 2. | **Charles Allen Bertschi**<br>c/o Brook F. Minx<br>ZABEL FREEMAN<br>1135 Heights Blvd.<br>Houston, Texas<br>77008<br>Tel: (713) 802-9117<br>Fax: (713) 802-9114 | 4:10-5:10<br>6:2-3<br>6:6-8<br>6:16-22<br>32:13-15<br>32:17-18<br>33:4-8<br>44:2-10<br>44:23-24<br>45:1<br>45:5-9<br>45:11<br>45:17-46:7<br>46:12-13<br>46:15<br>48:19-49:2<br>50:20-22<br>51:2-4<br>55:25-56:2<br>56:4-8<br>70:3-7<br>71:3-8<br>71:16-17<br>71:22-72:2<br>72:4-7<br>72:15-21<br>72:25-73:17<br>74:14-15<br>74:19-75:3 | 42: 2-4<br><br><br><br><br><br><br><br><br><br><br>50: 23-24<br>51:1, 5-7 | |

| No. | Witness | Defendant's Designations | Plaintiff's Counter Designations | Plaintiff's Objections |
|-----|---------|--------------------------|----------------------------------|------------------------|
| | | 75:5-8<br>75:10<br>75:18-20<br>76:3-11<br>76:19-21<br>76:23-77:2<br>77:4<br>77:19-21<br>77:23<br>78:10-12<br>78:14-17<br>78:19-20<br>79:1-2<br>81:12-18<br>81:22-82:5<br>82:19-83:6<br>83:12-20<br>83:22-84:8<br>84:10-15<br>84:17<br>86:7-12<br>93:24-94:1<br>94:3<br>94:7<br>94:9-17<br>94:25-95:10 | 83: 7-11<br><br>85: 1-3, 5-9, 11-16<br><br><br>96: 4-8, 10-11 | 83:12-84:17<br>Calls for Speculation; Lack of Foundation; Hearsay |
| 3. | **Chris Carlson**<br>c/o Brook F. Minx<br>ZABEL FREEMAN<br>1135 Heights Blvd.<br>Houston,       Texas<br>77008<br>Tel: (713) 802-9117<br>Fax:(713) 802-9114 | 5:1-2<br>5:5-10<br>7:22-24<br>8:5-14<br>9:1-6<br>9:14-20<br>10:12-15<br>10:19-11:15<br>11:18-21<br>19:16-25<br>20:4-9<br>20:18-21<br>20:23-21:15<br>22:23-23:12<br>26:17-21<br>26:23-27:7 | | |

| No. | Witness | Defendant's Designations | Plaintiff's Counter Designations | Plaintiff's Objections |
|---|---|---|---|---|
| | | 27:9-16<br>27:18-28:1<br>28:11-14<br>28:24-29:10<br>30:15-23<br>31:3-12<br>31:18-20<br>32:1-11<br>32:13-19<br>33:4-18<br>35:5-18<br>35:20-36:7<br>36:9-16<br>36:18-37:7<br>38:13-39:2<br>39:4<br>39:24-41:6<br>46:6-10<br>47:10-14<br>48:3-7 | 28:15-19<br><br><br><br><br><br>33:19-34:25<br>35:2-4 | |

Respectfully submitted,

*/s/ Vincent P. Circelli*
Vincent P. Circelli
State Bar No. 24058804
vcircelli@circelliwalterlaw.com
Kelli L. Walter
State Bar No. 24074576
kwalter@circelliwalterlaw.com
**CIRCELLI & WALTER, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
(817) 697-4942 telephone
(817) 697-4944 facsimile

Preston J. Dugas III
State Bar No. 24050189
preston@pjdlawfirm.com
**PRESTON DUGAS LAW FIRM, PLLC**

1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone: (817) 945-3061
Facsimile: (682) 219-0761

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Federal Rules of Civil Procedure on September 20, 2021 to the following:

Brook F. Minx
John J. Smither
Thomas A. Zabel
**ZABEL FREEMAN**
1135 Heights Blvd.
Houston, Texas 77008

*/s/ Vincent P. Circelli*
Vincent P. Circelli

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ASPEN SPECIALTY INSURANCE, COMPANY<br>        *Plaintiff,*<br><br>v.<br><br><br>YIN INVESTMENTS USA, LP,<br>        *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 6:20-cv-00153 |

---

## DEFENDANT'S EXHIBIT LIST

---

| | | |
|---|---|---|
| Judge J. Campbell Barker | PLAINTIFF'S ATTORNEY:<br>Preston J. Dugas, III<br>Vincent P. Circelli<br>Kelli L. Walter | DEFENDANT'S ATTORNEY:<br>Brook Minx<br>John Smither<br>Thomas A. Zabel |
| TRIAL DATE(S):<br>November 1, 2021 | COURT REPORTER: | COURTROOM DEPUTY: |

| EX. NUMBER | DATE OFFERED | ADMITTED | DESCRIPTION | BATES LABEL | AGREEMENT OR PLAINTIFF'S OBJECTION |
|---|---|---|---|---|---|
| 1. | | | Insurance Policy, effective date December 12, 2018 | (153) ASPEN 000345-000414 | Agreed |
| 2. | | | Insurance Policy, effective date December 12, 2017 | (154) ASPEN 000001-000062 | Agreed (as modified to page number) |
| 3. | | | RRI Coverage Page | (153) ASPEN 000502-000503 | Relevance; Hearsay; Lack of Foundation as to Lay Witness offering expert opinion as to the maintenance of the building. |

| 4. | | | RRI Photo Supplement | (153) ASPEN 000512-000520 | Agreed subject to redaction of narratives on photos |
|---|---|---|---|---|---|
| 5. | | | Commercial Insurance Application | (153) ASPEN 000522-000531 | Relevance; Hearsay |
| 6. | | | Aspen November 14, 2017 Letter | (153) ASPEN 000568-000572 | Relevance; Hearsay |
| 7. | | | Premium Payment | (153 & 154) ASPEN 000603 | Relevance |
| 8. | | | R. Smith Email dated August 8, 2019 | (153) ASPEN 000068- | Hearsay |
| 9. | | | York Letter dated August 9, 2019 (ROR) | (154) ASPEN 000071-000075 | Agreed |
| 10. | | | Bertschi Email dated August 19, 2021 | (153) ASPEN 000078 | Agreed |
| 11. | | | D. Smith Email | (153) ASPEN 000129-000136 | Agreed subject to redaction of narratives on photos |
| 12. | | | D. Smith Letter dated August 26, 2019 | (153 & 154) ASPEN 000092 | Agreed subject to redaction of narratives on photos |
| 13. | | | Minx Email dated December 16, 2019 | (153 & 154) ASPEN 000168-000169 | Agreed |
| 14. | | | Denial Letter December 13, 2019 | (153) ASPEN 000170-000172 | Agreed |
| 15. | | | Denial Letter dated December 16, 2019 | (154) ASPEN 000139-000140 | Agreed |
| 16. | | | 542A Notice Letter | (154) ASPEN 000272-000273 | Agreed |
| 17. | | | DTPA Demand | (154) ASPEN 000274-000275 | Agreed |
| 18. | | | 542A Notice Letter | (153) ASPEN 000294-000295 | Agreed |

| 19. | | | DTPA Demand | (153) ASPEN 000292-000293 | Agreed |
|---|---|---|---|---|---|
| 20. | | | Underwriting File | (154) ASPEN 000502-000520 | Agreed |
| 21. | | | Aspen Insurance Claim Guidelines | (153) ASPEN 000296-000344 | Agreed |
| 22. | | | Hail Impact Report | Sedgwick 00368 | Agreed |
| 23. | | | Aspen Performance Appraisal Review Forms for Anthony Anniello | (153) ASPEN 000415-000533 | Agreed |
| 24. | | | Anthony Anniello Email dated July 27, 2009 | (153) ASPEN 000534-000535 | Relevance; Hearsay |
| 25. | | | Invoice and Claim File | Sedgwick 00071-00079 | Agreed |
| 26. | | | Defendant's Notice of Intention to take Oral and Videotaped Deposition of Anthony Anniello | Anniello Depo Ex. 1 | Relevance; Hearsay |
| 27. | Withdrawn by agreement | | | | |
| 28. | | | Defendant's Notice of Intention to take Oral and Videotaped Deposition of Chris Carlson | Carlson Depo Ex. 1 | Relevance; Hearsay |
| 29. | Withdrawn by agreement | | | | |
| 30. | Withdrawn by agreement | | | | |
| 31. | | | Attachment 3 to Steve Shannon | SHANNON_0000 08-000543 | Agreed subject to redaction of narratives on photos |

| | | | Expert Report for Nacogdoches | | |
|---|---|---|---|---|---|
| 32. | | | Attachment 4 to Steve Shannon Expert Report for Nacogdoches | SHANNON_0005 44-000551 | Agreed subject to redaction of narrative in estimate |
| 33. | | | Attachment 5 to Steve Shannon Expert Report for Nacogdoches | SHANNON_0005 52-000553 | Agreed |
| 34. | | | Attachment 6 to Steve Shannon Expert Report for Nacogdoches | SHANNON_0005 54-000555 | Agreed |
| 35. | Withdrawn by agreement | | | | |
| 36. | | | Attachment 8 to Steve Shannon Expert Report for Nacogdoches | SHANNON_0006 87-000759 | Agreed subject to redaction of narratives on photos |
| 37. | Withdrawn by agreement | | | | |
| 38. | | | Attachment 3 to Steve Shannon Expert Report for Longview | SHANNON_0010 63-001544 | Agreed |
| 39. | | | Attachment 4 to Steve Shannon Expert Report for Longview | SHANNON_0015 45-001549 | Agreed subject to redaction of narrative |
| 40. | Withdrawn by agreement | | | | |
| 41. | Withdrawn by agreement | | | | |
| 42. | | | Attachment 7 to Steve Shannon Expert Report for Longview | SHANNON_0019 24-001936 | Agreed subject to redaction of narratives on photos |
| 43. | | | Attachment to Bryan Hill Report – Photographs for Longview | HILL_000025-000080 | Agreed subject to redaction of narratives on photos |

| | | | | | |
|---|---|---|---|---|---|
| 44. | | | Attachment to Bryan Hill Report – Schematic Roof Plan for Longview | HILL_000081 | Agreed subject to redaction of narratives on photos |
| 45. | | | Attachment to Bryan Hill Report – A/C Damage Assessment for Longview | HILL_000082 | Relevance; Hearsay; Lack of Foundation as to Witness offering an expert opinion as to the damage to AC units |
| 46. | | | Attachment to Bryan Hill Report – Weather Report for Longview | HILL_000083-000096 | Agreed |
| 47. | Withdrawn by agreement | | | | |
| 48. | | | Attachment to Bryan Hill Report – Photographs for Nacogdoches | HILL_000128-000207 | Agreed subject to redaction of narratives on photos |
| 49. | | | Attachment to Bryan Hill Report – Schematic Roof Plan for Nacogdoches | HILL_000208-000213 | Agreed subject to redaction of narratives on photos |
| 50. | | | Attachment to Bryan Hill Report – A/C Damage Assessment for Nacogdoches | HILL_000214-000216 | Relevance; Hearsay; Lack of Foundation as to Witness offering an expert opinion as to the damage to AC units |
| 51. | | | Attachment to Bryan Hill Report – Weather Report for Nacogdoches | HILL_000217-000226 | Agreed |
| 52. | Withdrawn by agreement | | | | |
| 53. | | | Photographs | HILL_YIN_000963-001269 | Agreed subject to redaction of narratives on photos |
| 54. | | | Photographs | HILL_YIN_001270-001905 | Agreed subject to redaction of narratives on photos |

| | | | | | |
|---|---|---|---|---|---|
| 55. | | | Photographs | HILL_YIN-001907-002228 | Agreed subject to redaction of narratives on photos |
| 56. | | | Photographs | HILL_YIN-002229-2458 | Agreed subject to redaction of narratives on photos |
| 57. | | | Photographs | HILL_YIN-002459-002602 | Agreed subject to redaction of narratives on photos |
| 58. | | | Photographs | HILL_YIN-003797-003995 | Agreed subject to redaction of narratives on photos, and redaction of personal identifying information such as business cards and license plates |
| 59. | | | Photographs taken by Duane Smith produced to Aspen | | Agreed subject to redaction of narratives on photos (though directional indications may remain) |
| 60. | | | Attorney Client Agreement | YIN_000086-000088 | Agreed |
| 61. | | | Attorney Summary of Attorney Time as of March 23, 2021 | YIN_000104-000105 | Hearsay; Lack of Proper Foundation |

Yin also reserves the right to use any exhibit listed on any other party's exhibit list. Yin further

reserves the right to introduce additional exhibits for purposes of impeachment or rebuttal.

Respectfully submitted,

/s/ Vincent P. Circelli
Vincent P. Circelli
State Bar No. 24058804
vcircelli@circelliwalterlaw.com
Kelli L. Walter
State Bar No. 24074576
kwalter@circelliwalterlaw.com
**CIRCELLI & WALTER, PLLC**
1701 River Run, Suite 703

Fort Worth, Texas 76107
(817) 697-4942 telephone
(817) 697-4944 facsimile

Preston J. Dugas III
State Bar No. 24050189
preston@pjdlawfirm.com
**PRESTON DUGAS LAW FIRM, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone: (817) 945-3061
Facsimile: (682) 219-0761

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE AND CONFORMITY
## WITH THE COURT'S AMENDED SCHEDULING ORDER

This Certifies that the parties met and conferred regarding the admissibility of each exhibit listed above. This further certifies that counsel for Plaintiff has agreed to the admissibility of the exhibits above where noted. For those exhibits not agreed to, the objections listed above constitute the nature and legal basis of any objection to admissibility.

_/s/ John Smither_
John Smither
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Federal Rules of Civil Procedure on September 20, 2021 in manner described below:

Brook F. Minx
John J. Smither
Thomas A. Zabel
**ZABEL FREEMAN**
1135 Heights Blvd.
Houston, Texas 77008

_/s/ Vincent P. Circelli_
Vincent P. Circelli

# PROPOSED JURY QUESTIONNAIRE AND VOIR DIRE QUESTIONS

| 1.  Name:<br><br>Age:<br><br>What part of Dallas do you live in? | 2. Highest grade you completed in school?<br><br>If college, please list any degrees received and major area of study: | 3.  If you or a loved one were seriously harmed by someone's negligence, would you file a lawsuit?<br><br>☐YES         ☐NO |
| --- | --- | --- |
| 4.  Who is your current employer, if retired or not working, what was your last job?<br><br>What is/were your job title and duties:<br><br><br>Type of business: | 5.  Marital/relationship status:<br><br>Significant other's educational background:<br><br>His/her occupation:<br><br>His/her job duties: | 6.  Number of children and stepchildren and ages:<br><br>Children's occupations:<br><br><br>Parents' occupations (or previous occupations if retired or deceased): |
| 7.  Are you a:<br><br>☐Democrat<br>☐Republican<br>☐Independent<br>☐Tea Party<br>☐Other_____ | 8. Which group do you identify with most?<br><br>☐Executives<br>☐Managers<br>☐Workers | 9.  There should be laws making it more difficult to file a lawsuit.<br><br>☐Strongly agree<br>☐Agree<br>☐Disagree<br>☐Strongly disagree |
| 10.  Have you or someone close ever been a Plaintiff (person suing) or Defendant (person being sued) in a civil lawsuit?<br>  ☐YES         ☐NO<br>If YES, describe the case:<br><br>How did you feel about the outcome? | 11.  Have you ever served on a jury?<br><br>☐YES         ☐NO<br><br>If YES, what was the case about?<br><br>What was the verdict?<br><br>Were you the foreman? | 12. Have you or someone close ever owned a business or been senior manager of a company?<br><br>☐YES         ☐NO<br><br>If YES, who and what kind of business?<br><br>Was that business ever sued? |
| 13.  Have you or someone close ever worked for a company that does claims adjusting?<br><br>☐YES         ☐NO<br><br>If YES, who, for what company(ies) and what was this person's job? | 14.  What is your religion?<br><br>Are you a member of any organizations (including religious or unions)?<br>☐YES         ☐NO<br><br>If YES, what organizations? | 15. Have you or someone close ever worked in the legal field?<br><br>☐YES         ☐NO<br><br>If YES, who, for what company/office, and what was this person's job? |

| | | |
|---|---|---|
| 16. Have you, any family members or friends ever worked for, owned stock in or done business with Aspen Insurance or Yin Investments<br><br>YES          NO<br><br>If YES, please describe: | 17. Have you or someone close ever worked in the Insurance industry, including as a contractor?<br><br>YES          NO<br><br>If YES, please explain: | 18. In general, what are your feelings about hail damage lawsuits? |
| 19.  Have you ever been in charge of risk management at your place of work?<br><br>YES          NO | 20. Have you, a close friend, or a family member ever been involved in a business dispute?<br><br>YES          NO<br><br>If YES, please explain: | 21. There are too many restrictions and regulations placed on companies today.<br><br>☐ Strongly agree<br>☐ Agree<br>☐ Disagree<br>☐ Strongly disagree |
| 22. Have you ever made a claim against an insurance company?<br><br>YES          NO<br><br>If YES, please explain: | 23. People try to take advantage of insurance companies when they make claims.<br><br>☐ Strongly agree<br>☐ Agree<br>☐ Disagree<br>☐ Strongly disagree | 24. This trial could last one week.  Is there any reason you could not serve? |
| | | |

2

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| **ASPEN SPECIALTY INSURANCE COMPANY,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:20-cv-00153** |
| | § | |
| | § | |
| **YIN INVESTMENTS USA, LP,** | § | |
| *Defendant.* | § | |

### ASPEN SPECIALTY INSURANCE COMPANY'S PROPOSED VOIR DIRE QUESTIONS

| | PLAINTIFF'S ATTORNEY: | DEFENDANT'S ATTORNEY: |
|---|---|---|
| Judge J. Campbell Barker | Thomas A. Zabel, Brook F. Minx and John J. Smither | Vincent P. Circelli Preston j. Dugas |
| TRIAL DATE(S): November 1, 2021 | COURT REPORTER: | COURTROOM DEPUTY: |

Plaintiff Aspen Specialty Insurance Company ("Aspen") submits this proposed *voir dire*. Aspen reserves the right to amend, withdraw, or supplement its proposed *voir dire* based on any *voir dire* propounded by the Defendant, and the jury panel's responses thereto, as well as the Court's ruling on any pending motions, including but not limited to Aspen's Motions for Summary Judgment and Aspen's Motion *in Limine*.  Defendant objects to those questions highlighted in red.

1. The Plaintiff in this matter is Aspen Specialty Insurance Company.
  a. Are you familiar with Aspen Specialty Insurance Company, or any other company or entity Aspen?
  b. Have any of you had any dealings with any of the Aspen entities – whether purchasing insurance from Aspen or making a claim on an Aspen insurance policy whether as a policyholder or third party?

2.      The Defendant is Yin Investments USA, LP.
        a.      Are you familiar with any of this Defendant? If so, please explain.

3.      Yin Investments owns and operates two shopping centers: the  University Park Plaza Shopping Center in Nacogdoches, Texas    and the PosteHaste Shopping Center in Longview, Texas.  Do any of you know of Yin Investments from your familiarity with or patronage of University Park Plaza Shopping Center or the PosteHaste Shopping Center?  If so, please explain.

4.      Have you, or any member of your immediate family, to your knowledge, ever worked for or been employed by any of the Defendant?  If so, please explain.

5.      Are you acquainted with or do you have any knowledge of any of the attorneys involved in this case?
        a.      Vincent P. Circelli and Kelli L. Walter of Circelli & Walter, PLLC or Preston J. Dugas, III of Preston Dugas Law Firm, PLLC, who represent Yin Investments;
        b.      Thomas A. Zabel, Brook F. Minx and John J. Smither and the law firm of Zabel Freeman, who represents Aspen Specialty Insurance Company.

        If so, please explain.

6.      Have you or any members of your immediate family ever been represented by these attorneys or their firms?

7.      Do any of you know or are any of you related by blood or marriage to any of the attorneys involved in this case? Friendship?

8.      Do any of you know or are any of you related by blood or marriage to anyone who works with these attorneys or their law firms?

9.      Have you ever served on a jury before?  If so,
        a.      What did the case involve; and
        b.      What was the result?

10.     The following people have been listed by the parties as witnesses in this case:
   a.     Mario Martinez;
   b.     Steve Linscheid;
   c.     Anthony Anniello;
   d.     CA Bertschi;
   e.     Bryan Hill;
   f.     Steve Shannon; and
   g.     John Yin.
   Do you know or have any association with any of the potential witnesses in this case? If so, please describe the nature of your knowledge or association.

11.     Have you or has any member of your family or your friends been involved in a situation in which you made a claim for damage to your home or business? If so, was the claim resolved to your satisfaction? Was it resolved prior to litigation?  If so, please explain. Will this experience affect your consideration of this case?

12.     Have you ever had, or do you know someone who has had, a claim against an insurer for which a lawsuit was filed?  If so, please explain.

13.     Have you or has any member of your family ever been associated with the real estate appraisal profession?  If so, please explain.

14.     Have you or has any member of your family ever been associated with the real estate sales business?  If so, please explain.

15.     Have you or has any member of your family ever been associated with the construction business and, in particular , the roofing business?  If so, please explain.

16.     Do you or does any member of your family have training or work experience in law or a legal business or field?  If so, please explain.

17.     Do any of you own property other than your homes?  If so, please describe.

18.     Have any of you ever owned, operated or managed any commercial real estate?  If so, please explain.

19.     Do any of you own a business?  If so,

- 3 -

      a.     What kind of business?
      b.     How many employees?
      c.     Where is it located?

20.   Have you, or has any member of your immediate family, ever been a party in a lawsuit?  If so,
      a.     What kind of a case was it?
      b.     What was the result?

21.   Have you, or has any member of your immediate family, ever been a witness in a lawsuit?  If so, were you or your family member called as a witness by the plaintiff or the defendant?

22.   Have you, or has any member of your immediate family, ever been involved with building or developing a commercial property? If so, please explain.

23.   Have you, or has any member of your immediate family, ever had any business contact with any of the parties?

24.   Have you or any members of your family ever been involved with the construction industry in any way? If so, please explain.

25.   Have you or any members of your family ever had any insurance agreement covering a commercial property which you own, manage or operate?  If so, please explain if any claims ever made on the insurance.

26.   <span style="color:red">Have you or any members of your family ever worked as a roofer, adjuster, engineer or estimator?</span>

27.   Have you or any members of your family ever worked for a construction, commercial real estate or insurance  company?

28.   <span style="color:red">How many of you have claim a claim on insurance policy for damage to your property?</span>
      a.     <span style="color:red">How was your property damaged?</span>
      b.     <span style="color:red">Did you report the damage within 30 days?</span>

29.   Have you or any members of your family ever had to deal with insurance claim issues of any kind?

30.   Have you, or has any member of your immediate family, to your knowledge, ever sued an insurance company?  If so, please explain.

31.   Would the fact that this case involves an insurance claim influence you that you could not be fair and impartial in deciding the issues involved in this case?

32.   Under the law, a company or business is entitled to be treated the same as a private individual. Would any of you have any difficulty in accepting that principle?

33.   In a dispute between an insured and an insurance company, would you automatically side with the insured?

34.   Is anyone here so opposed to insurance companies for any reason that it would affect your consideration of this case which is between insurance company and an insured? How difficult would it be for you to set aside these views?

35.   Have you ever heard of this particular case before?  If so, please explain.

36.   Do you believe that you can follow the instructions given to you by the Court even if you personally disagree with the law as set forth in the instructions?

37.   Do you know of any reason why you could not serve as a fair and impartial juror in this matter?  If so, please explain.

Respectfully submitted,

**ZABEL FREEMAN**


By:    _/s/ John J. Smither_
        Brook F. Minx
        State Bar No. 00789905
        bminx@zflawfirm.com
        John J. Smither
        State Bar No. 00789637
        jsmither@zflawfirm.com
        Thomas A. Zabel
        State Bar No. 22235500
        tzabel@zflawfirm.com
        1135 Heights Blvd.
        Houston, Texas 77008
        (713) 802-9117
        (713) 802-9114 (Fax)

**ATTORNEYS FOR PLAINTIFF,
ASPEN SPECIALTY INSURANCE
COMPANY**

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that a true and correct copy of the foregoing instrument has been served on the following counsel of record via e-mail on September 20, 2021:

Vincent P. Circelli, Esq.
Kelli L. Walter, Esq.
Circelli & Walter, PLLC
Tindall Square Warehouse
500 E. 4th Street, Suite 250
Fort Worth, Texas 76102

Preston J. Dugas, III
Preston Dugas Law Firm, PLLC
1701 River Run, Suite 703
Fort Worth, Texas 76107


　　/s/ John J. Smither　　　　
John J. Smither

# PROPOSED JURY CHARGE

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **ASPEN SPECIALTY INSURANCE COMPANY,** | § § | |
| *Plaintiff,* | § | **CIVIL ACTION NO.** |
| | § | **6:20-cv-00153** |
| **v.** | § | |
| | § | |
| **YIN INVESTMENTS USA, LP,** | § | |
| *Defendant.* | § | |

## JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

Plaintiff/Counter-Defendant Aspen Specialty Insurance Company and Defendant/Counter-

Plaintiff Yin Investments USA, LP file the attached Joint Proposed Jury Instructions and Verdict

Form.

Respectfully submitted,

**ZABEL FREEMAN**

By:    */s/ John J. Smither*
        Brook F. Minx, SBN 00789905
        bminx@zflawfirm.com
        John J. Smither, SBN 00789637
        jsmither@zflawfirm.com
        Thomas A. Zabel, SBN 22235500
        tzabel@zflawfirm.com
        1135 Heights Blvd.
        Houston, Texas 77008
        (713) 802-9117
        (713) 802-9114 (Fax)

**ATTORNEYS FOR PLAINTIFF/COUNTER-DEFENDANT ASPEN SPECIALTY INSURANCE COMPANY**

**CIRCELLI & WALTER, PLLC**

By:    */s/ Vincent P. Circelli*
        Vincent P. Circelli, SBN 24058804
        vcircelli@circelliwalterlaw.com
        Kelli L. Walter, SBN 24074576
        kwalter@circelliwalterlaw.com
        1701 River Run, Suite 703
        Fort Worth, Texas 76107
        (817) 697-4942
        (817) 697-4944 (Fax)

--and—

        **PRESTON DUGAS LAW FIRM, PLLC**
        Preston J. Dugas III, SBN 24050189
        preston@pjdlawfirm.com
        1701 River Run, Suite 703
        Fort Worth, Texas 76107
        (817) 945-3061
        (682) 219-0761

**ATTORNEYS FOR DEFENDANT/COUNTER-PLAINTIFF YIN INVESTMENTS USA, LP**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Aspen Specialty Insurance Company's Proposed Jury Charge has been served on all counsel of record via electronic filing on September 17, 2021:

        */s/ John J. Smither*
        John J. Smither

<div align="center">

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

</div>

| | | |
|---|---|---|
| **ASPEN SPECIALTY INSURANCE** | § | |
| **COMPANY,** | § | |
| *Plaintiff,* | § | **CIVIL ACTION NOS.** |
| | § | **6:20-cv-00153** |
| **v.** | § | |
| | § | |
| **YIN INVESTMENTS USA, LP,** | § | |
| *Defendant.* | § | |

<div align="center">

**PROPOSED CHARGE**

</div>

MEMBERS OF THE JURY:

A.    INTRODUCTION

It is my duty and responsibility to instruct you on the law that you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. Do not let bias,

<div align="center">

1

</div>

prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

B.    BURDEN OF PROOF

The parties have the burden of proving their respective claims by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that either party has failed to prove any element of its claim by a preponderance of the evidence, then it may not recover on that claim.

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven. Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

C.    WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

D.    EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

E.    NO INFERENCE FROM FILING SUIT

The fact that a party brought a lawsuit and is in court seeking relief creates no inference that the party is entitled to judgment.  Anyone may make a claim and file a lawsuit.  The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

F.    DEFINITIONS

For purposes of this charge, you are given the following definitions for terms used throughout this charge:

1.    "Aspen" means Aspen Specialty Insurance Company.

2.    "Yin Investments" means Yin Investments USA, LP.

3.    "The 2017 Policy" means the policy of Aspen Specialty Insurance Company Policy No. PRAAW7U17, effective December 12, 2017 to December 12, 2018, issued to Yin Investments.

4.    "The 2018 Policy" means Aspen Specialty Insurance Company Policy No. PR00A4018, effective December 12, 2018 to December 12, 2019, issued to Yin Investments.

5.    "The University Drive Property" means the commercial property located at 3205 N. University Dr., Nacogdoches, Texas 75965.

6.    "The West Loop 281 Property" means the commercial property located at 410-414 W. Loop 281, Longview, Texas 75506.

7.    "Properties" as used herein means "The University Drive Property" and "The West Loop 281 Property."

G.    DUTY TO DELIBERATE

After you retire to the jury room, you will select your own presiding juror.  The first thing the presiding juror will do is have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror—

1.    To preside during your deliberations;

2.    To see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge;

3.      To write out and hand to the marshal any communications concerning the case that you desire to have delivered to the judge;

4.      To vote on the questions;

5.      To write your answer to the questions in the spaces provided; and

6.      To certify to your verdict in the space provided below for the presiding juror's signature.

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

You should not discuss the case with anyone, not even with other members of the jury unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

Remember at all time, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. The presiding juror will then inform the marshal at the door of the jury room that you have reached a verdict, and then you will return to the courtroom with your verdict. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Signed this _____ day of _____, 2021, in Tyler, Texas.

_____
UNITED STATES DISTRICT JUDGE

## INSTRUCTION NO. 1

       In answering questions about damages, answer each question *separately*.  Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. **Do not speculate about Yin Investment's proportionate liability for damages.**[1]  Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.[2]

Given:_____
Refused:_____
Modified as follows:_____

_____

_____


_____
UNITED STATES DISTRICT JUDGE

---

[1] There is no support for this portion of the instruction in PJC 100.12, and it is an improper comment on the weight of the evidence.
[2] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 100.12 (Business) (2020). Yin offer.

QUESTION NO. 1

Did Yin Investments give Aspen prompt notice of its claim for damages, if any, to the West Loop 281 Property that were **solely[3] caused by the March 10, 2018 hail storm**?[4][5]

You are instructed that prompt notice under the 2017 Policy requires Yin Investments to give notice of damages to the West Loop 281 Property within a reasonable time [6]**after Yin Investments discovered or should have discovered the damages after the March 10, 2018 hail storm taking into consideration all of the facts and circumstances surrounding the occurrence.**[7]

Answer "Yes" or "No."

Answer:_____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____

_____
UNITED STATES DISTRICT JUDGE

---

[3] *Travelers Indemn. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971). Aspen offer.
[4] Yin objects to inclusion of this question in its entirety because Aspen did not specifically plead failure of condition precedent. In the event the Court rules in favor of Yin on its Motion for Summary Judgment, submission of this question is improper.
[5] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.60 (Business) (2020); ASPEN 000041. Aspen offer.
[6] *Ridglea Estate Condominium Ass'n v. Lexington Ins. Co.*, 415 F.3d 474, 479 (5th Cir. 2005). Aspen offer.
[7] Aspen objects that this addition to the instruction is improper and not in accord with the PJC and also seeks to shift the burden of proof.

## QUESTION NO. 1A

**Was Aspen prejudiced by Yin Investment's failure to give Aspen prompt notice of its claim for damages, if any, to the West Loop 281 Property that were caused by the March 10, 2018 hail storm?[8]**


**Answer "Yes" or "No."**

**Answer** _____

---

[8] Aspen objects that this question is incomplete and not in accord with the PJC.

If you answered "No" to Question No. 1, then answer the following question. Otherwise, do not answer the following question.

<u>QUESTION NO. 2</u>

Was Aspen prejudiced by Yin Investment's failure to give prompt notice of its claim for damages, if any, to the West Loop 281 Property that were **solely**[9] caused by the March 10, 2018 hail storm?[10]

You are instructed that prejudice means Aspen was unable to timely and adequately investigate the circumstances of the March 10, 2018 hail storm in order to adjust Yin Investment's claim for damages.[11]

Answer "Yes" or "No."

Answer:_____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____

_____
UNITED STATES DISTRICT JUDGE

---

[9] *Travelers Indemn. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971). Aspen offer.
[10] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.60 (Business) (2020). Aspen offer.
[11] *Blanton v. Vesta Lloyds Ins. Co.,* 185 S.W.3d 607, 615 (Tex. App.—Dallas 2006, no pet.). Aspen offer.

<u>QUESTION NO. 3</u>

Did Yin Investments give Aspen prompt notice of its claim for damages, if any, to the University Drive Property that were **solely**[12] caused by the May 9, 2019 hail storm?[13] [14]

You are instructed that prompt notice under the 2018 Policy requires Yin Investments to give notice of damages to the University Drive Property within a reasonable time after the May 9, 2019 hail storm. [15]

Answer "Yes" or "No."

Answer: _____

Given: _____
Refused: _____
Modified as follows: _____
_____
_____

_____
UNITED STATES DISTRICT JUDGE

---

[12] *Travelers Indemn. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971).  Aspen offer.
[13] Yin objects to inclusion of this question in its entirety because Aspen did not specifically plead failure of condition precedent.  In the event the Court rules in favor of Yin on its Motion for Summary Judgment, submission of this question is improper.
[14] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.60 (Business) (2020); ASPEN 00381.  Aspen offer.
[15] *Ridglea Estate Condominium Ass'n v. Lexington Ins. Co.*, 415 F.3d 474, 479 (5th Cir. 2005).  Aspen offer.

9

If you answered "No" to Question No. 3, then answer the following question.  Otherwise, do not answer the following question.

QUESTION NO. 4

Was  Aspen prejudiced by Yin Investment's failure to give prompt notice of its claim for damages, if any, to the University Drive Property that were **solely**[16] caused by the May 9, 2019 hail storm?[17]

> **You are instructed that prompt notice under the Policy requires Yin Investments to give notice of damages to the University Drive Property within a reasonable time after the May 9, 2019 hail storm[18] taking into consideration all of the facts and circumstances surrounding the occurrence.[19]**
>
> You are instructed that prejudice means Aspen was unable to investigate the circumstances of the May 9, 2019 hail storm to timely and adequately adjust Yin Investment's claim for damages.[20]

Answer "Yes" or "No."

Answer:_____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____


_____
UNITED STATES DISTRICT JUDGE

---

[16] *Travelers Indemn. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971).  Aspen offer.
[17] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.60 (Business) (2020).  Aspen offer.
[18] Aspen objects that this addition to the instruction is improper and not in accord with the PJC and also seeks to shift the burden of proof.
[19] *See Employers Casualty Co. v. Scott Electric*, 513 S.W.2d 642, 645 (Tex. Civ. App.—Corpus Christi 1974, no writ); *see also Ridglea Estate Condominium Ass'n v. Lexington Ins. Co*., 415 F.3d 474, 479 (5th Cir. 2005).
[20] *Blanton v. Vesta Lloyds Ins. Co.,* 185 S.W.3d 607, 615 (Tex. App.—Dallas, no pet.).  Aspen offer.

## QUESTION NO. 2A

Was Aspen prejudiced by Yin Investment's failure to give Aspen prompt notice of its claim for damages, if any, to the University Drive Property that were caused by the May 9, 2019 hail storm?[21][22]

Answer "Yes" or "No."

Answer _____

---

[21] Yin Offer.
[22] Aspen objects that this question is incomplete and not in accord with the PJC.

<u>QUESTION NO. 5</u>

Did Aspen fail to comply with the 2017 Policy by failing to pay for the damages, if any, to the West Loop 281 Property that were **solely**[23] caused by the March 10/11, 2018 hail storm?

**You are instructed that the 2017 Policy issued to Yin Investments covers the damages arising from a storm that occurred on or about March 10, 2018, including for losses to its roof systems and interior damages resulting from this covered event.[24]**

**You are instructed Yin Investments is entitled to recover only that portion of damage to the West Loop 281 Property [25]caused by the March 10/11, 2018 hail storm.  You are further instructed that Yin Investments must allocate damages caused by the March 10, 2018 hail storm from damages caused by other perils outside the 2017 Policy period.**

**You are instructed that Aspen failed to comply with the 2017 Policy if it failed to pay for direct physical loss or damage, if any, solely caused by or resulting from the March 10, 2018 hail storm.[26]**

**You are further instructed that Aspen is liable for the actions of the independent adjusters, employees, agents or contractors, who failed to comply with the insurance policy agreement.[27][28]**

Answer "Yes" or "No."

Answer :_____

Given:_____

---

[23] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.57 (Business) (2020). Aspen offer.

[24] Aspen objects that this instruction is not in accord with PJC 101.57, reflects an incorrect burden of proof, is an improper comment on the weight of the evidence, and does not accurately reflect the policy language.  ASPEN 000031.

[25] Yin objects to the word "solely" because the instruction submitted instructs the jury to consider only damage related to the relevant storm event, rendering the term "solely" redundant and confusing.  In addition, Questions 5 and 6 below, based on PJC 101.58, allocate damages by asking the amount of damage caused by the covered risk and instructing the jury not to consider damage caused by an excluded risk.  *See* 101.58; Comment to PJC 101.57.

[26] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.57 (Business) (2020).

[27] *Natividad v. Alexsis, Inc*., 875 S.W.2d 695, 698 (Tex. 1994).

[28] Aspen objects that this instruction improperly imposes legal duties on third parties and is an improper comment on the weight of the evidence.

Refused:_____

Modified as follows:_____

_____

_____

_____

UNITED STATES DISTRICT JUDGE

<u>QUESTION NO. 6</u>[29]

If you answered "Yes" to Question No. 5, then answer the following question.  Otherwise, do not answer the following question.

**Was Aspen's failure to comply excused?**[30] [31]

You are instructed that Aspen's failure to comply is excused if Yin Investments failed to allocate damages caused by the March 10, 2018 hail storm from damages caused by other perils outside the 2017 Policy period.

Answer "Yes" or "No."

Answer:_____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____

_____
UNITED STATES DISTRICT JUDGE

---

[29] Defendant objects to this question because it was added after the deadline of the charge exchange.

[30] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.59 (Business) (2020). Aspen offer.

[31] Yin objects because the instructions proposed by Plaintiff to Questions 3 and 4 make this question redundant, unnecessary, and confusing to the jury.  Question 3 instructs the jury to that "Yin Investments is entitled to recover only that portion of damage to the West Loop 281 Property caused by the March 10/11, 2018 hail storm.  You are further instructed that Yin Investments must allocate damages caused by the March 10/11, 2018 hail storm from damages caused by other perils outside the 2017 Policy period."  This question proposed by Aspen is based on PJC 101.21, which is used for instructions listed in PJC 101.22-101.33.  This instruction related to allocating damages is not one of the instructions anticipated to be used with this question (101.21), and it is Plaintiffs' position that this is better suited as an instruction to Questions 3 and 4

If you answered "Yes" to Question to No. 5 and "No" to Question No. 6, then answer the following question. Otherwise, do not answer the following question.

<u>QUESTION NO. 7</u>

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Yin Investments for its damages, if any, to the West Loop 281 Property that were solely caused by the March 10, 2018 hail storm?[32]

**Answer in dollars and cents, if any:[33]**

**Answer:** _____

You are instructed that the 2017 Policy requires Aspen to pay for direct physical loss or damage, if any, that occurred during the Policy period that was **solely** caused by the March 10, 2018 hail storm unless such damage is excluded by the Policy.[34]

Do not include in your answer damages, if any caused by the following excluded causes under the 2017 Policy:

(1)     "Wear and tear," including:

(a) "rust or other corrosion, decay, deterioration, hidden or latent defect, or any quilting in the property that causes it to damage or destroy itself";

(b) "settling, cracking, shirking or expansion"; and

(c) "neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss."

(2)     "Faulty, inadequate, or defective:

(a) design, specifications, workmanship, repair, construction, renovation, or remodeling;

(b) materials used in repair, construction, renovation, or remodeling; and

(c) maintenance.[35]

---

[32] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.58 (Business) (2020). Aspen offer.
[33] Yin objects to the phrase "or 'None'" as redundant and confusing, as the PJC states "Answer in dollars and cents for damages, if any." PJC 101.58
[34] Aspen policy coverage language at ASPEN 000031.
[35] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.59 (Business) (2020).

**Answer in dollars and cents, if any:**

**Answer:** _____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____

_____
UNITED STATES DISTRICT JUDGE

<u>QUESTION NO. 8</u>

Did Aspen fail to comply with the 2018 Policy by failing to pay for the damages, if any, to the University Drive Property that were **solely** [36] caused by the May 9, 2019 hail storm?

**Answer in dollars and cents, if any:** [37]

**Answer:** _____

**You are instructed that the 2018 Policy issued to Yin Investments covers the damages arising from a storm that occurred on or about May 9, 2019, including for losses to its roof systems and interior damages resulting from this covered event.** [38]

**You are instructed that Aspen failed to comply with the 2018 Policy if it failed to pay for direct physical loss or damage, if any, solely caused by or resulting from the March 10, 2018 hail storm.** [39]

**You are further instructed that Aspen is liable for the actions of the independent adjusters, employees, agents or contractors, who failed to comply with the insurance policy agreement.** [40][41]

Answer "Yes" or "No."

Answer:_____

Given:_____

Refused:_____

Modified as follows:_____

_____

_____

_____

UNITED STATES DISTRICT JUDGE

---

[36] Yin objects to the word "solely" because the instruction submitted instructs the jury to consider only damage related to the relevant storm event, rendering the term "solely" redundant and confusing. In addition, Questions 5 and 6 below, based on PJC 101.58, allocate damages by asking the amount of damage caused by the covered risk and instructing the jury not to consider damage caused by an excluded risk. *See* 101.58; Comment to PJC 101.57.STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.57 (Business) (2020).

[37] Yin objects to the phrase "or 'None'" as redundant and confusing, as the PJC states "Answer in dollars and cents for damages, if any." PJC 101.58

[38] Aspen objects that this instruction is not in accord with PJC 101.57, reflects an incorrect burden of proof , is an improper comment on the weight of the evidence, and does not accurately reflect the policy language. ASPEN 000371

[39] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.57 (Business) (2020).

[40] *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994).

[41] Aspen objects that this instruction improperly imposes legal duties on third parties and is an improper comment on the weight of the evidence.

If you answered "Yes" to Question No. 8, then answer the following question. Otherwise, do not answer the following question.

QUESTION NO. 9[42]

**Was Aspen's failure to comply excused?**[43] [44]

You are instructed that Aspen's failure to comply is excused if Yin Investments failed to allocate damages caused by the May 9, 2019 hail storm from damages caused by other perils outside the 2018 Policy period.

Answer "Yes" or "No."

Answer:_____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____

_____
UNITED STATES DISTRICT JUDGE

---

[42] Defendant objects to this question because it was added after the deadline of the charge exchange.

[43] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.59 (Business) (2020).

[44] Yin objects because the instructions proposed by Plaintiff to Questions 3 and 4 make this question redundant, unnecessary, and confusing to the jury. Question 3 instructs the jury that "Yin Investments is entitled to recover only that portion of damage to the University Drive Property caused by the May 9, 2019 hail storm. You are further instructed that Yin Investments must allocate damages caused by the May 9, 2019 hail storm from damages caused by other perils outside the 2018 Policy period." This question proposed by Aspen is based on PJC 101.21, which is used for instructions listed in PJC 101.22-101.33. This instruction related to allocating damages is not one of the instructions anticipated to be used with this question (101.21), and it is Plaintiffs' position that this is better suited as an instruction to Questions 3 and 4.

If you answered "Yes" to Question No. 8 and "No" to Question No. 9, then answer the following question.  Otherwise, do not answer the following question.

QUESTION NO. 10

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Yin Investments for its damages, if any, to the University Drive Property that were **solely** [45] caused by the May 9, 2019 hail storm?[46]

**Answer in dollars and cents, if any:** [47]

**Answer:** _____

You are instructed that the 2018 Policy requires Aspen to pay for direct physical loss or damage, if any, that occurred during the Policy period that was **solely** caused by the May 9, 2019 hail storm unless such damage is excluded by the Policy.[48]

Do not include in your answer damages, if any caused by the following excluded causes under the 2017 Policy:

(1)     "Wear and tear," including:

    (a) "rust or other corrosion, decay, deterioration, hidden or latent defect, or any quilting in the property that causes it to damage or destroy itself";

    (b)  "settling, cracking, shirking or expansion"; and

    (c) "neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss."

(2)     "Faulty, inadequate, or defective:

    (a) design, specifications, workmanship, repair, construction, renovation, or remodeling;

    (b) materials used in repair, construction, renovation, or remodeling; and

---

[45] Yin objects to the word "solely" because the instruction submitted instructs the jury to consider only damage related to the relevant storm event, rendering the term "solely" redundant and confusing.  In addition, Questions 5 and 6 below, based on PJC 101.58, allocate damages by asking the amount of damage caused by the covered risk and instructing the jury not to consider damage caused by an excluded risk.  *See* 101.58; Comment to PJC 101.57.
[46] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.58 (Business) (2020).
[47] Yin objects to the phrase "or 'None'" as redundant and confusing, as the PJC states "Answer in dollars and cents for damages, if any." PJC 101.58
[48] Aspen policy coverage language at ASPEN 000041.

(c) maintenance.[49]

**Answer in dollars and cents, if any.**

**Answer: $**_____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____

_____
UNITED STATES DISTRICT JUDGE

---

[49] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.59 (Business) (2020).

QUESTION NO. 11

If you answered "Yes" to Question No. 5 and "No" to Question No. 6, then answer the following question. Otherwise do not answer the following question.

Did Aspen engage in any unfair or deceptive act or practice that caused damages to Yin Investments with respect to its claim under the 2017 Policy for damages to the West Loop 281 Property that were **solely** caused by the March 10, 2018 hail storm?[50]

"Unfair or deceptive act or practice" means any of the following:[51]

**Misrepresenting to Yin Investments a material fact or policy provision relating to the coverage at issue;**

**Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Aspen's liability had become reasonably clear;**

**Failing to provide promptly to Yin Investments a reasonable explanation of the basis in the 2017 Policy, in relation to the facts or applicable law, for Aspen's denial of a claim or offer of a compromise settlement of a claim;**

**Failing within a reasonable time to affirm or deny coverage of a claim to Yin Investments or submit a reservation of rights to Yin Investments;**

**Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;[52]**

**Making an untrue statement of material fact;**

**Failing to state a material fact necessary to make other statements not misleading considering the circumstances under which the statements were made;**

**Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;**

**Making a material misstatement of law;[53] or**

---

[50] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.14 (DTPA/Insurance Code) (2020). Aspen version.
[51] Aspen objects that the instructions are not in accordance with the PJC, which does not require a separate response to each unfair or deceptive act or practice listed.
[52] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.18 (DTPA/Insurance Code) (2020).
[53] Aspen objects that instruction is improper as it requires the identification of any misstatement of law. STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.19 (DTPA/Insurance Code) (2020).

Failing to disclose a matter required by law to be disclosed.[54][55]
**You are instructed that Aspen is liable for the actions of the independent adjusters, employees, agents or contractors, who failed to comply with the insurance policy agreement.[56][57]**

Answer "Yes" or "No."

Answer:_____

**"Unfair or deceptive act or practice" means any of the following:[58] ANSWER YES OR NO**

    **(a)**    **misrepresenting to Yin a material fact or policy provision relating to coverage at issue;**    _____

    **(b)**    **failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;**    _____

    **(c)**    **failing to promptly provide Yin a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;**    _____

    **(d)**    **failing within a reasonable time to affirm or deny coverage of a claim to Yin or submit a reservation of rights to Yin; or**    _____

    **(e)**    **refusing to pay the claim without conducting a reasonable investigation with respect to the claim;[59] or**

    **(f)**    **making an untrue statement of material fact; or**    _____

    **(g)**    **failing to state a material fact necessary to other statements made not misleading considering the circumstances under which the statements were made; or**    _____

---

[54] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.19 (DTPA/Insurance Code) (2020).
[55] Aspen objects that instruction is improper as it requires the identification of any matter required by law to be disclosed. STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.19 (DTPA/Insurance Code) (2020).
[56] *Natividad v. Alexsis, Inc*., 875 S.W.2d 695, 698 (Tex. 1994).
[57] Aspen objects that this instruction imposes legal duties on third parties and improperly comments on the weight of the evidence.
[58] Yin version.
[59] PJC 102.18

  **(h)**  **making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; or**  _____

  **(i)**  **making a material misstatement of law; or**  _____

  **(j)**  **failing to disclose a matter required by law to be disclosed.**[60]  _____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____

         _____
         UNITED STATES DISTRICT JUDGE

---

[60] PJC 102.19

If you have answered "Yes" to Question No. 11, then answer the following question. Otherwise, do not answer the following question.[61]

QUESTION NO. 12

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Yin Investments for its damages, if any, that were caused by such unfair or deceptive act or practice?[62][63]

Consider the following element of damages, if any, and none other:

The reasonable and necessary cost to repair or replace the West Loop 281 Property that was **solely** caused by the March 10, 2018 hail storm.[64]

Answer in dollars and cents, if any.

Answer: $_____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____

_____
UNITED STATES DISTRICT JUDGE

---

[61] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.1 (Damages) (2020).
[62] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.13 (Damages) (2020).
[63] Aspen objects that this damage question is redundant as Question No. 7 already permits recorvery of cost or repair or replacement and the questions improperly permits a double recovery of the same damages.
[64] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.10 (Damages) (2020).

If you answered "Yes" to Question No. 11, then answer the following question.  Otherwise, do not answer the following question.

<u>QUESTION NO. 13</u>

Did Aspen engage in the unfair or deceptive act or practice knowingly?[65]

 "Knowingly" means actual awareness, at the time of the conduct, of the falsity, unfairness, or deceptiveness of the act or practice on which a claim for damages is based.  Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.[66]

 In answering this question, consider only the conduct that you have found was a producing cause of damages to Yin Investments.[67]

 **You are further instructed that Aspen is liable for the actions of the independent adjusters, employees, agents or contractors, who failed to comply with the insurance policy agreement.[68][69]**

 Answer "Yes" or "No."

 Answer:_____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____

_____
UNITED STATES DISTRICT JUDGE

---

[65] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.21 (DTPA/Insurance Code) (2020).
[66] TEX. INS. CODE § 541.002(1).
[67] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.21(DTPA/Insurance Code) (2020).
[68] *Natividad v. Alexsis, Inc*., 875 S.W.2d 695, 698 (Tex. 1994)
[69] Aspen objects that this instruction imposes legal duties on third parties and improperly comments on the weight of the evidence.

If you have answered "Yes" to Question No. 13, then answer the following question. Otherwise, do not answer the following question.[70]

<div align="center">QUESTION NO. 14</div>

What sum of money, if any, in addition to actual damages, should be awarded to Yin Investments against Aspen because Aspen's conduct was committed knowingly?[71]

"Actual damages" means the amounts of damages found in Question Nol. 12, if any.

Consider the following factors in awarding damages in addition to actual damages, if any:

> (a) The nature of the wrong;
>
> (b) The character of the conduct involved;
>
> (c) The degree of Aspen's culpability;
>
> (d) The situation and sensibilities of the parties concerned;
>
> (e) The extent to which such conduct offends a public sense of justice and propriety;
>
> (f) Aspen's net worth.[72]

Answer in dollars and cents, if any.

Answer: $_____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____

<div align="center">_____

UNITED STATES DISTRICT JUDGE</div>

---

[70] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.1 (Damages) (2020).

[71] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.11(Damages) (2020); *see also* TEX. INS. CODE § 541.152(b).

[72] *See Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 26-30 (Tex. 1994); *see also TXO Prod. Corp. v. Alliance Resources Corp.*, 509 U.S. 443 (1993); STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.38 (Damages) (2020).

QUESTION NO. 15

If you answered "Yes" to Question No. 8 and "No" to Question No. 9, then answer the following question.  Otherwise do not answer the following question.

Did Aspen engage in any unfair or deceptive act or practice that caused damages to Yin Investments with respect to its claim under the 2018 Policy for damages to the University Drive Property that were **solely** caused by the May 9, 2019 hail storm?[73]

"Unfair or deceptive act or practice" means any of the following:[74]

Misrepresenting to Yin Investments a material fact or policy provision relating to the coverage at issue;

Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Aspen's liability had become reasonably clear;

Failing to provide promptly to Yin Investments a reasonable explanation of the basis in the 2018 Policy, in relation to the facts or applicable law, for Aspen's denial of a claim or offer of a compromise settlement of a claim;

Failing within a reasonable time to affirm or deny coverage of a claim to Yin Investments or submit a reservation of rights to Yin Investments;

Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;[75]

Making an untrue statement of material fact;

Failing to state a material fact necessary to make other statements not misleading considering the circumstances under which the statements were made;

Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

**Making a material misstatement of law**;[76] or

**Failing to disclose a matter required by law to be disclosed**.[77][78]

---

[73] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.14 (DTPA/Insurance Code) (2020). Aspen version.
[74] Aspen objects that the instructions are not in accordance with the PJC, which does not require a separate response to each unfair or deceptive act or practice listed.
[75] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.18 (DTPA/Insurance Code) (2020).
[76] Aspen objects that instruction is improper as it requires the identification of any misstatement of law. STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.19 (DTPA/Insurance Code) (2020).
[77] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.19 (DTPA/Insurance Code) (2020).
[78] Aspen objects that instruction is improper as it requires the identification of any matter required by law to be disclosed. STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.19 (DTPA/Insurance Code) (2020).

You are instructed that Aspen is liable for the actions of the independent adjusters, employees, agents or contractors, who failed to comply with the insurance policy agreement.[79][80]

"Unfair or deceptive act or practice" means any of the following:[81] **ANSWER YES OR NO**

(a)    misrepresenting to Yin a material fact
or policy provision relating to coverage at issue;

_____

(b)    failing to attempt in good faith to effectuate a
prompt, fair, and equitable settlement of a claim
with respect to which the insurer's liability had
become reasonably clear;

_____

(c)    failing to promptly provide Yin a
reasonable explanation of the basis in the
policy, in relation to the facts or applicable
law, for the insurer's denial of a claim or
offer of a compromise settlement of a claim;

_____

(d)    failing within a reasonable time to affirm or deny
coverage of a claim to Yin or submit a
reservation of rights to Yin; or

_____

(e)    refusing to pay the claim without conducting a
reasonable investigation with respect to the claim;[82] or

(f)    making an untrue statement of material fact; or

_____

(g)    failing to state a material fact necessary to
other statements made not misleading
considering the circumstances under which the
statements were made; or

_____

(h)    making a statement in a manner that would mislead a
reasonably prudent person to a false conclusion of a
material fact; or

_____

(i)    making a material misstatement of law; or

_____

---

[79] *Natividad v. Alexsis, Inc*., 875 S.W.2d 695, 698 (Tex. 1994).
[80] Aspen objects that this instruction imposes legal duties on third parties and improperly comments on the weight of the evidence.
[81] Yin version.
[82] PJC 102.18

**(j)** **failing to disclose a matter required by law to be disclosed.**[83] _____

Answer "Yes" or "No."

Answer:_____

Given:_____
Refused:_____
Modified as follows:_____

_____

_____

_____
UNITED STATES DISTRICT JUDGE

---

[83] PJC 102.19

If you have answered "Yes" to Question No. 15, then answer the following question. Otherwise, do not answer the following question.[84]

QUESTION NO. 16

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Yin Investments for its damages, if any, that were caused by such unfair or deceptive act or practice?[85][86]

Consider the following element of damages, if any, and none other:

The reasonable and necessary cost to repair or replace the University Drive Property that was **solely** caused by the May 9, 2019 hail storm.[87]

Answer in dollars and cents, if any.

Answer: $_____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____

_____
UNITED STATES DISTRICT JUDGE

---

[84] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.1 (Damages) (2020).
[85] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.13 (Damages) (2020).
[86] Aspen objects that this damage question is redundant as Question No. 10 already permits recorvery of cost or repair or replacement and the questions improperly permits a double recovery of the same damages.
[87] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.10 (Damages) (2020).

If you answered "Yes" to Question No. 15, then answer the following question.  Otherwise, do not answer the following question.

<u>QUESTION NO. 17</u>

Did Aspen engage in the unfair or deceptive act or practice knowingly?[88]

> "Knowingly" means actual awareness, at the time of the conduct, of the falsity, unfairness, or deceptiveness of the act or practice on which a claim for damages is based.  Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.[89]

> In answering this question, consider only the conduct that you have found was a producing cause of damages to Yin Investments.[90]

> **You are further instructed that Aspen is liable for the actions of the independent adjusters, employees, agents or contractors, who failed to comply with the insurance policy agreement.[91][92]**

Answer "Yes" or "No."

Answer: _____

Given: _____

Refused: _____

Modified as follows: _____

_____

_____

_____

UNITED STATES DISTRICT JUDGE

---

[88] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.21 (DTPA/Insurance Code) (2020).
[89] TEX. INS. CODE § 541.002(1).
[90] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.21(DTPA/Insurance Code) (2020).
[91] *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994)
[92] Aspen objects that this instruction imposes legal duties on third parties and improperly comments on the weight of the evidence.

If you have answered "Yes" to Question No. 17, then answer the following question. Otherwise, do not answer the following question.[93]

<div align="center">QUESTION NO. 18</div>

What sum of money, if any, in addition to actual damages, should be awarded to Yin Investments against Aspen because Aspen's conduct was committed knowingly?[94]

"Actual damages" means the amounts of damages found in Question Nol. 12, if any.

Consider the following factors in awarding damages in addition to actual damages, if any:

      (a) The nature of the wrong;

      (b) The character of the conduct involved;

      (c) The degree of Aspen's culpability;

      (d) The situation and sensibilities of the parties concerned;

      (e) The extent to which such conduct offends a public sense of justice and propriety;

      (f) Aspen's net worth.[95]

Answer in dollars and cents, if any.

Answer: $_____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____

<div align="right">_____<br>UNITED STATES DISTRICT JUDGE</div>

---

[93] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.1 (Damages) (2020).
[94] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.11(Damages) (2020); *see also* TEX. INS. CODE § 541.152(b).
[95] *See Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 26-30 (Tex. 1994); *see also TXO Prod. Corp. v. Alliance Resources Corp.*, 509 U.S. 443 (1993); STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.38 (Damages) (2020).

## QUESTION NO. 19

By what date had Aspen received all items, statements, and forms it reasonably requested from Yin Investments that were necessary to decide whether to accept or reject the claim under the 2017 Policy for damage to the West Loop 281 Property that was **solely** caused by the March 10, 2018 hail storm?[96]

Answer with a date in the blank below.

Answer: _____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____

_____
UNITED STATES DISTRICT JUDGE

---

[96] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.28 (DTPA/Insurance Code) (2020); TEX. INS. CODE § 542.060.

QUESTION NO. 20

Did Aspen fail to pay Yin Investments' claim for damage to the West Loop 281 Property that was **solely** caused by the March 10, 2018 hail storm within sixty days of receiving all items, statements, and forms reasonably requested from Yin Investments that were necessary to decide whether to accept or reject the claim?[97]

"Day" means every day, including Saturdays, Sundays, and holidays.

Answer "Yes" or "No."

Answer:_____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____


_____
UNITED STATES DISTRICT JUDGE

---

[97] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.28 (DTPA/Insurance Code) (2020); TEX. INS. CODE § 542.058.

<u>QUESTION NO. 21</u>

By what date had Aspen received all items, statements, and forms it reasonably requested from Yin Investments that were necessary to decide whether to accept or reject the claim under the 2018 Policy for damage to the University Drive Property that was **solely** caused by the May 9, 2019 hail storm?[98]

Answer with a date in the blank below.

Answer: _____

Given:_____
Refused:_____
Modified as follows:_____

_____

_____


_____
UNITED STATES DISTRICT JUDGE

---

[98] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.28 (DTPA/Insurance Code) (2020); TEX. INS. CODE § 542.060.

<u>QUESTION NO. 22</u>

Did Aspen fail to pay Yin Investments' claim for damage to the University Drive Property that was **solely** caused by the May 9, 2019 hail storm within sixty days of receiving all items, statements, and forms reasonably requested from Yin Investments that were necessary to decide whether to accept or reject the claim?[99]

"Day" means every day, including Saturdays, Sundays, and holidays.

Answer "Yes" or "No."

Answer:_____

Given:_____
Refused:_____
Modified as follows:_____

_____

_____

_____
UNITED STATES DISTRICT JUDGE

---

[99] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.28 (DTPA/Insurance Code) (2020); TEX. INS. CODE § 542.058.

## QUESTION NO. 23

Did Aspen fail to comply with its duty of good faith and fair dealing to Yin Investments with respect to Yin Investments' claim for damage to the West Loop 281 Property that was **solely** caused by the March 10, 2018 hail storm?[100]

> **Aspen has a duty to deal fairly and in good faith with YIN in the process of payment of claims.  This duty is breached if:**
>
> **(1) there is an absence of a reasonable basis for denying or delaying payment of benefits under the policy , and**
>
> **(2) the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim.**
>
> **An insurer fails to comply with its duty of good faith and fair dealing if it did any of the following:**
>
> **Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear;**
>
> **Refusing to pay a claim without conducting a reasonable investigation of the claim; or**
>
> **Canceling an insurance policy without a reasonable basis.[101]**

**Aspen failed to comply with its duty of good faith and fair dealing if it did any of the following:**                                    **ANSWER YES OR NO**

> **(1) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear;**                                 _____
>
> **(2)  refusing to pay a claim without conducting a reasonable investigation of the claim; or**                                 _____
>
> **(3) canceling an insurance policy without a reasonable basis.[102]**

---

[100] Aspen objects that the instructions are not in accordance with the PJC, which does not require a separate response to each act listed.  Aspen version.
[101] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 103.1 (Good Faith and Fair Dealing) (2020).
[102] PJC 103.1. Yin version.

Answer "Yes" or "No."

Answer:_____

Given:_____
Refused:_____
Modified as follows:_____

_____
_____

_____
UNITED STATES DISTRICT JUDGE

If you answered "Yes" to Question No. 23, then answer the following question. Otherwise, do not answer the following question.

<u>QUESTION NO. 24</u>

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Yin Investments for its damages, if any, that were proximately caused by Aspen's failure to comply with its duty of good faith and fair dealing with respect to Yin Investments' claim for damage to the West Loop 281 Property that was **solely** caused by the March 10, 2018 hail storm? ?[103][104]

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.[105]

Answer in dollars and cents, if any.

Answer: $_____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____

_____
UNITED STATES DISTRICT JUDGE

---

[103] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.14 (Damages) (2020).
[104] Aspen objects that this damage question is redundant as Question No. 7 already permits recovery of cost or repair or replacement and the questions improperly permits a double recovery of the same damages.
[105] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 100.13 (Admonitory Instructions) (2020).

<u>QUESTION NO. 25</u>

Did Aspen fail to comply with its duty of good faith and fair dealing to Yin Investments with respect to Yin Investments' claim for damage to the University Drive Property that was **solely** caused by the May 9, 2019 hail storm?[106]

An insurer fails to comply with its duty of good faith and fair dealing if it did any of the following:

**Aspen has a duty to deal fairly and in good faith with YIN in the process of payment of claims. This duty is breached if:**

**(1) there is an absence of a reasonable basis for denying or delaying payment of benefits under the policy , and**

**(2) the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim.**

**Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear;**

**Refusing to pay a claim without conducting a reasonable investigation of the claim; or**

**Canceling an insurance policy without a reasonable basis.[107]**

**Aspen failed to comply with its duty of good faith and fair dealing if it did any of the following:**                    **ANSWER YES OR NO**

**(1) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear;**          _____

**(2)  refusing to pay a claim without conducting a reasonable investigation of the claim; or**          _____

**(3) canceling an insurance policy without a reasonable basis.[108]**

---

[106] Aspen objects that the instructions are not in accordance with the PJC, which does not require a separate response to each act listed.

[107] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 103.1 (Good Faith and Fair Dealing) (2020). Aspen version.

[108] PJC 103.1. Yin version.

Answer "Yes" or "No."

    Answer:_____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____

                  _____
                  UNITED STATES DISTRICT JUDGE

If you answered "Yes" to Question No. 25, then answer the following question.  Otherwise, do not answer the following question.

<div align="center">QUESTION NO. 26</div>

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Yin Investments for its damages, if any, that were proximately caused by Aspen's failure to comply with its duty of good faith and fair dealing with respect to Yin Investments' claim for damage to the University Drive Property that was **solely** caused by the May 9, 2019 hail storm?[109][110]

> "Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.[111]

Answer in dollars and cents, if any.

Answer: $_____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____

_____
UNITED STATES DISTRICT JUDGE

---

[109] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.14 (Damages) (2020).
[110] Aspen objects that this damage question is redundant as Question No. 10 already permits recovery of cost or repair or replacement and the questions improperly permits a double recovery of the same damages.
[111] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 100.13 (Admonitory Instructions) (2020).

If you answered "Yes" to Question No. 5 and "No" to Question No. 6, or "Yes" to Question No. 8 and "No" to Question No. 9, or "Yes" to Question No. ___, or "Yes" to Question No. ____, then answer the following question. Otherwise, do not answer the following question.

<u>QUESTION NO. 27</u>

What is a reasonable fee for the necessary services of Yin Investments' attorney in this case, stated in dollars and cents?[112]

A reasonable fee is the reasonable hours worked, and to be worked, multiplied by a reasonable hourly rate for that work.[113]

Do not include fees that relate solely to any other claim.[114]

**Factors to consider in determining a reasonable fee include the following:[115][116]**

1.  **The time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly.**

2.  **The likelihood that the acceptance of the particular employment will preclude other employment by the lawyer.**

3.  **The fee customarily charged in the locality for similar legal services.**

4.  **The amount involved and the results obtained.**

5.  **The time limitations imposed by the client or by the circumstances.**

6.  **The nature and length of the professional relationship with the client.**

7.  **The experience, reputation, and ability of the lawyer or lawyers performing the services.**

8.  **Whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.**

Answer with an amount in dollars and cents for each of the following:

1.  For representation in the trial court.

     Answer: $_____

---

[112] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.60 (Damages) (2020).
[113] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.60 (Damages) (2020).
[114] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.60 (Damages) (2020).
[115] *See Arthur Andersen & Co. v. Perry Equip. Co.*, 945 S.W.2d 812, 818 (Tex. 1997); TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.04(b).
[116] Aspen objects that this instruction is not in accord with PJC 115.60.

      2.      For representation through appeal in the United States Court of Appeals for the Fifth Circuit.

Answer: $_____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____

_____
UNITED STATES DISTRICT JUDGE

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

_____

PRESIDING JUROR

_____

Printed Name of Presiding Juror

REDLINES EXCHANGED BY
COUNSEL RELATED TO PROPOSED
CHARGE

Formatted: Font: (Default) Times New Roman

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ASPEN SPECIALTY INSURANCE | § | |
| COMPANY, | § | |
|     *Plaintiff,* | § | CIVIL ACTION NO. |
| | § | 6:20-cv-00153 |
| **v.** | § | |
| | § | |
| YIN INVESTMENTS USA, LP, | § | |
|     *Defendant.* | § | |

**JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

Plaintiff/Counter-Defendant Aspen Specialty Insurance Company and Defendant/Counter-

Plaintiff Yin Investments USA, LP file the attached Joint Proposed Jury Instructions and Verdict

Form.

Respectfully submitted,

**ZABEL FREEMAN**

By:   */s/ John J. Smither*
      Brook F. Minx, SBN 00789905
      bminx@zflawfirm.com
      John J. Smither, SBN 00789637
      jsmither@zflawfirm.com
      Thomas A. Zabel, SBN 22235500
      tzabel@zflawfirm.com
      1135 Heights Blvd.
      Houston, Texas 77008
      (713) 802-9117
      (713) 802-9114 (Fax)

**ATTORNEYS FOR PLAINTIFF/COUNTER-**
**DEFENDANT ASPEN SPECIALTY**
**INSURANCE COMPANY**

Formatted: Font: (Default) Times New Roman

**CIRCELLI & WALTER, PLLC**

By:    */s/ Vincent P. Circelli*
Vincent P. Circelli, SBN 24058804
vcircelli@circelliwalterlaw.com
Kelli L. Walter, SBN 24074576
kwalter@circelliwalterlaw.com
1701 River Run, Suite 703
Fort Worth, Texas 76107
(817) 697-4942
(817) 697-4944 (Fax)

--and—

**Preston Dugas Law Firm, PLLC**
Preston J. Dugas III, SBN 24050189
preston@pjdlawfirm.com
1701 River Run, Suite 703
Fort Worth, Texas 76107
(817) 945-3061
(682) 219-0761

**ATTORNEYS FOR DEFENDANT/COUNTER-PLAINTIFF YIN INVESTMENTS USA, LP**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and correct copy of Aspen Specialty Insurance Company's Proposed Jury Charge has been served on all counsel of record via electronic filing on September 17, 2021:

> Deleted: _____

*/s/ John J. Smither*
John J. Smither

2

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

ASPEN SPECIALTY INSURANCE §
COMPANY, §
    *Plaintiff*, §     CIVIL ACTION NOS.
§     **6:20-cv-00153**
v. §
§
YIN INVESTMENTS USA, LP, §
    *Defendant*. §

**PROPOSED CHARGE**

MEMBERS OF THE JURY:

A.    INTRODUCTION

It is my duty and responsibility to instruct you on the law that you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. Do not let bias,

1

**Deleted:** JURY INSTRUCTIONS AND VERDICT FORM…

**Deleted:** ‚

**Formatted:** Font: Not Bold

prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

B.    BURDEN OF PROOF

      The parties have the burden of proving their respective claims by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that either party has failed to prove any element of its claim by a preponderance of the evidence, then it may not recover on that claim.

      The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven. Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

C.    WITNESSES

      You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

      Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

      You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

D.    EXPERT WITNESSES

      When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

2

### E. No Inference from Filing Suit

The fact that a party brought a lawsuit and is in court seeking relief creates no inference that the party is entitled to judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

### F. Definitions

For purposes of this charge, you are given the following definitions for terms used throughout this charge:

1. "Aspen" means Aspen Specialty Insurance Company.

2. "Yin Investments" means Yin Investments USA, LP.

3. "The 2017 Policy" means the policy of Aspen Specialty Insurance Company Policy No. PRAAW7U17, effective December 12, 2017 to December 12, 2018, issued to Yin Investments.

4. "The 2018 Policy" means Aspen Specialty Insurance Company Policy No. PR00A4018, effective December 12, 2018 to December 12, 2019, issued to Yin Investments.

5. "The University Drive Property" means the commercial property located at 3205 N. University Dr., Nacogdoches, Texas 75965.

6. "The West Loop 281 Property" means the commercial property located at 410-414 W. Loop 281, Longview, Texas 75506.

7. "Properties" as refers collectively to "The University Drive Property" and "The West Loop 281 Property."

### G. Duty to Deliberate

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror—

1. To preside during your deliberations;

2. To see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge;

3

3.   To write out and hand to the marshal any communications concerning the case that you desire to have delivered to the judge;

4.   To vote on the questions;

5.   To write your answer to the questions in the spaces provided; and

6.   To certify to your verdict in the space provided below for the presiding juror's signature.

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

You should not discuss the case with anyone, not even with other members of the jury unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

Remember at all time, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. The presiding juror will then inform the marshal at the door of the jury room that you have reached a verdict, and then you will return to the courtroom with your verdict. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Signed this _____ day of _____, 2021, in Tyler, Texas.

_____
UNITED STATES DISTRICT JUDGE

4

INSTRUCTION NO. 1

In answering questions about damages, answer each question separately.  Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. **Do not speculate about Yin Investment's proportionate liability for damages.**[1]  Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.[2]


Given: _____
Refused: _____
Modified as follows:
_____
_____


_____
UNITED STATES DISTRICT JUDGE

---

[1] There is no support for this portion of the instruction in PJC 100.12, and it is an improper comment on the weight of the evidence.
[2] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 100.12 (Business) (2020). Yin offer.

5

QUESTION NO. 1

Did Yin Investments give Aspen prompt notice of its claim for damages, if any, to the West Loop 281 Property that were **solely**[3] caused by the March 10, 2018 hail storm?[4][5]

You are instructed that prompt notice under the 2017 Policy requires Yin Investments to give notice of damages to the West Loop 281 Property within a reasonable time after the March 10, 2018 hail storm.[6]

Answer "Yes" or "No."

Answer: _____

Given: _____
Refused: _____
Modified as follows: _____
_____
_____

_____ UNITED STATES DISTRICT JUDGE

---

[3] *Travelers Indemn. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971). Aspen offer.

[4] Yin objects to inclusion of this question in its entirety because Aspen did not specifically plead failure of condition precedent. In the event the Court rules in favor of Yin on its Motion for Summary Judgment, submission of this question is improper.

[5] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.60 (Business) (2020). ASPEN 000041. Aspen offer.

[6] *Ridglea Estate Condominium Ass'n v. Lexington Ins. Co.*, 415 F.3d 474, 479 (5th Cir. 2005). Aspen offer.

6

---

**Margin annotations (track changes):**

Deleted: Judge Presiding¶

------Page Break------

Formatted: Font: Not Bold, Underline

Deleted: solely

Formatted: Font: Bold

Formatted: Font: Not Bold

Deleted:

Formatted: Indent: Left: 0.5", Right: 0.5"

Deleted: You are further instructed that notice is not prompt if the delay in reporting such damages prejudiced Aspen's investigation.

Deleted:

Deleted: ¶

Deleted: ¶
------Page Break------
QUESTION NO. 2¶
Did Yin Investments give Aspen prompt notice of its claim for damages, if any, to the University Drive Property that were solely caused by the July 11, 2018 hail storm?¶
¶ ... [1]

Deleted: Answer ... [2]

Deleted: ... [3]

Deleted:
------Page Break------ ... [4]

Formatted: Font: (Default) Times New Roman

Formatted: Font: (Default) Times New Roman

Formatted: Font: (Default) Times New Roman

Formatted: Font: (Default) Times New Roman

Formatted: Justified

Formatted: Font: (Default) Times New Roman

Deleted:

Formatted: Font: (Default) Times New Roman

Deleted: jury

Formatted: Font: (Default) Times New Roman

Formatted ... [5]

Deleted:

Formatted: Justified

Deleted: Texas PJC 101.60 (Business) (2020) and

Formatted: Font: (Default) Times New Roman

If you answered "No" to Question No. 1, then answer the following question. Otherwise, do not answer the following question.

<div align="center">QUESTION NO. 2</div>

Was Aspen prejudiced by Yin Investment's failure to give prompt notice of its claim for damages, if any, to the West Loop 281 Property that were **solely**[8] caused by the March 10, 2018 hail storm?[9]

You are instructed that prejudice means Aspen was unable to adequately investigate the circumstances of the March 10, 2018 hail storm in order to adjust Yin Investment's claim for damages.[10]

Answer "Yes" or "No."

Answer: _____

Given: _____
Refused: _____
Modified as follows: _____
_____
_____
_____

<div align="center">_____
UNITED STATES DISTRICT JUDGE</div>

---

[8] *Travelers Indemn. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971). Aspen offer.
[9] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.60 (Business) (2020). Aspen offer.
[10] *Blanton v. Vesta Lloyds Ins. Co.*, 185 S.W.3d 607, 615 (Tex. App.—Dallas 2006, no pet.). Aspen offer.

QUESTION NO. 3

Did Yin Investments give Aspen prompt notice of its claim for damages, if any, to the University Drive Property that were solely[11] caused by the May 9, 2019 hail storm?[12,13]

You are instructed that prompt notice under the 2018 Policy requires Yin Investments to give notice of damages to the University Drive Property within a reasonable time after the May 9, 2019 hail storm.[14]

Answer "Yes" or "No."

Answer: _____

Given: _____

Refused: _____

Modified as follows: _____

_____

_____

_____ 
UNITED STATES DISTRICT JUDGE

---

[11] *Travelers Indemn. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971). Aspen offer.

[12] Yin objects to inclusion of this question in its entirety because Aspen did not specifically plead failure of condition precedent. In the event the Court rules in favor of Yin on its Motion for Summary Judgment, submission of this question is improper.

[13] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.60 (Business) (2020); ASPEN 00381. Aspen offer.

[14] *Ridglea Estate Condominium Ass'n v. Lexington Ins. Co.*, 415 F.3d 474, 479 (5th Cir. 2005). Aspen offer.

If you answered "No" to Question No. 3, then answer the following question. Otherwise, do not answer the following question.

QUESTION NO. 4

Was Aspen prejudiced by Yin Investment's failure to give prompt notice of its claim for damages, if any, to the University Drive Property that were **solely**[15] caused by the May 9, 2019 hail storm?[16]

You are instructed that prejudice means Aspen was unable to investigate the circumstances of the May 9, 2019 hail storm to adequately adjust Yin Investment's claim for damages.[17]

Answer "Yes" or "No."

Answer:

Given:
Refused:
Modified as follows:

UNITED STATES DISTRICT JUDGE

---

[15] *Travelers Indemn. Co. v. McKillip*, 469 S.W.2d 160, 163 (Tex. 1971). Aspen offer.
[16] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.60 (Business) (2020). Aspen offer.
[17] *Blanton v. Vesta Lloyds Ins. Co.*, 185 S.W.3d 607, 615 (Tex. App.—Dallas, no pet.). Aspen offer.

9

QUESTION NO. 5

Did Aspen fail to comply with the 2017 Policy by failing to pay for the damages, if any, to the West Loop 281 Property that were solely[18] caused by the March 10, 2018 hail storm?

**You are instructed that the 2017 Policy issued to Yin Investments covers the damages arising from a storm that occurred on or about March 10, 2018, including for losses to its roof systems and interior damages resulting from this covered event.[19]**

You are instructed that Aspen failed to comply with the 2017 Policy if it failed to pay for direct physical loss or damage, if any, solely caused by or resulting from the March 10, 2018 hail storm.[20]

**You are further instructed that Aspen is liable for the actions of the independent adjusters, employees, agents or contractors, who failed to comply with the insurance policy agreement.[21][22]**

Answer "Yes" or "No."

Answer : _____

Given: _____
Refused: _____
Modified as follows:
_____
_____
_____

UNITED STATES DISTRICT JUDGE

---

[18] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.57 (Business) (2020).
[19] Aspen objects that this instruction is not in accord with PJC 101.57, reflects an incorrect burden of proof, is an improper comment on the weight of the evidence, and does not accurately reflect the policy language. ASPEN 000031.
[20] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.57 (Business) (2020).
[21] *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994).
[22] Aspen objects that this instruction improperly imposes legal duties on third parties and is an improper comment on the weight of the evidence.

10

QUESTION NO. 6

If you answered "Yes" to Question No. 5, then answer the following question.  Otherwise, do not answer the following question.

Was Aspen's failure to comply excused?[23]

You are instructed that Aspen's failure to comply is excused if Yin Investments failed to allocate damages caused by the March 10, 2018 hail storm from damages caused by other perils outside the 2017 Policy period.

Answer "Yes" or "No."

Answer:

Given:
Refused:
Modified as follows:

UNITED STATES DISTRICT JUDGE

---

[23] State Bar of Texas, Texas Pattern Jury Charges PJC 101.59 (Business) (2020)

11

If you answered "Yes" to Question to No. 5 and "No" to Question No. 6, then answer the following question.  Otherwise, do not answer the following question.

QUESTION NO. 7

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Yin Investments for its damages, if any, to the West Loop 281 Property that were solely caused by the March 10, 2018 hail storm?[24]

You are instructed that the 2017 Policy requires Aspen to pay for direct physical loss or damage, if any, that occurred during the Policy period that was solely caused by the March 10, 2018 hail storm unless such damage is excluded by the Policy.[25]

Do not include in your answer damages, if any caused by the following excluded causes under the 2017 Policy:

(1)     "Wear and tear," including:

    (a) "rust or other corrosion, decay, deterioration, hidden or latent defect, or any similar quality in the property that causes it to damage or destroy itself";

    (b)  "settling, cracking, shirking or expansion"; and

    (c)  "neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss."

(2)     "Faulty, inadequate, or defective:

    (a) design, specifications, workmanship, repair, construction, renovation, or remodeling;

    (b) materials used in repair, construction, renovation, or remodeling; and

    (c)  maintenance.[26]

Answer in dollars and cents, if any:

Answer: _____

---

[24] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.58 (Business) (2020).
[25] Aspen policy coverage language at ASPEN 000031.
[26] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.59 (Business) (2020).

12

Given: _____
Refused: _____
Modified as follows: _____
_____
_____
_____
_____
UNITED STATES DISTRICT JUDGE

13

QUESTION NO. 8

Did Aspen fail to comply with the 2018 Policy by failing to pay for the damages, if any, to the University Drive Property that were solely,[28] caused by the May 9, 2019 hail storm?

**You are instructed that the 2018 Policy issued to Yin Investments covers the damages arising from a storm that occurred on or about May 9, 2019, including for losses to its roof systems and interior damages resulting from this covered event.[29]**

You are instructed that Aspen failed to comply with the 2018 Policy if it failed to pay for direct physical loss or damage, if any, solely caused by or resulting from the March 10, 2018 hail storm.[30]

**You are further instructed that Aspen is liable for the actions of the independent adjusters, employees, agents or contractors, who failed to comply with the insurance policy agreement.[31][32]**

Answer "Yes" or "No."

Answer: _____

Given: _____
Refused: _____
Modified as follows: _____

_____

_____
UNITED STATES DISTRICT JUDGE

---

[28] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.57 (Business) (2020).
[29] Aspen objects that this instruction is not in accord with PJC 101.57, reflects an incorrect burden of proof , is an improper comment on the weight of the evidence, and does not accurately reflect the policy language. ASPEN 000371
[30] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.57 (Business) (2020).
[31] *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994).
[32] Aspen objects that this instruction improperly imposes legal duties on third parties and is an improper comment on the weight of the evidence.

14

**Deleted:** ¶

------Page Break------

**Deleted:** QUESTION NO. 5¶
→ Did Aspen fail to comply with the 2017 Policy by failing to pay for the damages, if any, to the University Drive Property that were solely caused by the July 11, 2018 hail storm?¶
→ You are instructed Yin Investments is entitled to recover only that portion of damage to the University Drive Property solely caused by the July 11, 2018 hail storm. You are further instructed that as a condition to rec... [11]

**Deleted:** [27]

**Deleted:** ¶

**Deleted:** ¶

**Deleted:** ¶ ... [12]

**Deleted:** 9

**Deleted:** 4

**Deleted:** 6

**Formatted:** Font: Not Bold

**Deleted:** solely

**Formatted:** Font: Not Bold

**Deleted:** →

**Formatted:** Font: Bold

**Formatted:** Font: Bold

**Formatted:** Indent: Left: 0.5", Right: 0.5"

**Deleted:** ia

**Deleted:** You are further instructed that Yin ... [13]

**Formatted:** Right: 0.5"

**Formatted:** Font: Bold

**Formatted:** Font: Bold

**Formatted:** Font: Bold

**Formatted:** Font: Bold

**Deleted:**

**Deleted:** PJC 101.57 (Business) (2020)

**Deleted:** (2020)

**Deleted:** the

**Deleted:** and does not reflect policy language.

**Deleted:** PJC 101.57 (Business)(2020)

**Formatted:** Justified

**Deleted:** *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, ... [14]

If you answered "Yes" to Question No. 8, then answer the following question. Otherwise, do not answer the following question.

QUESTION NO. 9

Was Aspen's failure to comply excused?[34]

You are instructed that Aspen's failure to comply is excused if Yin Investments failed to allocate damages caused by the May 9, 2019 hail storm from damages caused by other perils outside the 2018 Policy period.

Answer "Yes" or "No."

Answer: _____

Given: _____

Refused: _____

Modified as follows:

_____

_____

_____

_____
UNITED STATES DISTRICT JUDGE

---

**Moved up [1]:** (1)→ "Wear and tear," including¶
¶
(a) "rust or other corrosion, decay, deterioration, hidden or latent defect, or any quilting in the property that causes it to damage or destroy itself";¶
¶
→ → (b) "settling, cracking, shirking or expansion"; and¶
(c) "neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss."¶
→ (2) "Faulty, inadequate, or defective:¶
(a)→ design, specifications, workmanship, repair, construction, renovation, or remodeling;¶
→ → (b)→ materials used in repair, construction, renovation, or remodeling; and¶
→ → (c)→ maintenance."¶
→ **Answer in dollars and cents, if any:y, or "None."**¶
**Answer:** _____¶
¶
¶
→ ¶
If you answered "Yes" to Question No. 5, then answer the following question. Otherwise, do not answer the following question.¶
**QUESTION NO. 8**¶
→ What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Yin Investments for its

**Deleted:** → If you answered "Yes" to Question No. 34, then answer the following question. Otherwise, do not answer the following question.¶
**QUESTION NO. 57**¶   ... [15]

**Deleted:** ¶
¶
→ You are instructed that the Policy requires Aspen to pay for damage, if any, that occurred during the Policy period that was caused solely by the March 10, 2018 hail storm unless such damage is excluded by the Policy.¶   ... [16]

**Deleted:** 4

**Deleted:** 6

**Deleted:** ¶

---

[34] State Bar of Texas, Texas Pattern Jury Charges PJC 101.59 (Business) (2020).

15

If you answered "Yes" to Question No. 8 and "No" to Question No. 9, then answer the following question.  Otherwise, do not answer the following question.

## QUESTION NO. 10

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Yin Investments for its damages, if any, to the University Drive Property that were solely caused by the May 9, 2019 hail storm?[35]

You are instructed that the 2018 Policy requires Aspen to pay for direct physical loss or damage, if any, that occurred during the Policy period that was solely caused by the May 9, 2019 hail storm unless such damage is excluded by the Policy.[36]

Do not include in your answer damages, if any caused by the following excluded causes under the 2017 Policy:

(1)     "Wear and tear," including:

       (a) "rust or other corrosion, decay, deterioration, hidden or latent defect, or any quilting in the property that causes it to damage or destroy itself";

       (b) "settling, cracking, shirking or expansion"; and

       (c) "neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss."

(2)     "Faulty, inadequate, or defective:

       (a) design, specifications, workmanship, repair, construction, renovation, or remodeling;

       (b) materials used in repair, construction, renovation, or remodeling; and

       (c) maintenance.[37]

Answer in dollars and cents, if any.

Answer: $ _____

---

[35] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.58 (Business) (2020).
[36] Aspen policy coverage language at ASPEN 000041.
[37] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.59 (Business) (2020).

Given: _____
Refused: _____
Modified as follows: _____
_____
_____
_____
_____
_____ UNITED STATES DISTRICT JUDGE

17

QUESTION NO. 11

If you answered "Yes" to Question No. 5 and "No" to Question No. 6, then answer the following question. Otherwise do not answer the following question.

_____ Did Aspen engage in any unfair or deceptive act or practice that caused damages to Yin Investments with respect to its claim under the 2017 Policy for damages to the West Loop 281 Property that were **solely** caused by the March 10, 2018 hail storm?[38]

_____ "Unfair or deceptive act or practice" means any of the following:[39]

_____ Misrepresenting to Yin Investments a material fact or policy provision relating to the coverage at issue;

_____ Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Aspen's liability had become reasonably clear;

_____ Failing to provide promptly to Yin Investments a reasonable explanation of the basis in the 2017 Policy, in relation to the facts or applicable law, for Aspen's denial of a claim or offer of a compromise settlement of a claim;

_____ Failing within a reasonable time to affirm or deny coverage of a claim to Yin Investments or submit a reservation of rights to Yin Investments;

_____ Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;[40]

_____ Making an untrue statement of material fact;

_____ Failing to state a material fact necessary to make other statements not misleading considering the circumstances under which the statements were made;

_____ Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

_____ **Making a material misstatement of law**;[41] or

_____ **Failing to disclose a matter required by law to be disclosed**.[42][43]

---

[38] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.14 (DTPA/Insurance Code) (2020).
[39] Aspen objects that the instructions are not in accordance with the PJC, which does not require a separate response to each unfair or deceptive act or practice listed.
[40] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.18 (DTPA/Insurance Code) (2020).
[41] Aspen objects that instruction is improper as it requires the identification of any misstatement of law. STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.19 (DTPA/Insurance Code) (2020).
[42] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.19 (DTPA/Insurance Code) (2020).
[43] Aspen objects that instruction is improper as it requires the identification of any matter required by law to be disclosed. STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.19 (DTPA/Insurance Code) (2020).

18

You are instructed that Aspen is liable for the actions of the independent adjusters, employees, agents or contractors, who failed to comply with the insurance policy agreement.[44][45]

Answer "Yes" or "No."

Answer:_____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____
_____

_____
UNITED STATES DISTRICT JUDGE

---

[44] *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994).
[45] Aspen objects that this instruction imposes legal duties on third parties and improperly comments on the weight of the evidence.

19

If you have answered "Yes" to Question No. 11, then answer the following question.  Otherwise, do not answer the following question.[46]

### QUESTION NO. 12

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Yin Investments for its damages, if any, that were caused by such unfair or deceptive act or practice?[47]

Consider the following element of damages, if any, and none other:

The reasonable and necessary cost to repair or replace the West Loop 281 Property that was **solely** caused by the March 10, 2018 hail storm.[48]

Answer in dollars and cents, if any.

Answer: $ _____

Given: _____
Refused: _____
Modified as follows: _____

_____
_____
_____

_____    UNITED STATES DISTRICT JUDGE

---

[46] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.1 (Damages) (2020).
[47] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.13 (Damages) (2020).
[48] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.10 (Damages) (2020).

If you answered "Yes" to Question No. 11, then answer the following question. Otherwise, do not answer the following question.

QUESTION NO. 13

Did Aspen engage in the unfair or deceptive act or practice knowingly?[49]

"Knowingly" means actual awareness, at the time of the conduct, of the falsity, unfairness, or deceptiveness of the act or practice on which a claim for damages is based. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.[50]

In answering this question, consider only the conduct that you have found was a producing cause of damages to Yin Investments.[51]

**You are further instructed that Aspen is liable for the actions of the independent adjusters, employees, agents or contractors, who failed to comply with the insurance policy agreement.[52][53]**

Answer "Yes" or "No."

_____ Answer:_____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____
_____

_____
UNITED STATES DISTRICT JUDGE

---

[49] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.21 (DTPA/Insurance Code) (2020).
[50] TEX. INS. CODE § 541.002(1).
[51] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.21(DTPA/Insurance Code) (2020).
[52] *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994)
[53] Aspen objects that this instruction imposes legal duties on third parties and improperly comments on the weight of the evidence.

21

If you have answered "Yes" to Question No. 11, then answer the following question.  Otherwise, do not answer the following question.[54]

QUESTION NO. 14

What sum of money, if any, in addition to actual damages, should be awarded to Yin Investments against Aspen because Aspen's conduct was committed knowingly?[55]

"Actual damages" means the amounts of damages found in Question Nol. 12, if any.

Consider the following factors in awarding damages in addition to actual damages, if any:

(a) The nature of the wrong;

(b) The character of the conduct involved;

(c) The degree of Aspen's culpability;

(d) The situation and sensibilities of the parties concerned;

(e) The extent to which such conduct offends a public sense of justice and propriety;

(f) Aspen's net worth.[56]

Answer in dollars and cents, if any.

Answer: $ _____

Given: _____
Refused: _____
Modified as follows: _____
_____
_____
_____

_____
UNITED STATES DISTRICT JUDGE

---

[54] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.1 (Damages) (2020).
[55] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.11(Damages) (2020); *see also* TEX. INS. CODE § 541.152(b).
[56] *See Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 26-30 (Tex. 1994); *see also TXO Prod. Corp. v. Alliance Resources Corp.*, 509 U.S. 443 (1993); STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.38 (Damages) (2020).



QUESTION NO. 15

If you answered "Yes" to Question No. 8 and "No" to Question No. 9, then answer the following question. Otherwise do not answer the following question.

_____ Did Aspen engage in any unfair or deceptive act or practice that caused damages to Yin Investments with respect to its claim under the 2018 Policy for damages to the University Drive Property that were **solely** caused by the May 9, 2019 hail storm?[57]

_____ "Unfair or deceptive act or practice" means any of the following:[58]

_____ Misrepresenting to Yin Investments a material fact or policy provision relating to the coverage at issue;

_____ Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Aspen's liability had become reasonably clear;

_____ Failing to provide promptly to Yin Investments a reasonable explanation of the basis in the 2018 Policy, in relation to the facts or applicable law, for Aspen's denial of a claim or offer of a compromise settlement of a claim;

_____ Failing within a reasonable time to affirm or deny coverage of a claim to Yin Investments or submit a reservation of rights to Yin Investments;

_____ Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;[59]

_____ Making an untrue statement of material fact;

_____ Failing to state a material fact necessary to make other statements not misleading considering the circumstances under which the statements were made;

_____ Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

_____ **Making a material misstatement of law**;[60] or

_____ **Failing to disclose a matter required by law to be disclosed**.[61][62]

---

[57] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.14 (DTPA/Insurance Code) (2020).
[58] Aspen objects that the instructions are not in accordance with the PJC, which does not require a separate response to each unfair or deceptive act or practice listed.
[59] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.18 (DTPA/Insurance Code) (2020).
[60] Aspen objects that instruction is improper as it requires the identification of any misstatement of law. STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.19 (DTPA/Insurance Code) (2020).
[61] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.19 (DTPA/Insurance Code) (2020).
[62] Aspen objects that instruction is improper as it requires the identification of any matter required by law to be disclosed. STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.19 (DTPA/Insurance Code) (2020).

23

You are instructed that Aspen is liable for the actions of the independent adjusters, employees, agents or contractors, who failed to comply with the insurance policy agreement.[63][64]

Answer "Yes" or "No."

Answer: _____

Given: _____
Refused: _____
Modified as follows: _____
_____
_____

_____
UNITED STATES DISTRICT JUDGE

---

[63] *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994).
[64] Aspen objects that this instruction imposes legal duties on third parties and improperly comments on the weight of the evidence.

24

If you have answered "Yes" to Question No. 15, then answer the following question.  Otherwise, do not answer the following question.[65]

QUESTION NO. 16

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Yin Investments for its damages, if any, that were caused by such unfair or deceptive act or practice?[66]

Consider the following element of damages, if any, and none other:

The reasonable and necessary cost to repair or replace the University Drive Property that was **solely** caused by the May 9, 2019 hail storm.[67]

Answer in dollars and cents, if any.

Answer: $ _____

Given: _____
Refused: _____
Modified as follows: _____
_____
_____
_____

_____  UNITED STATES DISTRICT JUDGE

---

[65] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.1 (Damages) (2020).
[66] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.13 (Damages) (2020).
[67] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.10 (Damages) (2020).

25

If you answered "Yes" to Question No. 15, then answer the following question.  Otherwise, do not answer the following question.

QUESTION NO. 17

Did Aspen engage in the unfair or deceptive act or practice knowingly?[68]

    "Knowingly" means actual awareness, at the time of the conduct, of the falsity, unfairness, or deceptiveness of the act or practice on which a claim for damages is based.  Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.[69]

    In answering this question, consider only the conduct that you have found was a producing cause of damages to Yin Investments.[70]

    **You are further instructed that Aspen is liable for the actions of the independent adjusters, employees, agents or contractors, who failed to comply with the insurance policy agreement.[71][72]**

    Answer "Yes" or "No."

_____  Answer:_____

Given:_____
Refused:_____
Modified as follows:_____
_____
_____
_____

                    _____
                    UNITED STATES DISTRICT JUDGE

---

[68] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 101.21 (DTPA/Insurance Code) (2020).
[69] TEX. INS. CODE § 541.002(1).
[70] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.21(DTPA/Insurance Code) (2020).
[71] *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994)
[72] Aspen objects that this instruction imposes legal duties on third parties and improperly comments on the weight of the evidence.

If you have answered "Yes" to Question No. 15, then answer the following question.  Otherwise, do not answer the following question.[73]

### QUESTION NO. 18

What sum of money, if any, in addition to actual damages, should be awarded to Yin Investments against Aspen because Aspen's conduct was committed knowingly?[74]

"Actual damages" means the amounts of damages found in Question Nol. 12, if any.

Consider the following factors in awarding damages in addition to actual damages, if any:

(a) The nature of the wrong;

(b) The character of the conduct involved;

(c) The degree of Aspen's culpability;

(d) The situation and sensibilities of the parties concerned;

(e) The extent to which such conduct offends a public sense of justice and propriety;

(f) Aspen's net worth.[75]

Answer in dollars and cents, if any.

Answer: $ _____

Given: _____

Refused: _____

Modified as follows: _____

_____

_____

_____

UNITED STATES DISTRICT JUDGE

---

[73] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.1 (Damages) (2020).

[74] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.11(Damages) (2020); *see also* TEX. INS. CODE § 541.152(b).

[75] *See Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 26-30 (Tex. 1994); *see also TXO Prod. Corp. v. Alliance Resources Corp.*, 509 U.S. 443 (1993); STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.38 (Damages) (2020).

QUESTION NO. 19

By what date had Aspen received all items, statements, and forms it reasonably requested from Yin Investments that were necessary to decide whether to accept or reject the claim under the 2017 Policy for damage to the West Loop 281 Property that was **solely** caused by the March 10, 2018 hail storm?[95]

Answer with a date in the blank below.

Answer: _____

Given: _____
Refused: _____
Modified as follows:
_____
_____
_____

UNITED STATES DISTRICT JUDGE

---

[95] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.28 (DTPA/Insurance Code) (2020); TEX. INS. CODE § 542.060.

28

---

**Deleted:** (1) → "Wear and tear," including¶
¶
(a) "rust or other corrosion, decay, deterioration, hidden or latent defect, or any quilting in the property that causes it to damage or destroy itself";¶
→ → (b) "settling, cracking, shirking or expansion"; and¶
(c) "neglect of an Yin Investments insured to use all reasonable means to save and preserve property from further damage at and after the time of loss."¶
→ → ¶
→ (2) → "Faulty, inadequate, or defective:¶
(a) → design, specifications, workmanship, repair, construction, renovation, or remodeling;¶
→ → (b) → materials used in repair, construction, renovation, or remodeling; and¶
→ → (c) → maintenance."¶
→ Answer in dollars and cents, if any;, or "None."¶
¶
→ Answer: _____¶
¶
----------------Page Break----------------
TEX. INS. CODE CHAPTER 541¶
¶
QUESTION NO. 7:¶
¶
→ If You answered "Yes" to Question No. ____ or Question No. ____, then answer the following question. Otherwise do not answer the following question.¶
¶
→ Did Aspen engage in any unfair or deceptive act or practice that caused damages to Yin Investments?[76] ¶
"Unfair or deceptive act or practice" means any of the following:[77] →     ANSWER YES OR NO¶
¶
M(a) → misrepresenting to Yin Investments a material ... [17]

**Deleted:** 2

**Deleted:** 1

**Deleted:** Yin

**Formatted:** Font: Not Bold

**Formatted:** Font: Not Bold

**Formatted:** Font: Not Bold

**Formatted:** Font: Not Bold

**Formatted:** Indent: First line: 0.5"

**Formatted:** Font: Not Bold

**Deleted:** PJC 102.28;

**Formatted:** Small caps

QUESTION NO. 20

Did Aspen fail to pay Yin Investments' claim for damage to the West Loop 281 Property that was **solely** caused by the March 10, 2018 hail storm within sixty days of receiving all items, statements, and forms reasonably requested from Yin Investments that were necessary to decide whether to accept or reject the claim?[96]

"Day" means every day, including Saturdays, Sundays, and holidays.

Answer "Yes" or "No."

Answer: _____

Given: _____
Refused: _____
Modified as follows:
_____
_____
_____

UNITED STATES DISTRICT JUDGE

---

[96] State Bar of Texas, Texas Pattern Jury Charges PJC 102.28 (DTPA/Insurance Code) (2020); Tex. Ins. Code § 542.058.

29

QUESTION NO. 21

By what date had Aspen received all items, statements, and forms it reasonably requested from Yin Investments that were necessary to decide whether to accept or reject the claim under the 2018 Policy for damage to the University Drive Property that was **solely** caused by the May 9, 2019 hail storm?[97]

Answer with a date in the blank below.

Answer: _____

Given: _____

Refused: _____

Modified as follows: _____

_____

_____

_____

UNITED STATES DISTRICT JUDGE

---

[97] State Bar of Texas, Texas Pattern Jury Charges PJC 102.28 (DTPA/Insurance Code) (2020); Tex. Ins. Code § 542.060.

QUESTION NO. 22

        Did Aspen fail to pay Yin Investments' claim for damage to the University Drive Property that was **solely** caused by the May 9, 2019 hail storm within sixty days of receiving all items, statements, and forms reasonably requested from Yin Investments that were necessary to decide whether to accept or reject the claim?[98]

        "Day" means every day, including Saturdays, Sundays, and holidays.


        Answer "Yes" or "No."

        Answer:_____


Given: _____
Refused: _____
Modified as follows: _____
_____
_____
_____


                        _____
                        UNITED STATES DISTRICT JUDGE

---

[98] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 102.28 (DTPA/Insurance Code) (2020); TEX. INS. CODE § 542.058.

QUESTION NO. 23

Did Aspen fail to comply with its duty of good faith and fair dealing to Yin Investments with respect to Yin Investments' claim for damage to the West Loop 281 Property that was **solely** caused by the March 10, 2018 hail storm?[99]

An insurer fails to comply with its duty of good faith and fair dealing if it did any of the following:

Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear;

Refusing to pay a claim without conducting a reasonable investigation of the claim; or

Canceling an insurance policy without a reasonable basis.[100]

Answer "Yes" or "No."

Answer: _____

Given: _____
Refused: _____
Modified as follows:
_____
_____
_____

UNITED STATES DISTRICT JUDGE

---

[99] Aspen objects that the instructions are not in accordance with the PJC, which does not require a separate response to each act listed.

[100] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 103.1 (Good Faith and Fair Dealing) (2020).

32

If you answered "Yes" to Question No. 23, then answer the following question.  Otherwise, do not answer the following question.

<div align="center">

QUESTION NO. 24

</div>

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Yin Investments for its damages, if any, that were proximately caused by Aspen's failure to comply with its duty of good faith and fair dealing with respect to Yin Investments' claim for damage to the West Loop 281 Property that was **solely** caused by the March 10, 2018 hail storm? ?[102]

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.[103]

Answer in dollars and cents, if any.

Answer: $ _____

Given: _____

Refused: _____

Modified as follows: _____

_____

_____

_____

<div align="center">

UNITED STATES DISTRICT JUDGE

</div>

---

[102] State Bar of Texas, Texas Pattern Jury Charges PJC 115.14 (Damages) (2020).

[103] State Bar of Texas, Texas Pattern Jury Charges PJC 100.13 (Admonitory Instructions) (2020).

QUESTION NO. 25

Did Aspen fail to comply with its duty of good faith and fair dealing to Yin Investments with respect to Yin Investments' claim for damage to the University Drive Property that was **solely** caused by the May 9, 2019 hail storm?[104]

An insurer fails to comply with its duty of good faith and fair dealing if it did any of the following:

Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear;

Refusing to pay a claim without conducting a reasonable investigation of the claim; or

Canceling an insurance policy without a reasonable basis.[105]

Answer "Yes" or "No."

Answer: _____

Given: _____
Refused: _____
Modified as follows: _____
_____
_____

UNITED STATES DISTRICT JUDGE

---

[104] Aspen objects that the instructions are not in accordance with the PJC, which does not require a separate response to each act listed.

[105] State Bar of Texas, Texas Pattern Jury Charges PJC 103.1 (Good Faith and Fair Dealing) (2020).

34

If you answered "Yes" to Question No. 25, then answer the following question.  Otherwise, do not answer the following question.

QUESTION NO. 26

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Yin Investments for its damages, if any, that were proximately caused by Aspen's failure to comply with its duty of good faith and fair dealing with respect to Yin Investments' claim for damage to the University Drive Property that was **solely** caused by the May 9, 2019 hail storm?[106]

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.[107]

Answer in dollars and cents, if any.

Answer: $ _____

Given: _____
Refused: _____
Modified as follows: _____
_____
_____
_____

_____
UNITED STATES DISTRICT JUDGE

Formatted: Font: Font color: Auto

---

[106] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 115.14 (Damages) (2020).
[107] STATE BAR OF TEXAS, TEXAS PATTERN JURY CHARGES PJC 100.13 (Admonitory Instructions) (2020).

35

If you answered "Yes" to Question No. 5 and "No" to Question No. 6, or "Yes" to Question No. 8 and "No" to Question No. 9, or "Yes" to Question No. _____, or "Yes" to Question No. _____, then answer the following question.  Otherwise, do not answer the following question.

QUESTION NO. 27

What is a reasonable fee for the necessary services of Yin Investments' attorney in this case, stated in dollars and cents?[108]

A reasonable fee is the reasonable hours worked, and to be worked, multiplied by a reasonable hourly rate for that work.[109]

Do not include fees that relate solely to any other claim.[110]

Factors to consider in determining a reasonable fee include the following:[111][112]

1.     The time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly.

2.     The likelihood that the acceptance of the particular employment will preclude other employment by the lawyer.

3.     The fee customarily charged in the locality for similar legal services.

4.     The amount involved and the results obtained.

5.     The time limitations imposed by the client or by the circumstances.

6.     The nature and length of the professional relationship with the client.

7.     The experience, reputation, and ability of the lawyer or lawyers performing the services.

8.     Whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Answer with an amount in dollars and cents for each of the following:

1.     For representation in the trial court.

        Answer: $ _____

---

[108] State Bar of Texas, Texas Pattern Jury Charges PJC 115.60 (Damages) (2020).
[109] State Bar of Texas, Texas Pattern Jury Charges PJC 115.60 (Damages) (2020).
[110] State Bar of Texas, Texas Pattern Jury Charges PJC 115.60 (Damages) (2020).
[111] See Arthur Andersen & Co. v. Perry Equip. Co., 945 S.W.2d 812, 818 (Tex. 1997); Tex. Disciplinary Rules Prof'l Conduct R. 1.04(b).
[112] Aspen objects that this instruction is not in accord with PJC 115.60.

36

2. For representation through appeal in the United States Court of Appeals for the Fifth Circuit.

Answer: $__________________

Given: ______________
Refused: ______________
Modified as follows: ____________________________________________

____________________________________________________________

____________________________________________________________

____________________________________________________________

____________________________
UNITED STATES DISTRICT JUDGE

**Deleted:** at the merits briefing stage in

**Formatted:** Indent: Left: 0.5", Hanging: 0.5", Right: 0.5", No bullets or numbering

**Deleted:** t Court of Appeals

**Formatted:** Font: Not Bold

**Formatted:** Indent: Left: 0", First line: 0.5"

**Deleted:** <#>For representation through oral argument and the completion of proceedings in the Fifth Circuit Court of Appeals. ¶
¶
**Answer: $__________________**¶

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

_____
PRESIDING JUROR

_____
Printed Name of Presiding Juror

Deleted: ¶

Deleted: →

----------------------------------Page Break----------------------------------
¶
→

38

| | | |
|---|---|---|
| Page 6: [1] Deleted | Kelli Walter | 9/7/21 10:03:00 AM |

| | | |
|---|---|---|
| Page 6: [2] Deleted | Tom Zabel | 9/16/21 4:37:00 PM |

| | | |
|---|---|---|
| Page 6: [3] Deleted | Kelli Walter | 9/1/21 4:17:00 PM |

| | | |
|---|---|---|
| Page 6: [4] Deleted | Tom Zabel | 9/16/21 4:37:00 PM |

| | | |
|---|---|---|
| Page 6: [5] Formatted | Kelli Walter | 9/7/21 10:04:00 AM |

Font: (Default) Times New Roman, Not Bold

| | | |
|---|---|---|
| Page 10: [6] Deleted | John J. Smither | 9/16/21 2:30:00 PM |

| | | |
|---|---|---|
| Page 12: [7] Deleted | Tom Zabel | 9/16/21 5:10:00 PM |

| | | |
|---|---|---|
| Page 12: [8] Deleted | John J. Smither | 9/16/21 3:22:00 PM |

| | | |
|---|---|---|
| Page 12: [9] Formatted | Tom Zabel | 9/16/21 5:14:00 PM |

Indent: Left: 1", Hanging: 0.25", Right: 0.56"

| | | |
|---|---|---|
| Page 12: [10] Formatted | Tom Zabel | 9/16/21 5:16:00 PM |

Indent: Left: 0", First line: 0", Right: 0.56", Tab stops: 0.5", Left

| | | |
|---|---|---|
| Page 14: [11] Deleted | Kelli Walter | 9/1/21 4:00:00 PM |

| | | |
|---|---|---|
| Page 14: [12] Deleted | Kelli Walter | 9/1/21 4:17:00 PM |

| | | |
|---|---|---|
| Page 14: [13] Deleted | Tom Zabel | 9/16/21 5:20:00 PM |

| | | |
|---|---|---|
| Page 14: [14] Deleted | Tom Zabel | 9/16/21 5:24:00 PM |

| | | |
|---|---|---|
| Page 15: [15] Deleted | Tom Zabel | 9/16/21 5:24:00 PM |

| | | |
|---|---|---|
| Page 15: [16] Deleted | Kelli Walter | 9/1/21 4:01:00 PM |

| | | |
|---|---|---|
| Page 28: [17] Deleted | Tom Zabel | 9/16/21 5:30:00 PM |