UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:20-cv-00153

———

**Yin Investments USA, LP,**
*Plaintiff*,

v.

**Aspen Specialty Insurance Company,**
*Defendant.*

———

**FINAL JURY INSTRUCTIONS**

INSTRUCTION NO. 1.
INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

First, I will give you some general instructions that apply in every case—for example, instructions about the burden of proof and how to judge the credibility of witnesses. Then I will give you some specific rules of law about this particular case. Finally, I will explain to you the procedures you should follow in your deliberations.

It is my duty and responsibility to instruct you on the law that you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

1

You should consider all the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. Do not let bias, prejudice, or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

# INSTRUCTION NO. 2.
# BURDEN OF PROOF

For a party to recover on a claim for relief, it must prove all of the elements of that claim—that is, it must prove each component of the claim. If you find that a party has failed to prove any required element of its claim, then that party may not recover on that claim.

The level of evidence necessary to prove an element of a claim is a preponderance of the evidence. That level of evidence is less than beyond all reasonable doubt. Instead, it means that the evidence shows the assertion in dispute to be more likely true than not true.

The evidence which you are to consider is: the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

You may hear the parties or the court speak of evidence that is direct evidence of a fact or circumstantial evidence of a fact, but the law does not assign either type of evidence a greater or lesser weight. The weight to be given to any particular piece of evidence should be determined by you based on the facts and argument in the case. All of the evidence—both direct and circumstantial—should be considered in deciding what evidence to credit, what inferences to draw from the evidence, and whether a party has met its burden of proving a given assertion by a preponderance of the evidence.

## INSTRUCTION NO. 3.
## WITNESSES AND EXPERT WITNESSES

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

## INSTRUCTION NO. 4.
## NO INFERENCE FROM FILING SUIT

    The fact that a party brought a lawsuit and is in court seeking relief creates no inference that the party is entitled to judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## INSTRUCTION NO. 5.
## CORPORATIONS AND COMPANIES

The fact that a corporation or company is involved as a party must not affect your decision in any way. A corporation, company, and all persons stand equal before the law and must be dealt with as equals in a court of justice.

When a corporation or company is involved, of course, it may act only through people as its employees and agents. In general, a corporation or company is responsible under the law for the acts and statements of its employees and agents that are made within the scope of their duties as employees and agents of the company.

## INSTRUCTION NO. 6.
## GENERAL DEFINITIONS

The following definitions apply to for terms used throughout these jury instructions:

1. "Aspen" means Aspen Specialty Insurance Company.
2. "Yin" means Yin Investments USA, LP.
3. "The 2017 Policy" means the policy of Aspen Specialty Insurance Company Policy No. PRAAW7U17, effective December 12, 2017 to December 12, 2018, issued to Yin.
4. "The 2018 Policy" means Aspen Specialty Insurance Company Policy No. PR00A4018, effective December 12, 2018 to December 12,2019, issued to Yin.
5. "The Longview Property" means the commercial property located at 410-414 W. Loop 281, Longview, Texas, 75506.
6. "The Nacogdoches Property" means the commercial property located at 3205 N. University Dr., Nacogdoches, Texas, 75965.
7. "Properties" as used herein means the Longview Property and the Nacogdoches Property.

# INSTRUCTION NO. 7.
# ELEMENTS OF BREACH-OF-CONTRACT CLAIM

Yin asserts a breach-of-contract claim against Aspen with respect to each of the Properties in dispute. The contract relevant to the Longview Property is the 2017 Policy. The contract relevant to the Nacogdoches Property is the 2018 Policy.

The disputed elements of Yin's breach-of-contract claims are:

- whether Aspen breached the contract by not delivering or tendering any performance required by the relevant policy; and

- whether Yin sustained damages as a result of any breach and, if so, in what amount.

I will now provide you with more specific instructions on each of those elements of Yin's claim.

## INSTRUCTION NO. 8.
## CONDITIONS PRECEDENT

As used here, a "condition precedent" in a contract is an event that must happen or be performed before an obligation in a contract becomes due.

# INSTRUCTION NO. 9.
# CONDITION PRECEDENT OF PROMPT NOTICE

In the relevant insurance policies, one condition precedent to Aspen's obligation to pay is that Yin give Aspen prompt notice that Yin claims damage to a covered property from a given event.

The court has determined, and you are instructed, that Yin failed to give Aspen prompt notice as to both the Longview Property and the Nacogdoches Property. Failure to give prompt notice means that Yin (1) did not give notice within a reasonable time of its claim of covered property damage to the Longview Property from a March 10, 2018 hail storm and (2) did not give notice within a reasonable time of its claim of covered property damage to the Nacogdoches Property from a May 9, 2019 hail storm.

To determine whether Yin's failure to comply with this condition precedent excuses Aspen's obligation to perform, the law requires you to determine whether Aspen suffered prejudice from Yin's failure to give prompt notice.

"Prejudice" means that Aspen was unable to timely investigate the circumstances of a hail storm and the claimed damage in order to adequately prepare to adjust any claims related to that storm or defend any such claims.

## INSTRUCTION NO. 10.
## SCOPE OF INSURANCE POLICIES GENERALLY

Insurance policies contain terms that define and limit an insurer's obligation to pay for damages to covered property. It is against those contractual terms that you must judge an insurer's alleged breach of contract. I will now instruct you on the extent of those obligations in this case, so that you may determine if a policy required payment on Yin's claims.

## INSTRUCTION NO. 11.
## SCOPE OF 2017 POLICY

The contract relevant to the Longview Property is the 2017 Policy. That policy requires Aspen to pay for direct physical loss or damage to the Longview Property, if any, that was caused by or resulted from any hail storm on March 10/11, 2018.

Because Yin's claim for this property is limited to a hail storm on March 10/11, 2018, Yin is not entitled to recover under the policy for damages to the Longview Property from other storms within or outside the 2017 Policy period, or from other perils.

You are instructed that, to the extent that any damage to the Longview Property was caused by a March 10/11, 2018 hail storm and by perils that are not covered by the 2017 Policy, Yin has the burden to allocate the damages between the covered peril and the non-covered perils. To the extent that Yin has not met this burden, the policy does not require Aspen to pay on Yin's claim.

## INSTRUCTION NO. 12.
## SCOPE OF 2018 POLICY

The contract relevant to the Nacogdoches Property is the 2018 Policy. That policy requires Aspen to pay for direct physical loss or damage to the Nacogdoches Property, if any, that was caused by or resulted from any hail storm on May 9, 2019.

Because Yin's claim for this property is limited to a hail storm on May 9, 2019, Yin is not entitled to recover under the policy for damages to the Nacogdoches Property from other storms within or outside the 2018 Policy period, or from other perils.

You are instructed that, to the extent that any damage to the Nacogdoches Property was caused by a May 9, 2019 hail storm and by perils that are not covered by the 2018 Policy, Yin has the burden to allocate the damages between the covered peril and the non-covered perils. To the extent that Yin has not met this burden, the policy does not require Aspen to pay on Yin's claim.

# INSTRUCTION NO. 13.
# DAMAGES: EXCLUDED CAUSES

You are instructed that the insurance policies require Aspen to pay for direct physical loss or damage, if any, that occurred during the policy period and that was solely caused by the claimed hail storm, unless such damage is excluded by the policy.

In assessing the extent of any such direct physical loss or damage, do not include any loss or damage caused by the following excluded causes:

(1) "Wear and tear," including:

   (a) "rust or other corrosion, decay, deterioration, hidden or latent defect, or any quilting in the property that causes it to damage or destroy itself";

   (b) "settling, cracking, shirking or expansion"; and

   (c) "neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss."

(2) "Faulty, inadequate, or defective:

   (a) design, specifications, workmanship, repair, construction, renovation, or remodeling;

   (b) materials used in repair, construction, renovation, or remodeling; or

   (c) maintenance."

## INSTRUCTION NO. 14.
## DAMAGES: PREVENTION OF PERFORMANCE

Where, without fault on its own part, one party to a contract who is willing to perform under the contract is prevented from doing so by the other party, the measure of damages suffered by the first party is the amount lost by being prevented from what it would receive upon the prevented performance.

Here, that means that if Aspen breached a contract by failing to pay any actual cash value owed under the policy, and if that breach prevented Yin from repairing or replacing property, as required to receive the replacement cost, then Yin's damages are the replacement cost and not just the actual cash value. This instruction does not change Yin's burden to show what payment, if any, was owed for damage caused solely by a covered peril.

## INSTRUCTION NO. 15.
## DUTY TO DELIBERATE

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror—

1. To preside during your deliberations;

2. To see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge;

3. To write out and hand to the marshal any communications concerning the case that you desire to have delivered to the judge;

4. To vote on the questions;

5. To write your answer to the questions in the spaces provided; and

6. To certify to your verdict in the space provided below for the presiding juror's signature.

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

You should not discuss the case with anyone, not even with other members of the jury unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

Remember, at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. The presiding juror will then inform the marshal at the door of the jury room that you have reached a verdict, and then you will return to the courtroom with your verdict. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Signed this 4th day of November, 2021, in Tyler, Texas.

                                            J. CAMPBELL BARKER
                                        United States District Judge