UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00153

**Yin Investments USA, LP,**
*Plaintiff,*

v.

**Aspen Specialty Insurance Company,**
*Defendant.*

# OPINION AND ORDER

The court now memorializes the damages owed to plaintiff Yin pursuant to the jury's verdict and grants in part Yin's motion for attorney's fees (Doc. 171).

1. **Yin is entitled to damages.**

The jury awarded Yin $477,400 as breach-of-contract damages as to the Longview property and $1,350,000 as breach-of-contract damages as to the Nacogdoches property. Doc. 154. In sum, Aspen owes Yin $1,827,400 in breach-of-contract damages.

2. **Yin is entitled to attorney's fees.**

Yin asserts that it is entitled to attorney's fees of $851,495.04. Federal Rule of Civil Procedure 54(d) requires that a claim for "attorney's fees and related nontaxable expense must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Tech Pharm. Servs., LLC v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 898 (E.D. Tex. 2017). Here, Texas breach-of-contract law is the substantive law. The relevant statutes do not require a jury trial for attorney's fees. When attorney's fees are not an element of damages under the contract, a "request for attorney's fees must be made by a motion pursuant to Rule 54." *Id.* at 901. Yin

therefore appropriately filed a motion for attorney's fees under Rule 54(d), as the contract does not make fees an element of damages.

Yin is entitled to recover attorney's fees for the Nacogdoches property under Texas Civil Practice and Remedies Code § 38.001. That statute allows a party to recover attorney's fees if the claim is for breach of a written contract. Section 38.006 exempts contracts subject to Chapter 541 and Subchapters A or B of Chapter 542 of the Texas Insurance Code ("TIC"). However, when a policyholder successfully sues an insurer for breach-of-contract, and the contract is subject to one or more of the provisions in Texas Civil Practice and Remedies Code § 38.006, the insurer is still liable to the insured for reasonable attorney's fees under § 38.001 "if application of one or more of [the § 38.006] provisions does not result in the award of attorney's fees." *Grapevine Excavation, Inc. v. Maryland Lloyds*, 35 S.W.3d 1 (Tex. 2000). The goal of § 38.006 is to "deny attorney's fees under chapter 38 only when attorney's fees are already available under other specific statutes." *Id*. at *2. Yin cannot recover attorney's fees under § 38.006, as the § 541 claims were eliminated before trial and the jury did not return a verdict favorable to Yin on its Texas Prompt Payment of Claims Act ("TPPCA") claim as to the Nacogdoches property. Yin may still recover attorney's fees under § 38.001 because it was successful on its breach-of-contract claim. Yin's attorney's fees for the Nacogdoches property are limited by Texas Insurance Code § 542A.007(a)(1), as it applies to breach-of-contract claims.

Yin is also entitled to recover attorney's fees for the Longview property, but under the TPPCA. "[T]he basis for liability for TPPCA damages is that the requisite time has passed and the insurer was ultimately found liable for the claim." *White v. Allstate Vehicle & Prop. Ins. Co.*, 2021 WL 4311114, at *7 (S.D. Tex. Sept. 21, 2021) (citing *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 813 (Tex. 2019)). At trial, the jury concluded that Yin provided all the items Aspen needed to determine whether to

accept or reject Yin's claim by December 16, 2019. Doc. 154. Aspen did not pay the claim within the 60 days as required by § 542.058. Aspen was held liable on November 4, 2021. *Id.* Yin's TPPCA claim for attorney's fees falls under § 542.060(c). Under this section, an insurer is liable for attorney's fees when Chapter 542A applies. That chapter applies to claims made under the TPPCA. Tex. Ins. Code § 542A.002(a)(3)(B). Thus, Yin's attorney's fees for the Longview property are also limited by Texas Insurance Code § 542A.007(a)(1).

Under § 542A.007(a), "the amount of attorney's fees that may be awarded to a claimant in an action to which this chapter applies is the lesser of:

> (1) the amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action;
>
> (2) the amount of attorney's fees that may be awarded to the claimant under other applicable law; or
>
> (3) the amount calculated by:
>
>> (A) dividing the amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy for damage to or loss of covered property by the amount alleged to be owed on the claim for that damage or loss in a notice given under this chapter; and
>>
>> (B) multiplying the amount calculated under Paragraph (A) by the total amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action."

Because the parties agreed to a bench trial on attorney's fees, which includes the court resolving any fact issues about reasonableness, the court will determine the "reasonable and necessary

attorney's fees." Tex. Ins. Code § 542A.007(a)(1), (a)(3)(B); Doc. 166 at 8–9.

The court will calculate the "amount to be awarded in the judgment" as the total amount awarded by the jury for both properties. The court in *Smith West Texas Properties, Ltd.* held that "'the amount to be awarded in the judgment' means the total figure that will be included in the judgment." *Smith West Texas Props., Ltd. v. Allied Prop. & Cas. Ins. Co.*, 555 F. Supp. 3d 342, 347 (W.D. Tex. 2021). Because the statutory language is drafted in terms of a "singular 'amount' to be awarded in a singular 'judgment,'" the court in that case declined to treat the 27 properties as 27 separate claims or judgments when there was only one insurance claim made under one insurance policy. *Id.* Although this case is different, as there are two separate insurance policies and two separate claims, both claims were tried in one case. The court will therefore calculate the attorney's fees using the total amount the jury awarded as the judgment.

### a. § 542A.007(a)(1)

To determine what attorney's fees are reasonable and necessary, the court first "calculate[s] a lodestar fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Rutherford v. Harris County, Tex.*, 197 F.3d 173, 192 (5th Cir. 1999). After that, the court may adjust the lodestar amount "upward or downward, depending on the circumstances of the case and after addressing the *Johnson* factors." *Id.*

#### i. Lodestar amount

Yin asserts that the initial lodestar fee should be $473,052.80. Doc. 171 at 3. Yin reached this number by multiplying the 1,380.2 hours it spent litigating this case by the rates it charges for partners ($399/hour), associates ($250/hour), and paralegals ($125/hour).

Determining the lodestar amount requires two steps: first, determining the "compensable hours listed in the attorneys' time records," and, second, determining "an appropriate hourly rate based on prevailing community standards for attorneys of similar

experience in similar cases." *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). To determine if fees are reasonable, the court may look to affidavits and utilize the judge's own experience as a lawyer and judge. *Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1030 (5th Cir. 1980).

As for compensable hours, Yin asserts that the 1,380.2 hours its attorneys and paralegal spent on the case are reasonable. Yin also argues that, even though some claims were ultimately unrecoverable, Yin can still recover attorney's fees because the claims were "so intertwined that they need not be segregated," as the "work on the non-recoverable claims tend[ed] to prove the breach of contract claim." *Tony Gullo Motors I, L.P. v. Chapa*, S.W.3d 299, 313–14 (Tex. 2006); *Navigant Consulting, Inc. v. Wilkinson*, No. 3:02-cv-2186, 2008 WL 2765334, at *6 (N.D. Tex. July 16, 2008). Aspen does not contest this. The court agrees that the claims were so intertwined that they need not be segregated.

Regarding the hourly rates, Aspen does not challenge the reasonableness of the rates Yin charged. Doc. 176 at 8. Nor does the court find the rates unreasonable, based on experience and Mr. Dugas' affidavit. Thus, the fees Yin charged are reasonable.

Based on this, the court finds that the initial lodestar amount is $473,052.80, and the initial number of hours are 1,380.2.

### ii. Upward or downward adjustment and *Johnson* factors analysis

Although the lodestar amount is presumptively reasonable, the court should also consider whether an upward or downward adjustment is warranted. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). In addition to the circumstances of the case, federal courts also consider the *Johnson* factors. *Rutherford*, 197 F.3d at 192; *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Texas courts use the *Arthur Andersen* factors. Although the *Arthur Andersen* factors are technically applicable, the factors and analysis are substantially similar to those in *Johnson* such that either may be used. *See Mid-Continent Cas. Co. v. Chevron Pipe Line Co.*, 205 F.3d 222, 232 (5th Cir. 2000); *Colony Nat'l*

*Ins. Co. v. United Fire & Cas. Co.*, 5:14-cv-10, 2016 WL 3896832, at *3 (E.D. Tex. Apr. 14, 2016).

The lodestar amount "should only be adjusted in exceptional circumstances based on the following *Johnson* factors:

(1) The time and labor required for litigation;

(2) The novelty and complexity of the issues;

(3) The skill required to properly litigate the issues;

(4) Whether the attorneys had to refuse other work to litigate the case;

(5) The attorneys' customary fee;

(6) Whether the fee was fixed or contingent;

(7) Whether the client or case circumstances imposed any time constraints;

(8) The amount involved and the results obtained;

(9) The experience, reputation, and ability of the attorneys;

(10) Whether the case was undesirable;

(11) The type of attorney-client relationship and whether the relationship was longstanding; and

(12) Awards made in similar cases."

*Dickey's Barbecue Pit, Inc. v. Neighbors*, 4:14-cv-484, 2016 WL 3653517, at *2 (E.D. Tex. Jan. 9, 2016). "The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double counting." *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006).

Both parties ask for an adjustment of the lodestar, but for different reasons and in different amounts. Yin reduced the lodestar amount to $425,747.52, which is a 10% reduction, "to eliminate any work on non-recoverable claims and to address billing judgment to be ultra-conservative." Doc. 171 at 3. Yin also asks for a 2x multiplier based on the *Johnson* factors to make plaintiff whole,

the length of the case, the outlay of expenses counsel has covered, and because the insurer sued the insured first. *Id.* at 9. Aspen seeks to reduce the lodestar amount by 30% "due to the less than successful outcome obtained, pervasive use of block billing, and failure to exercise billing judgment." Doc. 176 at 17.

Block billing is a time-keeping method where time entries are based on "the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n.15 (10th Cir. 1996). "Block billing is disfavored because it prevents the court from accurately determining the time spent on any particular task, thus impairing the court's evaluation of whether the hours were reasonably expended." *Hoffman v. L & M Arts*, No. 3:10-cv-0953-D, 2015 WL 3999171, at *4 n.15 (N.D. Tex. July 1, 2015). Reductions for block billing are not automatic. *Fralick v. Plumbers and Pipefitters Na. Pension Fund*, No. 3:09-cv-0752-D, 2011 WL 487754, at *5 (N.D. Tex. Feb. 11, 2011). However, if the records are inadequate to determine reasonable hours, the court may make a 10-30% reduction of the hours or the lodestar figure. *Peterson v. Tenant Tracker, Inc.*, No. 6:20-cv-00588, 2021 WL 4956244, at *6 (E.D. Tex. Sept. 30, 2021).

Aspen argues that more than half of Yin's attorney's fees were block-billed, making it impossible to determine whether the hours billed are reasonable. Many of these hours billed include several tasks done on a single day. Doc. 176-4. For example, "[e]dit and revise jury charge; communications with opposing counsel regarding same; edit and revise limine, time announcement, witness list, exhibit list, and other pre-trial filings and provide same to opposing counsel; travel to meet with opposing counsel for pre-trial conference; follow up with client and opposing counsel" are listed for one day at 12.3 hours. *Id.* Yin's counsel has several other similarly billed hours. *Id.* Travel time is also not billed separately. *Id.* This type of block billing makes it difficult for the court to determine if a reasonable amount of time was expended doing these tasks. However, not all of the entries are block billed and, in

general, the number of hours spent on the case seems reasonable. The court will therefore only reduce the number of hours by 25%.

Aspen also seeks a downward adjustment of the amount of fees because it argues that Yin failed to exercise billing judgment. "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). For clerical tasks, the attorney's hourly rate should not be charged. *DeArmond v. Alliance Energy Servs, LLC*, No. 17-02222, 2018 WL 2463207, at *7 (E.D. La. June 1, 2018) (citing *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1999)). Travel time is normally reimbursed at 50% of the normal hourly billing rate, unless it can be shown that legal work was done during that time. *Id.*

Yin adjusted its lodestar amount by 10% to "eliminate any work on non-recoverable claims and to address billing judgment to be ultra-conservative." Doc. 171 at 3. Aspen counters that this is not enough because Yin excessively billed for 9 simple tasks, incorrectly billed clerical tasks at the attorney rate, excessively billed for "out-of-the-ordinary" trial preparation, and block-billed travel time, which may be reimbursed at a lower rate than legal work. *DeArmond*, 2018 WL 2463207, at *7. Aspen is correct that Yin charged clerical tasks at the normal hourly rate. It also does not appear that travel time was charged differently. The court also agrees with Yin that the number of hours should be reduced for non-recoverable claims, as several claims were struck prior to trial. Doc. 110, 119. Because Yin did not adjust its rates, the court will reduce the lodestar amount by 25%.

Under the *Johnson* factors, Aspen argues that the number of hours expended on the litigation should be reduced because Yin was only partially successful on its claims. When a "plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount," "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good

general, the number of hours spent on the case seems reasonable. The court will therefore only reduce the number of hours by 25%.

Aspen also seeks a downward adjustment of the amount of fees because it argues that Yin failed to exercise billing judgment. "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). For clerical tasks, the attorney's hourly rate should not be charged. *DeArmond v. Alliance Energy Servs, LLC*, No. 17-02222, 2018 WL 2463207, at *7 (E.D. La. June 1, 2018) (citing *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1999)). Travel time is normally reimbursed at 50% of the normal hourly billing rate, unless it can be shown that legal work was done during that time. *Id.*

Yin adjusted its lodestar amount by 10% to "eliminate any work on non-recoverable claims and to address billing judgment to be ultra-conservative." Doc. 171 at 3. Aspen counters that this is not enough because Yin excessively billed for 9 simple tasks, incorrectly billed clerical tasks at the attorney rate, excessively billed for "out-of-the-ordinary" trial preparation, and block-billed travel time, which may be reimbursed at a lower rate than legal work. *DeArmond*, 2018 WL 2463207, at *7. Aspen is correct that Yin charged clerical tasks at the normal hourly rate. It also does not appear that travel time was charged differently. The court also agrees with Yin that the number of hours should be reduced for non-recoverable claims, as several claims were struck prior to trial. Doc. 110, 119. Because Yin did not adjust its rates, the court will reduce the lodestar amount by 25%.

Under the *Johnson* factors, Aspen argues that the number of hours expended on the litigation should be reduced because Yin was only partially successful on its claims. When a "plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount," "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good

faith." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "[T]he most critical factor is the degree of success obtained." *Id.*; *Saizan*, 448 F.3d at 799. To determine if the number of hours should be reduced, the court may consider the result sought versus the result obtained. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998). In *Migis*, the Fifth Circuit held that the district court did not adequately consider this *Johnson* factor when the plaintiff only prevailed on one claim, one theory of the case, and received $5,000 in compensatory damages instead of the $50,000 she asked for at trial. *Id.*

Here, by the time of trial, Yin's only claim left for each property was breach-of-contract and violations of the TPPCA. Doc. 110. Yin also asked, at trial, for $977,000 for the Longview property and $4,181,000 for the Nacogdoches property. Doc. 170. The jury awarded Yin only 49% of what it asked for the Longview property, and 32% of what it asked for the Nacogdoches property. Doc. 154. Yin also only succeeded on its TPPCA claim for the Longview property. *Id.* However, Texas Insurance Code Chapter 542A already reduces the amount of fees awarded for success at trial.[1] This was taken care of in determining the initial lodestar amount. Thus, although Yin was only partially successful, the court will not reduce the lodestar amount on these grounds as it has already been accounted for. *Saizan*, 448 F.3d at 799.

Finally, Yin argues that a 2x multiplier should be awarded to ensure plaintiff is made whole. Plaintiff's contingency fee agreement states that all expenses will be deducted prior to applying the 30% contingency fee. Doc. 171-1. This will significantly lower the amount of actual damages plaintiff keeps.

---

[1] Texas Insurance Code § 542A is a newer provision of the Texas Insurance Code, which is "'aimed at limiting damages for losses' caused by natural disasters," Elizabeth Von Kreisler et al., *Annual Survey of Texas Insurance Law*, 21 J. consumer & Com. L. 54, 55 (2018), and "'substantially limits the attorney's fees a policyholder can recover against its insurer,'" Amy Elizabeth Stewart, *2017 Insurance Law Update*, 83 The Advoc. (Texas) 7, 2 (2018). *White*, 2021 WL 4311114, at *9.

The court finds that the other *Johnson* factors were considered in and part of the determination that the lodestar amount is reasonable. No other enhancements or reductions will be made.

In sum, the number of hours were reduced by 25% for block-billing, making the final number of hours 1,035.15. The weighted billable hour was charged at $342.74. The new initial lodestar amount is $354,787.31. That amount is then reduced by 25% for billing judgment, making the final lodestar amount $266,090.48.

### b.  § 542A.007(a)(2)

This section allows for attorney's fees to be awarded under other applicable law if it is the lesser of the three § 542A.007(a) options. Here, Yin could be awarded reasonable attorney's fees under TIC § 38.001 for the Nacogdoches property. Yin could also be awarded reasonable attorney's fees under the TCCPA for the Longview property. The amount of fees awarded under these statutes would be the same amount as calculated under § 542A.007(a)(1), which is $266,090.48.

### c.  § 542A.007(a)(3)

Subsection (a)(3)(A) requires the court to divide the amount to be awarded in the judgment by the alleged amount owed on the claim under the notice that is required under the § 542A.003. The resulting number is then multiplied by the reasonable attorney's fees being awarded. *Id.* at § 542A.007(a)(3)(B)

As explained above, the total amount to be awarded in the judgment for both properties is $1,827,400.00. Although Yin was not required to give pre-suit notice because Yin's action was asserted as a counterclaim (Doc. 4), Yin did send Aspen § 542A.003 notices for both properties. Docs. 176-2, 176-3. Thus, the court will use the amounts from these notices to calculate the amount Yin alleged it was owed. Yin gave notice that Aspen owed Yin $2,602,440.76 for damage to the Nacogdoches property, and $822,723.04 for damage to the Longview property. *Id.* The total amount of alleged damage is $3,425,163.80. When $1,827,400.00 is divided by $3,425,163.80, the amount is .53352193. That

amount, multiplied by the $266,090.48 final lodestar amount, results in a total of $141,965.11.

Because this is the lesser of the three options under § 542A.007(a), Aspen owes Yin $141,965.11 in attorney's fees.

### d. Appellate fees

Yin seeks $600,000 in conditional appellate fees: $500,000 for appeal to the Fifth Circuit, and $100,000 for an appeal to the Supreme Court. Doc. 171. Aspen argues that this amount is exceedingly high and instead suggests that $50,000 in conditional appellate fees is sufficient. Doc. 176 at 16.

To recover contingent appellate fees, the recovering party must provide opinion testimony about the services necessary and the reasonable hourly rate for those services. *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 355 (Tex. 2020). Yin has not provided a breakdown of these reasonable and necessary fees, nor has it provided the reasonable hourly rate that would be charged. The court agrees with Aspen that the conditional appellate fees sought are too high. The court therefore awards $50,000 in conditional fees for appeal to the Fifth Circuit and $25,000 in conditional fees for appeal to the Supreme Court.

### 3. Yin is entitled to interest on both properties.

#### a. Longview only—Tex. Ins. Code § 542.060

When Chapter 542A applies to a successful TPPCA claim, "the insurer is liable to pay the holder of the policy, in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code." Tex. Ins. Code § 542.060(c). "Interest awarded under this subsection as damages accrues beginning on the date the claim was required to be paid." *Id*. It also does not preclude awarding other prejudgment interest on the claim. *Id*.

Under Texas Finance Code § 304.003(b), the consumer credit commissioner determines the post-judgment interest rate to be

applied to a money judgment for each month based on the Federal Reserve's published interest rate. Tex. Fin. Code § 304.003(b). For the week that the jury returned the verdict in this case, the Texas Office of Consumer Credit Commissioner determined that the judgment rate ceiling was 5%. 2021 Issues, Texas Credit Letter, Texas Office of Consumer Credit Commissioner, at 42, https://occc.texas.gov/sites/default/files/uploads/credit-letters/credit_letters_2021.pdf (last accessed July 7, 2022).

Because the statute adds 5% to the interest rate determined under § 304.003(b), the total interest rate applied is 10%. The amount is calculated from the date the claim was required to be paid—February 14, 2020 (60 days after the date the jury determined Aspen had received all necessary documents)—until today. The total interest awarded under this statute is $114,314.41.

**b. Both properties—Tex. Fin. Code § 304.104**

Under Texas Finance Code § 304.104, prejudgment interest "accrues on the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered." The prejudgment interest is simple interest, not compound. Tex. Fin. Code § 304.104. The applicable interest rate is the "postjudgment interest rate applicable at the time of judgment." *Id.* at § 304.103. That interest rate is 5%. Current Issue, Texas Credit Letter, Texas Office of Consumer Credit Commissioner, https://occc.texas.gov/publications/interest-rates/texas-credit-letter (last accessed July 7, 2022).

Yin filed its counterclaim for both properties on April 2, 2020. For the Longview property, Aspen was given notice of the claim on July 31, 2019. The 180th day after that is earlier than when the counterclaim was filed. Prejudgment interest for the Longview property therefore starts on January 27, 2020. Notice for the Nacogdoches property was not given until February 12, 2021. However, suit was filed on April 2, 2020, which is earlier than the notice date. Prejudgment interest for the Nacogdoches property

starts on April 2, 2020. The amount of prejudgment interest for the Longview Property is $58,334.36. The amount of prejudgment interest for the Nacogdoches property is $152,753.43.

### c. Post-judgment interest rate

"Federal law applies on 'any judgment in a civil case recovered in a district court . . . including actions based on diversity of citizenship'" to award post-judgment interest. *Southwest Elec. Contracting Servs., Ltd. v. Industrial Accessories Co.*, 2022 WL 1468384, at *49 (W.D. Tex. May 10, 2022) (quoting *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993)). The applicable law is 28 U.S.C. § 1961. The interest rate applied is "the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). The post-judgment interest on Yin's total award of $2,152,802.20 (damages and prejudgment interest) will therefore accrue at the applicable federal rate of 2.80%. Selected Interest Rates (Daily) – H.15, Board of Governors of the Federal Reserve System, https://www.federalreserve.gov/releases/h15/; *Southwest Elec. Contracting Servs., Ltd.*, 2022 WL 1468384, at *49 (applying the post-judgment interest rate to both the damages awarded by the jury and the amount of prejudgment interest).

## Conclusion

For the foregoing reasons, Yin's motion for attorney fees (Doc. 171) is granted in part. Yin is entitled to the damages awarded by the jury of $1,827,400.00. The court awards $141,965.11 in attorney's fees. The court also awards Yin a total amount of prejudgment interest of $325,402.20. The post-judgment interest rate is 2.80%.

*So ordered by the court on July 7, 2022.*

J. CAMPBELL BARKER
United States District Judge